MARK P. RESSLER *(pro hac vice pending)*
R. TALI EPSTEIN *(pro hac vice pending)*
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
mressler@kasowitz.com
tepstein@kasowitz.com

PATRICK K. FAULKNER (SBN 070801)
County Counsel
SHEILA SHAH LICHTBLAU (SBN 167999)
Deputy County Counsel
3501 Civic Center Drive, Room 275
San Rafael, California 94903
Telephone: (415) 499-6117
Facsimile: (415) 499-3796
pfaulkner@co.marin.ca.us
slichtblau@co.marin.ca.us

Attorneys for Plaintiff
COUNTY OF MARIN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)**

| | |
|---|---|
| COUNTY OF MARIN,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC., and ERNEST W. CULVER,<br><br>Defendants. | Case No. 11-CV-0381-EMC<br><br>**PLAINTIFF COUNTY OF MARIN'S OBJECTION TO DEFENDANT DELOITTE CONSULTING LLP'S *EX PARTE* APPLICATION EXTENDING TIME TO PLEAD** |

Pursuant to Local Rule of Civil Procedure ("Local Rules") 6-3(c), Plaintiff County of Marin ("the County") submits this Objection to the *Ex Parte* Application Extending Time To Plead ("Application") filed by Defendant Deloitte Consulting LLP ("Deloitte").

## I. INTRODUCTION

Deloitte's Application should be denied because it is contrary to the law and reflects a lack of regard for the Local Rules (not to mention common professional courtesies).

The County filed the Complaint in this action on December 16, 2010, sending Deloitte a courtesy copy on the same day and effecting service shortly thereafter. On the day before its responsive pleading was due, Deloitte, after having had the Complaint for six weeks, filed a notice of removal and an "emergency" Application, requesting that the Court stay Deloitte's obligation to answer pending the outcome of a concurrently-filed "Motion To Reassign." Deloitte only notified the County of its intended course of action hours before filing the Application and Motion, purportedly seeking the County's stipulation to the requested stay.

Given these circumstances, any "emergency" concerning Deloitte's Application is one of Deloitte's own making, and stems entirely from Deloitte's tactical gamesmanship. Moreover, the form and substance of the Application blatantly violate the Court's Local Rules. Accordingly, the County respectfully requests that the Court deny Deloitte's Application and order Deloitte to file its responsive pleading by February 2, 2011, pursuant to Federal Rule of Civil Procedure 81(c).

## II. STATEMENT OF FACTS

On December 16, 2010, the County filed a nine-count Complaint against Deloitte and three other defendants, alleging, among other things, that Deloitte violated federal racketeering laws and conspired with the other defendants to commit various torts against the County. On the same day, the County provided Deloitte, through counsel, with a courtesy copy of the Complaint. (Ex. A).[1] On December 28, 2010, the County effected service upon Deloitte in accordance with the California Rules of Civil Procedure, which set Deloitte's response date at January 27, 2011. (Ex. B). On January 26, 2011, Deloitte, with the consent of the served defendants, removed the action to federal court. On the same day, Deloitte filed its Application and corresponding Motion To Reassign. (Ex. C). Deloitte's only attempts to advise the County of these filings and seek a stipulation occurred at approximately 1:00 PM PST, after Deloitte had already filed its removal papers and only hours before filing its Application and corresponding Motion. (Declaration of Patrick K. Faulkner ("Faulkner Decl.") at ¶ 4).

[1] References herein to Exhibits refer to the exhibits attached to the Declaration of Patrick K. Faulkner, dated January 31, 2010, submitted herewith.

In the Application, Deloitte, despite failing to prepare a responsive pleading during the six weeks it had the Complaint, now seeks a Court-ordered stay of its obligation to answer the Complaint, requesting a deadline of 30 days from the Court's decision on Deloitte's concurrently-filed Motion To Reassign. As a compromise and to avoid wasting the Court's time, the County offered Deloitte a three-week extension for filing its responsive pleading (Faulkner Decl. at ¶ 5) -- a more than reasonable offer under the circumstances, and one that Deloitte's co-defendants, SAP America, Inc. and SAP Public Services, Inc. (together, "SAP Defendants"), accepted. (Ex. D). At the time this Objection was filed, Deloitte had not responded to the County's offer. (Faulkner Decl. at ¶ 7),

## III. ARGUMENT

### A. Deloitte's Application Violates the Letter and Spirit of the Federal Rules

Local Rule of Civil Procedure 6-3 ("Rule 6-3") imposes five unambiguous requirements on litigants requesting an enlargement of time from the Court. The Court should deny the Application because Deloitte failed to meet these requirements. *See*, *e.g.*, *Warren v. Reid*, 2010 U.S. Dist. Lexis 118791, *11 (N.D. Cal. Nov. 4, 2010) (refusing to consider a motion for enlargement for failure to comply with Rule 6-3). Indeed, Deloitte made no effort at all to satisfy at least two of these requirements.

