BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
ROBERT A. LEWIS (SBN 83630)
GEOFFREY T. HOLTZ (SBN 191370)
Three Embarcadero Center
San Francisco, CA 94111
Telephone: 415.393.2000
Facsimile: 415.393.2286
robert.lewis@bingham.com

DELOITTE LLP
KAREN KENNARD (SBN 141925)
50 Fremont Street, Suite 3100
San Francisco, CA 94105-2230
Telephone: 415.783.4000

Attorneys for
DELOITTE CONSULTING LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC. and ERNEST W. CULVER,<br><br>Defendants. | Case No. 11-CV-00381-EMC<br><br>**DEFENDANT DELOITTE CONSULTING LLP'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION EXTENDING TIME TO PLEAD PENDING MOTION TO REASSIGN ACTION TO REFEREE** |

The County of Marin's objection to Deloitte Consulting's *ex parte* application for an Order extending time to plead pending resolution of the Motion to Reassign the Action to Referee has no merit. It fails even to try to rebut the key issue—that Deloitte Consulting's proposal is the most efficient way to proceed in the circumstances where otherwise three sets of defendants' motions to dismiss would be filed on three separate schedules before it is even determined who will hear them. Indeed, only Marin stands to benefit from this waste of the parties' and Court's time and effort, since it would unfairly gain a vast amount of additional time

to prepare opposition papers to the motions to dismiss.

We respond to each of the County's points briefly:

1) Marin asserts that Deloitte Consulting should have attempted to stipulate to a briefing schedule (Opp. at 5:1), but that is precisely what Deloitte Consulting seeks here. Deloitte Consulting filed the pending Motion to Reassign only because Marin stated it would not agree to honor the parties' contractual Referee provisions and refused to stipulate to an extension to have that motion decided first. Deloitte Consulting is perfectly willing to work out a briefing and hearing schedule for the Motion to Reassign, and also for all defendants' motions to dismiss, once it is determined who—the Court or the Referee—will be hearing them.

2) The circumstances requiring this *ex parte* application are neither of Deloitte Consulting's "own making" nor stem from "gamesmanship," but arise from/are driven by the applicable rules. Deloitte Consulting informed Marin's lawyers on December 17 at a status conference in the State Action pending before the agreed-upon Referee, Judge John Herlihy, that it would move to reassign the December 16 complaint to the Referee under the contract provisions requiring that. And Marin stated it would oppose such a motion. (Supplemental Declaration of Geoffrey T. Holtz ("Supp. Holtz. Decl.") at ¶ 5) Deloitte Consulting filed its removal papers a day early, on January 26. On the same day, it filed its promised Motion to Reassign. And, on the same day, after attempting to reach the County's counsel to determine if the County would agree to the continuance, Deloitte Consulting filed the *ex parte* application for the continuance. The *ex parte* application was necessary because the motion to dismiss otherwise was due to be filed on February 2, and because the County would not agree to the continuance.

3) Deloitte Consulting's *ex parte* application fully complies with Rule 6-3. The "harm or prejudice" results from the waste of judicial resources in setting three motions to dismiss on three different schedules relating to many of the same issues and before it is determined who will hear them; from Deloitte Consulting potentially having to file different motion to dismiss papers when its Motion to Reassign to Referee is granted; and from the County unfairly gaining from additional time to respond to motions to dismiss while the Motion

to Reassign is decided. Indeed, as things stand now, Deloitte Consulting would have to file its motion to dismiss on February 2, the SAP defendants on February 23 and defendant Culver, who was just served on January 28, no earlier than February 18, assuming he can engage counsel promptly.

4) Deloitte Consulting attempted "to obtain a stipulation to the time change," but Marin refused it. Instead, Marin says it made a "generous offer" of 21 days, as it did for the SAP defendants, who accepted the offer. However, the County's offer to Deloitte Consulting was made on the condition that Deloitte Consulting agree to withdraw its *ex parte* application. (Supp. Holtz Decl. at ¶ 3) Deloitte Consulting and SAP are in very different positions, since the Motion to Reassign is pursuant to Deloitte Consulting's contract with Marin. The offer of 21 days to the SAP defendants may be a "generous offer" as to them, but not to Deloitte Consulting, which needs to have its Motion to Reassign determined before it makes sense to go forward with its motion to dismiss. Such an extension would not avoid the judicial waste and potential confusion noted in Deloitte Consulting's application for the extension of time. The proposed 21-day extension would result in Deloitte Consulting filing its motion to dismiss on February 23, at least two weeks before the March 9, 2011 date on which it has tentatively set its Motion to Reassign Action to Referee. (This Court subsequently indicated that the hearing on the Motion to Reassign will not be set until it has received consents from all parties.) Until the Motion to Reassign is heard and decided, neither the parties nor the Court know who will hear Deloitte Consulting's motion to dismiss, much less when it could be heard.

5) Deloitte Consulting is not asking for "special treatment" under Rule 12, but for the Court to exercise its inherent powers to control its docket. Indeed, Marin first concedes Local Rule 6-3 permits an extension for a Rule 12 motion, but then later argues inconsistently that Rule 12(g) and (h) somehow restrict that right. That's clearly wrong. In the ordinary case, the plaintiff does not file a second, duplicative lawsuit that improperly splits its causes of action and violates a clear contractual provision that requires the second action (like the first) to be referred to an agreed-upon referee. This case is extraordinary because of the County's patent attempt to get around that contractual provision. As a result, Deloitte Consulting is merely

requesting the treatment to which Marin previously agreed (in the first, now-pending State Action) and to which it is entitled—enforcement of the parties' contractual agreement, so that the Referee proposed by Marin and accepted by Deloitte Consulting can resolve any pleadings challenges.

6) Marin highlights the unsigned courtesy copy and service of this Complaint over the December holidays and suggests that Deloitte Consulting's *ex parte* application reflects a lack of "professional courtesy." However, it neglects to inform that Court that Deloitte Consulting offered to accept service of the Complaint after the holidays, but Marin, without the professional courtesy of even responding to that inquiry, ignored the offer and served the Complaint on December 28, 2010, between the Christmas and New Year holidays. Supp. Holtz Decl. at ¶ 6, Exhibit 1.

Once the Motion to Reassign is resolved, an orderly and efficient briefing and hearing schedule for all of the defendants' respective motions to dismiss can be established. The scattershot approach proposed by the County to briefing and hearing three motions to dismiss regarding the same Complaint wastes the Court's and the parties' time and resources and risks confusion and potential prejudice.

For these reasons, the Court should exercise its inherent power to control its docket and grant Deloitte Consulting's application to extend the time for all defendants to respond to the Complaint until 30 days after the pending Motion to Reassign Action to Referee is decided. At a minimum, the Court should grant a 21-day extension so that Deloitte Consulting's date is in line with that of the SAP defendants.

DATED: January 31, 2011 BINGHAM McCUTCHEN LLP

By: /s/ Geoffrey T. Holtz
Geoffrey T. Holtz
Attorneys for Deloitte Consulting LLP