MATTHEW A. TAYLOR (*pro hac vice*)
PATRICK J. LOFTUS (*pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1000
Facsimile: 215.979.1020
E-mail: mataylor@duanemorris.com

STEPHEN H. SUTRO (SBN 172168)
JENNIFER BRIGGS FISHER (SBN 241321)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:   shsutro@duanemorris.com

Attorneys for Defendants
SAP AMERICA, INC. and SAP PUBLIC SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN,<br><br>Plaintiffs,<br><br>vs.<br><br>DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC., and ERNEST W. CULVER,<br><br>Defendants. | Case No.: C-11-00381-SI<br><br>**DEFENDANTS SAP AMERICA, INC. AND SAP PUBLIC SERVICES, INC.'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES (FRCP RULE 12(F)(2))**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Date:  April 22, 2011<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 10, 19th Floor** |

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on April 22, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the Honorable Susan Illston, located at 450 Golden Gate Ave, San Francisco, CA 94102, Defendant SAP America, Inc. and Defendant SAP Public Services, Inc. (collectively "SAP") will and hereby do move the Court for an Order striking Plaintiff County

SAP DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT

of Marin's ("County") claims for punitive or exemplary damages pursuant to Fed. R. Civ. P. 12(f)(2) because the County has failed to allege factual allegations in support of these claims with the required specificity.

SAP's motion to strike is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof set forth fully below, all pleadings and papers on file in this action, and whatever evidence and argument may be presented at the hearing on this matter.

**DUANE MORRIS LLP**

Dated: February 23, 2011    By:    /s/ *Stephen H. Sutro*
Matthew A. Taylor
Patrick J. Loftus
Stephen H. Sutro

**Attorneys for Defendants SAP America, Inc. and SAP Public Services, Inc.**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion is being heard at the same time as SAP's concurrently filed Motion to Dismiss the claims against SAP in the County's complaint. For the reasons discussed below, and those discussed in the Motion to Dismiss, the County's complaint fails to allege specific factual allegations indicating that SAP is guilty of malice, fraud, or oppression. For that reason, the prayer for punitive damages should be stricken.

## II. STANDARD OF REVIEW

### A. Standard for Striking a Pleading

Fed. R. Civ. P. 12(f) provides in pertinent part that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). A motion to strike may be used to strike any part of the prayer for relief when the recovery sought is unavailable as a matter of law. *See Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 n. 34 (C.D. Cal. 1996).

### B. Standard for Striking a Request for Punitive Damages

In order to survive a motion to strike an allegation of punitive damages, the plaintiff must plead the ultimate facts showing an entitlement to such relief. *Clauson v. Sup. Ct.*, 67 Cal.App.4th 1253, 1255 (1998). When pleading punitive damages, a plaintiff must allege specific factual allegations indicating that the defendant is guilty of malice, fraud, or oppression. *Grieves v. Sup. Ct.,* 157 Cal.App.3d 159, 166 (1984). For purposes of pleading, mere conclusory allegations of fraud, misrepresentation, bad faith, oppression, malice and the like are wholly insufficient. *Lavine v. Jessup*, 161 Cal.App.2d 59, 69 (1958); s*ee also Brousseau v. Jarrett,* 73 Cal.App.3d 864, 872 (1977) ("the plaintiff's conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of oppression, fraud or malice").

## III. ARGUMENT

The County seeks punitive and exemplary damages under the common law fraud claims alleged against SAP, including aiding and abetting fraud, aiding and abetting breach of fiduciary

duty and duty of loyalty, and conspiracy to commit fraud. Complaint, ¶¶ 199, 213, 220. However, the County has failed to plead each of the claims with the required specificity.

As explained in the concurrently filed motion, the County's fraud claims are based on nothing more than conclusory allegations and unreasonable inferences. The County has failed to state any facts showing that SAP engaged in the sort of intentional, willful and fraudulent conduct that can support a claim for punitive damages.

California Civil Code section 3294 ("section 3294") provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code, § 3294(a). "Although the court will apply the substantive law embodied in section 3294, 'determinations regarding the adequacy of pleadings are governed by the Federal Rules of Civil Procedure.'" *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341, 1353 (N.D. Cal. 1997).

Punitive damages are "available to a party who can plead and prove the facts and circumstances set forth in Civil Code section 3294." *Grieves, supra,* 157 Cal.App.3d at 163-64. "To support punitive damages, the complaint ... must allege ultimate facts of the defendant's oppression, fraud, or malice." *Cyrus v. Haveson*, 65 Cal.App.3d 306, 316-317 (1976). Pleading the language in section 3294 "is not objectionable when sufficient facts are alleged to support the allegation." *Perkins v. Sup. Ct.*, 117 Cal.App.3d 1, 6-7 (1981).

In *G.D. Searle & Co. v. Sup. Ct.,* 49 Cal.App.3d 22, 29, the California Court of Appeal explained punitive damages pleading:

> When the plaintiff alleges an intentional wrong, a prayer for exemplary damage may be supported by pleading that the wrong was committed willfully or with a design to injure.... When nondeliberate injury is charged, allegations that the defendant's conduct was wrongful, willful, wanton, reckless or unlawful do not support a claim for exemplary damages; such allegations do not charge malice.... When a defendant must produce evidence in defense of an exemplary damage claim; fairness demands that he receive adequate notice of the kind of conduct charged against him. (Citations omitted).

Punitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases. *Henderson v. Sec. Pac. Nat'l Bank*, 72 Cal.App.3d 764, 771 (1977).

In this case, the complaint lacks factual allegations that SAP acted with malice, oppression, or fraud. In fact, the facts plead in the complaint do not show that SAP was engaged in any intentional wrongdoing whatsoever. The complaint thus fails to provide adequate notice of SAP's alleged misconduct to support punitive damages. Moreover, the failure of the County's claims against SAP for aiding and abetting fraud, aiding and abetting breach of fiduciary duty and duty of loyalty, and conspiracy to commit fraud, as set forth in the concurrently filed Motion to Dismiss, warrants the striking of the prayer for punitive damages.

## IV.  CONCLUSION

For the foregoing reasons, SAP requests that the Court strike the County's request for punitive and exemplary damages pursuant to Fed. R. Civ. P. 12(f)(2) for failing to allege factual allegations with the required specificity.

**DUANE MORRIS LLP**

Dated: February 23, 2011          By:          /s/ *Stephen H. Sutro*
                                        Matthew A. Taylor
                                        Patrick J. Loftus
                                        Stephen H. Sutro
                                        **Attorneys for Defendants SAP America, Inc. and SAP Public Services, Inc.**