MATTHEW A. TAYLOR (*pro hac vice*)
PATRICK J. LOFTUS (*pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1000
Facsimile: 215.979.1020
E-mail: mataylor@duanemorris.com

STEPHEN H. SUTRO (SBN 172168)
JENNIFER BRIGGS FISHER (SBN 241321)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail: shsutro@duanemorris.com

Attorneys for Defendants
SAP AMERICA, INC. and SAP PUBLIC SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN,<br><br>    Plaintiffs,<br><br>vs.<br><br>DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC., and ERNEST W. CULVER,<br><br>    Defendants. | Case No.: C-11-00381-SI<br><br>**DEFENDANTS SAP AMERICA, INC. AND SAP PUBLIC SERVICES, INC.'S NOTICE OF ERRATA TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: April 22, 2011<br>Time: 9:00 a.m.<br>Dept.: Courtroom 10, 19th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that the Table of Contents and Table of Authorities were inadvertently omitted from Defendants SAP America, Inc. and SAP Public Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (Document No. 46). The aforementioned tables are attached hereto as Exhibit A.

///

///

**DUANE MORRIS** LLP

Dated: February 28, 2011          By:          /s/ *Jennifer Briggs Fisher*
                                               Matthew A. Taylor
                                               Patrick J. Loftus
                                               Stephen H. Sutro
                                               Jennifer Briggs Fisher
                                               **Attorneys for Defendants SAP America, Inc. and SAP Public Services, Inc.**

# EXHIBIT A

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 3
I. INTRODUCTION ................................................................................................................ 3
II. BACKGROUND. ................................................................................................................ 4
    A. The County's Selection of SAP Public Services, Inc.'s Software. ........................ 4
    B. The County's First Lawsuit Pending Before Judge Herlihy. ................................. 5
    C. The County's Second Suit Pending in this Court. ................................................. 5
III. DISCUSSION. .................................................................................................................... 6
    A. Standard Of Review ............................................................................................... 6
        1. Facial Plausibility. ...................................................................................... 6
        2. Factual Allegations in Complaint. ............................................................. 6
        3. Claims Sounding in Fraud ......................................................................... 7
    B. There is No Basis for Including SAP America, Inc. as a Defendant in This Case. ........................................................................................................................ 7
    C. The Court Should Dismiss the RICO Claim Against SAP Under § 1962(c) .......... 8
        1. The County Does Not Allege that SAP Engaged in Racketeering Activity. ...................................................................................................... 8
            a. The County Fails to Allege that SAP Committed Mail Fraud. ........ 8
            b. The County Fails to Allege that SAP Committed Wire Fraud. ..... 11
            c. The County Fails to Allege that SAP Engaged in Bribery. ........... 13
            d. The County Fails to Allege that SAP Violated 18 U.S.C. § 1952. ............................................................................................ 14
        2. The Complaint Does Not Allege that SAP Engaged in a Pattern of Racketeering Activity. .............................................................................. 14
        3. The Complaint Does Not Allege that SAP Conducted the Affairs of the Enterprise. .......................................................................................... 17
        4. The Complaint Does Not Allege that the County's Injuries were Caused by SAP's Allegedly Fraudulent Conduct. ..................................... 18
    D. The Court Should Dismiss the RICO Claim Against SAP Under § 1962(d). ...... 20
    E. The Complaint Fails to Allege Facts Sufficient to State a Claim Against SAP

|   |   | for Aiding and Abetting. ........................................................................... 20 |
|---|---|---|
|   | 1. | Fourth Claim for Aiding and Abetting Fraud. ........................................... 21 |
|   | 2. | Sixth Claim for Aiding and Abetting Breach of Fiduciary Duty and Duty of Loyalty. ........................................................................................ 22 |
| F. | | The Common Law Conspiracy Claim is Defective. ............................................. 22 |
| G. | | The Complaint Fails to Allege a Violation of Government Code § 1090. ............ 24 |
| IV. | CONCLUSION | ................................................................................................................ 25 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*
   129 S. Ct. 1937 (2009) ................................................................................... 6, 12, 14

*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*
   459 U.S. 519 (1983) ............................................................................................. 14