Rule 6-3(a)(3) states that a movant seeking an enlargement of time must "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time." Deloitte simply ignores this requirement, and does not even mention the words "harm" or "prejudice" in its Application. Rather, Deloitte turns Rule 6-3 on its head by improperly placing the burden on the County to "articulate any legitimate basis to force defendants to file motions to dismiss." (Def. Br. at 3). The only hint in Deloitte's papers that any party would be adversely affected by requiring Deloitte to timely file a responsive pleading is a vague reference in the Application to "judicial waste and potential confusion." (Def. Br. at 2). However, no judicial resources will be wasted by requiring Deloitte to file its responsive pleading papers in conformance with the Rules. To the contrary, the only "judicial waste" here is that the Court has to adjudicate Deloitte's Application, given that Deloitte did not even respond to the County's generous offer of the three-

week extension that was accepted by the SAP Defendants. Moreover, the cause or underlying substance of Deloitte's professed "potential confusion" is unclear and not supported by any facts.

The Application further violates Rule 6-3(a)(2), which requires that a movant seeking enlargement of time "[d]escribe[] the efforts the [movant] has made to obtain a stipulation to the time change." The purpose of this rule is to conserve judicial resources, by requiring that the movant make a good-faith attempt to reach an agreement with opposing counsel before burdening the Court with unnecessary motion practice. In the Application, Deloitte purports to satisfy this requirement with a reference to having "advised counsel for Plaintiff County of Marin ("Marin") that [Deloitte's] *ex parte* request would be made," and, for good measure, Deloitte then criticizes *the County* for "not yet indicat[ing] whether Plaintiff will oppose the request." (Def. Br. at 1). Given that Deloitte contacted the County about the Application only hours before filing it, Deloitte's suggestion that it made a good-faith attempt to reach an agreement on its request is utterly false. (Faulkner Decl. at ¶ 4).

Accordingly, given Deloitte's disregard for the Rule under which it filed the Application, the Court should deny the requested stay.

**B. Deloitte Should Not Be Rewarded For Its Gamesmanship**

Putting aside Deloitte's failure to comply with the Rules, there are no merits to Deloitte's request. Deloitte articulates no legitimate reason why the Court should grant the requested relief.

At bottom, Deloitte is requesting special treatment -- precisely the kind of privilege to which it is not entitled under the Rules. Federal Rule of Civil Procedure 12 ("Rule 12") plainly limits the type of stay Deloitte seeks to defendants who file Rule 12 pre-answer motions. *See* Fed. R. Civ. Proc. 12(a). However, to receive this benefit, defendants must forgo the right to file prospective Rule 12 motions and waive most of the Rule 12 defenses not so raised. *See* Fed. R. Civ. Proc. 12(g)-(h). Here, Deloitte seeks to enjoy the benefits of a Rule 12(a) stay while incurring none of the corresponding Rule 12(g) and (h) limitations.[2]

---

[2] The County notes that Deloitte's "Motion To Reassign" is not a motion prescribed by Rule 12 and thus does not entitle Deloitte to the benefits of Rule 12(a) or subject Deloitte to the burdens of Rule 12(g) and (h).

Rather than coordinate with the County and attempt to stipulate to a briefing schedule -- a course of conduct that would have prevented this waste of judicial resources -- Deloitte chose to inform the County of the Application only hours before filing it. Deloitte's purported interest in conserving judicial resources rings hollow, because whether the Court receives each defendant's responsive pleadings "in a seriatim fashion" (Def. Br. at 3), or at the same time, will in fact have no impact on the amount of resources expended adjudicating those motions.

Deloitte's only remaining argument in support of its Application appears to be that Deloitte believes that it will prevail on its Motion To Reassign. The County of course disagrees, and believes that the facts pleaded in its Complaint, the law underlying the Section 638 general reference clause in the parties' contract and the overwhelming risk of inconsistent rulings will require the Court to maintain jurisdiction over the present action. In any event, in the absence of full briefing on this issue, the purported merits of Deloitte's Motion are an improper basis for deciding its Application.[3]

## IV. CONCLUSION

Accordingly, the County respectfully requests that the Court deny Deloitte's request for an indefinite stay and require that Deloitte comply with its obligations under Rule 81(c).

DATED: January 31, 2011

PATRICK FAULKNER
COUNTY COUNSEL

By: _________/S/_______________________

SHEILA LICHTBLAU
Deputy County Counsel

*Attorneys for Plaintiff County of Marin*

[3] To the extent Deloitte argues that the County's failure to serve defendant Ernest Culver provides a basis for granting the Application, the County notes that Culver was served on January 28, 2011 and will file proof of service shortly.