*Astoria Federal Savings and Loan Ass'n v. Solimino*
   501 U.S. 104 (1991) ............................................................................................... 4

*Banks v. Wolk*
   918 F.2d 418 (3d Cir. 1990) ................................................................................ 15

*Baumer v. Pachl*
   8 F.3d 1341 (9th Cir. 1993) ................................................................................. 18

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ............................................................................. 6, 9, 14, 23

*Blake v. Dierdorff*
   856 F.2d 1365 (9th Cir. 1988) ............................................................................. 15

*Bly-Magee v. California*
   236 F.3d 1014 (9th Cir. 2001) ............................................................................... 7

*Bridge v. Phoenix Bond & Indem. Co.*
   128 S.Ct. 2131 (2008) .......................................................................................... 19

*Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*
   818 F.2d 1466 (9th Cir. 1987) ......................................................................... 11-12

*Castellanos v. JPMorgan Chase & Co.*
   2009 U.S. Dist. LEXIS 53067 (S.D. Cal. June 23, 2009) ..................................... 8

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*
   511 U.S. 164 (1994) ............................................................................................... 9

*In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*
   601 F. Supp. 2d. 1201 (S.D. Cal. 2009) ................................................................ 9

*In re GlenFed, Inc. Securities Litigation*
   42 F.3d 1541 (9th Cir. 1994) (en banc) ................................................................. 7

*Grimmett v. Brown*
   75 F.3d 506 (9th Cir. 1996) ................................................................................. 17

*H.J. Inc. v. Northwestern Bell Tel. Co.*
  492 U.S. 229 (1989) ............................................................................................... 15

*Hemi Group, LLC v. City of New York, N.Y.*
  130 S.Ct. 983 (2010) ............................................................................................... 19

*Howard v. America Online, Inc.*
  208 F.3d 741 (9th Cir. 2000) .................................................................................. 20

*Jarvis v. Regan*
  833 F.2d 149 (9th Cir. 1987) .................................................................................. 15

*Kelley v. Mortgage Elec. Registration Sys.*
  642 F. Supp. 2d 1048 (N.D. Cal. 2009) .................................................................. 23

*Mack v. South Bay Beer Distributors*
  798 F.2d 1279 (9th Cir. 1986) .................................................................................. 4

*Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*
  833 F.2d 1360 (9th Cir. 1987) ................................................................................ 16

*Menjivar v. Trophy Props. IV DE, LLC*
  2006 U.S. Dist. LEXIS 76245 (N.D. Cal. Oct. 10, 2006) ............................ 8, 12, 15-17, 20

*Miranda v. Ponce Fed. Bank*
  948 F.2d 41 (1st Cir. 1991) ....................................................................................... 3

*Neubronner v. Milken*
  6 F.3d 666 (9th Cir. 1993) ........................................................................................ 7

*Oculus Innovative Scis., Inc. v. Nofil Corp.*
  2007 U.S. Dist. LEXIS 68535 (N.D. Cal. Sept. 10, 2007) ..................................... 15

*Pelfresne v. Village of Rosemont*
  22 F.Supp. 2d 756 (N.D. Ill. 1998) ......................................................................... 15

*Pereira v. United States*
  347 U.S. 1 (1954) .................................................................................................... 10

*Perlman v. Zell*
  185 F.3d 850 (7th Cir. 1999) .................................................................................... 3

*Poulos v. Caesars World Inc.*
  379 F.3d 654 (9th Cir. 2004) .................................................................................. 19

*Realnetworks, Inc. v. DVD Copy Control Ass'n*
  2010 U.S. Dist. LEXIS 1433 (N.D. Cal. Jan. 6, 2010) ............................................. 6

*Reddy v. Litton Indus., Inc.*
  912 F.2d 291 (9th Cir. 1990) .................................................................................. 19

*Religious Technology Center v. Wollersheim*
   971 F.2d 364 (9th Cir. 1992) .................................................................................... 16-17

*Reves v. Ernst & Young*
   507 U.S. 170 (1993) ................................................................................................. 17-18

*River City Markets, Inc. v. Fleming Food West, Inc.*
   960 F.2d 1458 (9th Cir. 1992) ........................................................................................ 3

*Rolo v. City Investing Co. Liquidating Trust*
   155 F.3d 644 (3d Cir. 1998) ........................................................................................... 9

*Rotella v. Wood*
   528 U.S. 549 (2000) ....................................................................................................... 9

*Royce Int'l Broad. Corp. v. Field*
   2000 U.S. Dist. LEXIS 2369 (N.D. Cal. Feb. 22, 2000) ................................................ 3

*Sanford v. MemberWorks, Inc.*
   625 F.3d 550 (9th Cir. 2010) ........................................................................... 8, 15, 20

*Schmidt v. Fleet Bank*
   16 F. Supp. 2d 340 (S.D.N.Y. 1998) ............................................................................ 18

*Schmuck v. United States*
   489 U.S. 705 (1989) ..................................................................................................... 10

*Sedima, S.P.R.L. v. Imrex Co., Inc.*
   473 U.S. 479 (1985) ..................................................................................................... 18

*Semegen v. Weidner*
   780 F.2d 727 (9th Cir. 1985) ......................................................................................... 7

*Smith v. Allstate Ins. Co.*
   2010 U.S. Dist. LEXIS 68464 (N.D. Cal. June 17, 2010) ............................................. 7

*St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*
   536 F.3d 1049 (9th Cir. 2008) ........................................................................................ 6

*Tang v. Cal. Reconveyance Co.*
   2010 U.S. Dist. LEXIS 135601 (N.D. Cal. Dec. 22, 2010) ............................................ 4

*In re TFT-LCD Antitrust Litig.*
   586 F. Supp. 2d 1109 (N.D. Cal. 2008) ....................................................................... 23

*Turner v. Cook*
   362 F.3d 1219 (9th Cir. 2004) ................................................................................. 15-17

*United States v. Gaskins*
   849 F.2d 454 (9th Cir. 1988) ......................................................................................... 9

*United States v. Gay*
  967 F.2d 322 (9th Cir. 1992) .................................................................................. 10

*United States v. Tarallo*
  380 F.3d 1174 (9th Cir. 2004) ................................................................................ 10

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) .................................................................................. 7

*Walker v. Drayson*
  538 F.3d 1244 (9th Cir. 2008) ................................................................................ 18

*Westways World Travel, Inc. v. AMR Corp.*
  2005 U.S. Dist. LEXIS 47295 (C.D. Cal. Sept. 14, 2005) ....................................... 9

**California Cases**

*Casey v. U.S. Bank Nat. Assn.*
  127 Cal.App.4th 1138 (2005) ................................................................................ 20

*Choate v. County of Orange*
  86 Cal.App.4th 312 (2000) .................................................................................... 23

*City of Oakland v. California Const. Co.*
  15 Cal. 2d 573 (1940) ............................................................................................ 24

*Gerard v. Ross*
  204 Cal. App. 3d 968 (1988) ................................................................................. 20

*Howard v. Superior Court*
  2 Cal. App. 4th 745 (1992) .................................................................................... 20

*Mosier v. Southern California Physicians Insurance Exchange*
  63 Cal.App.4th 1022 (1998) .................................................................................. 23

*Schulz v. Neovi Data Corp.*
  152 Cal.App.4th 86 (2007) .................................................................................... 20

*Thomson v. Call*
  38 Cal. 3d 633 (1985) ............................................................................................ 24

**Federal Statutes**

18 U.S.C. § 2 ................................................................................................................ 9

18 U.S.C. § 1952 ................................................................................................. 14, 17

18 U.S.C. § 1962 ........................................................................ 8-9, 14-15, 17, 19-20

**State Statutes**

Cal. Gov't Code § 1090 .................................................................................................. 24-25

Cal. Gov't Code § 6252(e) ................................................................................................... 4

Cal. Penal Code § 7(6) .................................................................................................. 13-14

Cal. Penal Code § 67 ..................................................................................................... 13-14

**Rules**

Fed. R. Civ. P. 8(a)(2) .......................................................................................................... 6

Fed. R. Civ. P. 9(b) ............................................................................................. 7-10, 21-22

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 6

SAP DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT