MARK P. RESSLER (*pro hac vice*)
R. TALI EPSTEIN (*pro hac vice*)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
mressler@kasowitz.com
tepstein@kasowitz.com

PATRICK K. FAULKNER (SBN 070801)
County Counsel
SHEILA SHAH LICHTBLAU (SBN 167999)
Deputy County Counsel
3501 Civic Center Drive, Room 275
San Rafael, California 94903
Telephone: (415) 499-6117
Facsimile: (415) 499-3796
pfaulkner@co.marin.ca.us
slichtblau@co.marin.ca.us

Attorneys for Plaintiff
COUNTY OF MARIN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN,<br><br>              Plaintiff,<br><br>         v.<br><br>DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC. and ERNEST W. CULVER,<br><br>              Defendants. | No. CV11-0381-SI<br><br>**PLAINTIFF COUNTY OF MARIN'S OPPOSITION TO DEFENDANT DELOITTE CONSULTING LLP'S MOTION TO REASSIGN ACTION TO REFEREE**<br><br>Date: March 25, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 19th Floor, 450 Golden Gate Avenue<br>Judge: Hon. Susan Illston |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 3

ARGUMENT .............................................................................................................................. 5

    I.    The Reference Clause Does Not Apply To The County's Claims Against Deloitte ........................................................................................................................ 6

    II.    The Reference Clause Should Not Be Enforced Because Enforcement Would Be Unreasonable ............................................................................................... 8

        A.    It Would Be Unreasonable To Require The County To Risk Inconsistent Verdicts And Pay for Duplicative Litigation ............................. 8

        B.    It Would Be Unreasonable And A Violation Of The California Constitution To Force The County To Try Its RICO And Other Claims Against Deloitte By Reference ...................................................... 11

            1.    The Language Of The Reference Clause Clearly Indicates That The County Did Not Consent To Refer These Claims ............ 12

            2.    Other Language In The ISA Also Shows That The County Did Not Consent To Refer These Claims ........................................ 14

CONCLUSION ........................................................................................................................ 15

# TABLE OF AUTHORITIES

**CASES**  **PAGE(S)**

*Aetna Life Ins. Co. v. Super. Ct.*,
  182 Cal. App. 3d 431 (Cal. Ct. App. 1986) .................................................................. 11

*Badie v. Bank of Am.*,
  67 Cal. App. 4th 779 (Cal. Ct. App. 1998) ............................................................... 11-12

*Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*,
  No. 2:10-cv-02991, 2010 U.S. Dist. LEXIS 135857 (C.D. Cal. Aug. 12, 2010) ........... 5, 6, 12

*Bremen v. Zapata Off-Shore, Co.*,
  407 U.S. 1 (1972) ........................................................................................................ 8, 12

*Doe 1 v. AOL LLC*,
  552 F.3d 1077 (9th Cir. 2009) .................................................................................... 11, 13

*Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*,
  806 F.2d 848 (8th Cir. 1986) ......................................................................................... 7-8

*Lauro Lines S.R.L. v. Chasser*,
  490 U.S. 495 (1989) ........................................................................................................ 8

*Gen. Envtl. Sci. Corp. v. Horsfall*,
  753 F. Supp. 664 (N.D. Ohio 1990) ................................................................................. 7

*In re Edgar M.*,
  14 Cal. 3d 727 (Cal. 1975) .............................................................................................. 11

*Klamath Water Users Protective Ass'n v. Patterson*,
  204 F.3d 1206 (9th Cir. 1999) ......................................................................................... 14

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
  858 F.2d 509 (9th Cir. 1988) ............................................................................... 6, 12, 13

*Richard B. LeVine, Inc. v. Higashi*,
  131 Cal. App. 4th 566 (Cal. Ct. App. 2005) ............................................................... 10-11

*Richardson v. Marsh*,
  481 U.S. 200 (1987) ........................................................................................................ 10

*Tarrant Bell, LLC v. Super. Ct.*
  No. S179378, 2011 Cal. LEXIS 1354 (Cal. Feb. 10, 2011) .................................... *passim*

*United States v. Voigt*,
  89 F.3d 1050 (3d Cir. 1996) ............................................................................................ 10

*William S. Gray & Co. v. W. Borax Co.*,
  99 F.2d 239 (9th Cir. 1938) ............................................................................................... 13

*Zafiro v. United States*,
  506 U.S. 534 (1993) .......................................................................................................... 10

**STATUTES**

Cal. Code Civ. Proc. § 638 ..................................................................................................... *passim*

Cal. Code Civ. Proc. § 644 ............................................................................................................ 11

Cal. Gov. Code § 1090 ................................................................................................................... 1

Cal. Penal Code § 7 ........................................................................................................................ 1

**OTHER AUTHORITY**

Assem. Com. on Judiciary, Analysis of Assem. Bill No. 3657, (1981-82 Reg. Sess.),
  April 28, 1982 ................................................................................................................. 8-9

Plaintiff the County of Marin (the "County") submits this memorandum in opposition to the motion of Defendant Deloitte Consulting LLP ("Deloitte") to reassign this action to a referee.

### PRELIMINARY STATEMENT

Deloitte's request for reassignment under Section 638(a) of the California Code of Civil Procedure ("Section 638") should be denied because it ignores the nature of this RICO action, the narrow scope of the judicial reference provision at issue (the "Reference Clause") and the Court's broad discretion to deny reassignment to a referee in the interests of judicial efficiency and fundamental fairness -- interests that are extraordinarily pronounced under the circumstances here. Indeed, Deloitte's failure to honestly address the applicable law and facts -- typified by its false contention that this Court *must* enforce the Reference Clause -- raises fundamental questions about Deloitte's purpose in seeking to flee the very Court to which Deloitte itself removed this case.

First, Deloitte's assertion that this lawsuit is in effect the same lawsuit as that pending before the Hon. John F. Herlihy (Ret.), simply because they both include some of the same factual allegations, is not true. The County's action pending before Judge Herlihy focuses solely on Deloitte's contractual breaches and tortious conduct in procuring an Implementation Services Agreement ("ISA") relating to the implementation of SAP software for the County. The action pending in this Court, by contrast, focuses on a racketeering scheme orchestrated by Deloitte and the SAP companies -- SAP America, Inc. and SAP Public Services, Inc. (together the "SAP Defendants") -- to misrepresent Deloitte's skills and to then cover up, through coercion and bribery, Deloitte's deficient work on the project. The action before this Court also names a third defendant, County official Ernest Culver, who participated in the bribery scheme by falsely approving Deloitte's deficient work, and causing the County to enter into new contracts with Deloitte and the SAP Defendants, in exchange for potential employment offers and lavish dinners. Indeed, the allegations in this action include violations of California's anti-corruption statute (Government Code § 1090) and bribery statute (California Penal Code § 7).

Second, Deloitte's unsubstantiated assertion that the claims at issue in this action are within the scope of the ISA's Reference Clause is also not true. As a threshold matter, it is absurd

to suggest, as Deloitte does, that by agreeing to the ISA's Reference Clause in March 2005, the County agreed to waive its future right to a jury trial in the event Deloitte subsequently engaged in bribery with one of the County's employees in connection with a Deloitte-SAP racketeering scheme. In fact, as discussed below, the only claims that could possibly be within the scope of the ISA's Reference Clause are those that require interpretation of a contractual term, and, in this action (as opposed to the action pending before Judge Herlihy), the causes of action do not require any such ISA-related interpretation.

Third, Deloitte simply ignores that this Court has discretion to not enforce the Reference Clause, even if the Court were to find that the claims at issue fall within its scope. Section 638 affords courts discretion in deciding whether to enforce a reference provision in order to ensure that judges can safeguard the public's interest in ensuring that litigated matters are resolved as efficiently, effectively, and fairly as possible. Having the County's claims in this action, which sound in conspiracy and RICO, litigated and tried before a referee, while the same claims against the SAP Defendants and Culver are litigated before this Court (and tried before a jury), would all but guarantee the risk of inconsistent rulings and results, and maximize the likelihood of a uniquely inefficient, expensive, and cumbersome process.

While Deloitte notes that federal courts within the Ninth Circuit have considered agreements made pursuant to Section 638 as forum-selection clauses, it does not even bother to cite or apply the standard applicable to forum-selection clauses in its motion. Like other forum-selection clauses, a federal court will not enforce a judicial reference provision in a contract if it determines that the claims asserted in the litigation fall outside the scope of the provision or that enforcement of the provision would be unreasonable. The claims at issue here involve conduct that falls well outside the ISA. Moreover, it is difficult to imagine a more unreasonable litigation posture than to have the County try its RICO and conspiracy claims against one wrongdoer (Deloitte) before a referee, and those same RICO and conspiracy claims against the other wrongdoers (the SAP Defendants and Culver) before this Court. Significantly, only last month, the California Supreme Court held that courts have discretion to not enforce a judicial reference

2

provision under Section 638 where, as here, there is a danger of inconsistent judgments and duplicative efforts. *See Tarrant Bell, LLC v. Super. Ct.*, No. S179378, 2011 Cal. LEXIS 1354, at *11-13 (Cal. Feb. 10, 2011).

Finally, it would violate the California Constitution to require the County to try by reference its claims against Deloitte because the County did not consent to refer these claims to a judicial referee. Rather, by the terms of the ISA, the County agreed to refer only those claims that relate to the "engagement" -- *i.e.*, the services Deloitte was to perform under the ISA -- and, of those, only claims that are pending in Superior Court in the County of Marin, California. These are not such claims.

Accordingly, as demonstrated more fully below, Deloitte's motion for reassignment should be denied.

## STATEMENT OF FACTS

On December 16, 2010, the County filed a lawsuit in California Superior Court alleging that Deloitte, a U.S. subsidiary of global consulting firm Deloitte Touche Tohmatsu, and the SAP Defendants, which are U.S. subsidiaries of the German enterprise software developer SAP AG, engaged in a pattern of racketeering activity designed to defraud the County of millions of dollars. (Compl. ¶¶ 1-8, 15-26, 56-166; attached as Exhibit A to the accompanying Mark P. Ressler Declaration ("Ressler Decl.").) On January 26, 2011, defendants removed that lawsuit to this Court.

As the first part of the scheme, Deloitte and the SAP Defendants fraudulently induced the County to enter into a multi-million dollar software implementation agreement with Deloitte and a licensing agreement with the SAP Defendants by intentionally and falsely representing to the County that Deloitte had the necessary skills to implement the SAP for Public Sector software, even though Deloitte and the SAP Defendants knew that Deloitte lacked the requisite skills to perform a successful implementation for the County. (Compl. ¶¶ 2-3, 17-20, 38-53.) Then, when the inevitable problems and deficiencies with Deloitte's work began to surface, Deloitte and the SAP Defendants engaged in an elaborate cover-up that included, among other things, (i) bribing a

3

County official, defendant Culver, to falsely "approve" Deloitte's defective work and to cause the County to enter into new contracts with Deloitte and the SAP Defendants, and (ii) silencing an SAP employee who attempted to intervene on the County's behalf. (Compl. ¶¶ 4-5, 23, 26, 70-80, 92-153.) The County's Complaint alleges, among other counts, six violations of RICO by Deloitte and the SAP Defendants, and three counts against Culver, the County official who received the bribes, including violations of California's anti-corruption and bribery statutes. (Compl. ¶¶ 169-231.)

The County first discovered facts concerning the defendants' bribery during its investigation of claims pending against Deloitte in an action filed by the County nearly one year ago in the Marin County Superior Court (the "State Court Action") before Judge Herlihy. Deloitte is the only defendant in the State Court Action. The complaint in that case alleges six causes of action against Deloitte, both in contract and tort, including fraudulent performance of contract, fraudulent inducement of contract, negligent misrepresentation, breach of contract, breach of express and implied warranty, and professional negligence. The contract at issue in the State Court Action is the ISA -- an agreement between Deloitte and the County alone, which details the terms of the contractual relationship between those parties. Specifically, the ISA, among other things, obligates Deloitte to provide competent and skilled resources to manage and deliver the implementation of an SAP for Public Sector software system. (*See generally* ISA; attached as Exhibit B to the accompanying Ressler Decl.) Because Deloitte failed to perform as required under the ISA, and wrongfully misrepresented its skills to induce the County to enter into the ISA, the County commenced the State Court Action against Deloitte.

After the County filed the State Court Action, Deloitte requested that the County consent to submission of the case to trial by general reference. The ISA contained a waiver of jury trial and general reference clause -- the "Reference Clause" -- providing for the submission of those disputes relating to the "ENGAGEMENT," described in the ISA as the County's engagement of Deloitte "to render all of the services described in this Agreement (the 'Services') and to participate in the preparation of all of the deliverables described in this Agreement (the

4
OPPOSITION TO DELOITTE'S MOTION TO REASSIGN; No. CV11-0381-SI

'Deliverables')." (ISA ¶ 1.3.) The County agreed to Deloitte's request, in light of the nature of the claims and the County's knowledge of the facts at that time. Accordingly, on or about July 30, 2010, the County and Deloitte stipulated to having the State Court Action tried by Judge Herlihy, a retired Santa Clara County Superior Court judge, in accordance with Section 638(a) of the California Code of Civil Procedure.

Contrary to Deloitte's suggestion to this Court that the stipulation in the State Court Action compels the reference of *this* action to Judge Herlihy, there is absolutely nothing in that stipulation that governs the adjudication of this lawsuit. (*See* Stipulation & Order Appointing Referee; attached as Exhibit C to the accompanying Ressler Decl.) In fact, a general reference of the claims against Deloitte in this action would be contrary to law and the applicable facts, as discussed below.

## ARGUMENT

A contractual clause providing for a trial by general reference under Section 638 is a forum-selection clause. *See Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, No. 2:10-cv-02991, 2010 U.S. Dist. LEXIS 135857, at *3-4 (C.D. Cal. Aug. 12, 2010) (treating Section 638 provision as a forum-selection clause under federal law) (attached as Exhibit D to the accompanying Ressler Decl.).[1] In determining whether to enforce a forum-selection clause, a court must decide if the claims alleged fall within the scope of the clause and, even if they do, whether enforcement of the clause in a particular case would be unreasonable. Section 638 itself provides that, notwithstanding the agreement of the parties, whether to order a trial by general reference is in the court's discretion (*i.e.*, "[a] referee may be appointed"). Cal. Civ. Code § 638; *Tarrant Bell*, 2011 Cal. LEXIS 1354, at *6 (attached as Exhibit E to the accompanying Ressler Decl.). This Court should exercise its discretion not to enforce the judicial reference as against

---

[1] Deloitte's motion to reassign does not analyze the forum-selection clause properly, and the authority on which it relies merely supports the non-controversial proposition that judicial reference provisions are enforceable, including by federal courts. (*See* Def. Deloitte Consulting LLP's Notice of Mot. & Mot. to Reassign Action to Referee at 5-6.) Deloitte's authority does not support enforcement of a judicial reference when the claims fall outside the scope of the clause or when enforcement would be unreasonable.

5
OPPOSITION TO DELOITTE'S MOTION TO REASSIGN; No. CV11-0381-SI

Deloitte for two reasons. First, the County's nine claims against Deloitte do not fall within the scope of the ISA's Reference Clause. Second, forcing the County to try those claims -- all of which are jointly alleged against the SAP Defendants and/or defendant Culver -- would be unreasonable.

## I. THE REFERENCE CLAUSE DOES NOT APPLY TO THE COUNTY'S CLAIMS AGAINST DELOITTE

In deciding whether to enforce a forum-selection clause in a particular case, courts in this Circuit will first determine whether the claims asserted fall within the scope of the clause. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (determining whether plaintiff's tort claims fall within the scope of the forum-selection clause before addressing whether enforcement would be unreasonable); *accord Bagdasarian*, 2010 U.S. Dist. LEXIS 135857, at *7-10 (determining whether plaintiff's claims "arise out of" the agreement and are subject to the Section 638 forum-selection clause before addressing whether enforcement would be unreasonable). The Ninth Circuit has held that claims fall within the scope of a forum-selection clause if "resolution of the claim[s] relates to interpretation of the contract." *Manetti-Farrow, Inc.*, 858 F.2d at 514.

Resolution of the claims asserted against Deloitte in this action does not relate to interpretation of the ISA. In this action the County has not asserted any claim against Deloitte for breach of the ISA, nor does the determination of any of the claims here hinge on a breach of contract. Rather, the County's claims involve the following:

- RICO violations based on a coordinated enterprise between Deloitte and the SAP Defendants that had as its purpose defrauding the County (Compl. ¶ 170), and predicate acts of mail fraud, wire fraud, bribery and interstate and foreign travel in aid of racketeering enterprise/bribery of an executive officer (Compl. ¶ 173);

- Deloitte's and the SAP Defendants' conspiracy to violate RICO based on Deloitte's actions to conspire to further the racketeering enterprise, including, among other things, misrepresenting its skill, fraudulently inducing the County into hiring it, concealing problems on the contract, silencing an SAP employee, under-testing, and bribing and otherwise corrupting a County employee (Compl. ¶¶ 15-26, 37-153, 178);

6
OPPOSITION TO DELOITTE'S MOTION TO REASSIGN; No. CV11-0381-SI

- Aiding and abetting fraud based on Deloitte substantially assisting Culver in covering up Deloitte's breaches, including bribing and otherwise unlawfully inducing him to misrepresent to, and otherwise conceal from, the County the true status of the engagement and Deloitte's work (Compl. ¶¶ 193-195);

- Aiding and abetting breach of fiduciary duty based on Deloitte substantially assisting Culver in taking actions that were against the best interests of the County, in violation of the duty of loyalty he owed the County (Compl. ¶¶ 207-214);

- Common-law civil conspiracy based on Deloitte's agreement with Culver to perpetrate a fraud on the County (Compl. ¶¶ 215-221); and

- Return of monies received in violation of California Government Code Section 1090 based on Culver signing contracts in which he had a financial interest (Compl. ¶¶ 227-231).

In short, the terms of the parties' rights and duties under the ISA are not implicated by the misconduct alleged in this action.

*General Environmental Science Corp. v. Horsfall*, 753 F. Supp. 664, 667-68 (N.D. Ohio 1990), *rev'd and remanded on other grounds*, No. 92-4110, 1994 U.S. App. LEXIS 13398, at *26-27 (6th Cir. May 25, 1994), is instructive, as it was decided on facts and issues strikingly similar to those present here. In that case, the court found that the claims at issue fell outside the scope of a forum-selection clause where they were not contractual in nature and did not seek contract damages. The plaintiff in that case, like the County here, asserted claims based on violations of federal RICO and state common law. The district court (affirmed by the Sixth Circuit) held that the claims, which involved, among others, RICO violations, fraud, and failing to advise the plaintiff of alleged product defects, arose out of "ongoing business relationships with the Defendants," of which the agreement was "merely one of the final manifestations of those relationships" and its "terms c[ould not] limit a comprehensive challenge to the Defendants' entire courses of conduct in this forum." 753 F. Supp. at 668; *accord Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir. 1986) (applying state law) (affirming that plaintiff's claims, which involved an elaborate kickback scheme and fraud perpetrated by multiple parties, were outside the scope of the forum-selection clause plaintiff agreed to with one of the defendants, and that plaintiff "could not have anticipated having to litigate these claims" pursuant

7

to the forum-selection clause).[2] Similarly, the County's claims against Deloitte in this action are not contractual, nor do they seek contract damages. Accordingly, they fall outside the enforceable scope of the ISA's Reference Clause.

## II. THE REFERENCE CLAUSE SHOULD NOT BE ENFORCED BECAUSE ENFORCEMENT WOULD BE UNREASONABLE

Even if the claims the County asserted against Deloitte fell within the scope of the ISA's Reference Clause (which is not the case), enforcement of the Reference Clause would be unreasonable. *See Bremen v. Zapata Off-Shore, Co.*, 407 U.S. 1, 10 (1972) (holding that although forum-selection clauses are "prima facie valid," they should not be enforced where enforcement is "'unreasonable' under the circumstances"). Enforcement of a forum-selection clause is unreasonable where it would "contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id.* at 15. Enforcing the Reference Clause would contravene strong public policies favoring judicial economy and fairness, as recognized in decisions by both the United States Supreme Court and the California Supreme Court, because it would increase the risk of inconsistent verdicts, result in duplication of efforts and increased costs, and would be unconstitutional under California law.

### A. It Would Be Unreasonable To Require The County To Risk Inconsistent Verdicts And Pay For Duplicative Litigation

California and federal courts have strong public policies favoring judicial economy and avoiding inconsistent verdicts. Indeed, the policy of reducing "court congestion" was expressed in the enactment and amendment of Section 638, Assem. Com. on Judiciary, Analysis of Assem. Bill

---

[2] *Farmland* was before the Eighth Circuit based on the district court's refusal to enforce the parties' forum-selection clause, which was dependent on the court finding first that such an order was immediately appealable. *See Farmland Indus.*, 806 F.2d at 851. Three years later, in *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989), the Supreme Court held that an order denying a motion to dismiss on the basis of a forum-selection clause is not immediately appealable and cited *Farmland* as an example of prior cases holding otherwise. *Id.* at 496. The Supreme Court's decision, however, disapproving of the Eighth Circuit's decision to take an immediate appeal, does not affect the *Farmland* analysis regarding the scope of the forum-selection clause.

8

OPPOSITION TO DELOITTE'S MOTION TO REASSIGN; No. CV11-0381-SI

No. 3657, (1981-82 Reg. Sess.), April 28, 1982, p. 2, but, at the same time, the California legislature gave courts discretion to refuse to enforce judicial reference agreements where that policy would not be furthered and cases could be handled more efficiently in Superior Court, *id.* at p. 1.[3] Significantly, based on this legislative history, the California Supreme Court last month affirmed that courts have discretion to refuse to enforce valid judicial reference provisions based on considerations of judicial economy and fairness, including increased risks of inconsistent judgments, duplicative efforts and increased costs. *See Tarrant Bell*, 2011 Cal. LEXIS 1354, at *11-13 (affirming trial court's exercise of discretion in refusing to enforce judicial reference where court was concerned about inconsistent verdicts and judicial economy).

In *Tarrant Bell*, 120 residents of a mobile home park sued the park's owners for substandard living conditions. The California Supreme Court held that it was proper for the trial court to refuse to enforce a Section 638 reference clause because not all of the plaintiffs had agreed in their leases to judicial reference. *Id.* at *2, *5. The Supreme Court agreed with the trial court's concern that if the claims of some of the plaintiffs were tried by reference while others were not, there would be a significant risk of inconsistent judgments. As the Supreme Court noted, "[o]rdering two groups of real parties in interest to try their cases in separate but parallel proceedings would not ... achieve efficiencies of any kind." *Id.* at *5. Thus, even though each plaintiff would have been able to try its entire claim against the park owners in one forum or the other, the Supreme Court held that the risk of inconsistent verdicts was unacceptable.

The reasoning of *Tarrant Bell* applies with special force here. In fact, the risk of inconsistent verdicts is even greater here because enforcement of the Reference Clause would require the County to split causes of action. In other words, reassignment to the referee would force the County try its RICO claim, alleging a single RICO enterprise, against one enterprise member in one forum, and against another enterprise member in another forum. Such parallel

---

[3] California Code of Civil Procedure § 638 states, in pertinent part, that "a [judicial] referee *may* be appointed upon the agreement of the parties" to hear and determine any or all issues in an action or a proceeding. Cal. Code. Civ. Proc. § 638(a) (emphasis added).

9
OPPOSITION TO DELOITTE'S MOTION TO REASSIGN; No. CV11-0381-SI

proceedings would frustrate California's public policy of advancing judicial economy, as recently affirmed by the California Supreme Court. In addition, they would require the County to undergo the expense of trying the same claims twice.

Federal courts are likewise guided by similar public policy concerns over judicial economy in exercising a strong preference for trying conspirators jointly. Even in the context of criminal trials, where the constitutional rights of defendants must be delicately balanced, federal courts have noted the judicial-efficiency and fairness benefits of joint trials. In *Richardson v. Marsh*, 481 U.S. 200 (1987), for example, the Supreme Court noted that "[j]oint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 210. Furthermore, "joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the 'full extent of the conspiracy.'" *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996). Based on these principles, the Supreme Court has instructed district courts to sever a trial "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

To prove its claims, the County must establish that Deloitte and the SAP Defendants, two independent businesses, joined together in an informal business association to secure SAP implementation work for the purpose of defrauding government entities out of money, for services that Deloitte could not perform, and that they participated in a pattern of racketeering activity. Adjudicating these matters in separate forums risks inconsistent verdicts based on the same coordinated actions of the enterprise -- a risk that would materialize if, for example, one co-conspirator is found liable while another is not. Similarly, the County's claims that Deloitte aided and abetted defendant Culver's fraud and breach of fiduciary duty, and conspired to commit fraud, are dependent upon factual and liability findings against Culver. These inchoate torts require that the underlying tort -- fraud and breach of fiduciary duty -- be completed. *See Richard B. LeVine, Inc. v. Higashi*, 131 Cal. App. 4th 566, 574 (Cal. Ct. App. 2005) ("The unifying principle under either theory of recovery, civil conspiracy or aiding and abetting, is that ... liability depends upon

10

the actual commission of a tort."). It would be unreasonable to separate the co-defendants in this bribery and RICO action, try them in two different forums and require the County to proceed independently before a referee as to one co-defendant and before this Court as to the others. Such a result would frustrate the policies favored by California and the federal courts, and would be fundamentally unfair to the County. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1085 (9th Cir. 2009) (finding forum-selection clause unreasonable because enforcement would violate California public policy).

### B. It Would Be Unreasonable And A Violation Of The California Constitution To Force The County To Try Its RICO And Other Claims Against Deloitte By Reference

Judicial reference under Section 638 raises a unique California constitutional issue that other types of forum-selection clauses do not. Trial by general reference under Section 638 permits a referee to "hear and determine any or all of the issues in an action or proceeding" and make a binding determination that "must stand as the decision of the court." Cal. Code of Civil Proc. §§ 638(a), 644(a). Because the referee's decision stands as that of the court, and the parties lose their right to a jury trial, the parties' consent is essential for a general reference to be valid and constitutional. *See In re Edgar M.*, 14 Cal. 3d 727, 734 (Cal. 1975). Absent consent, a general reference constitutes an unconstitutional abdication of judicial authority. *See Aetna Life Ins. Co. v. Super. Ct.*, 182 Cal. App. 3d 431, 435-36 (Cal. Ct. App. 1986) ("[T]he court has no power to make an unconsented-to general reference, which conclusively decides all or part of a matter, because not only is such a general reference not authorized except by explicit agreements of the parties (§ 638, *supra*), but also, the California Constitution prevents delegation of judicial power except for the performance of 'subordinate judicial duties.' ... Deciding a major legal issue in a case, which probably will determine liability, is not a subordinate judicial duty.").

At the time it entered into the ISA, the County did not consent to try by reference claims such as those asserted here. Thus, to enforce the Reference Clause here would violate California's Constitution and be unreasonable. *See, e.g., Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 787-88

11

(Cal. Ct. App. 1998) (stating that a court must first determine, under state or federal law, whether parties agreed to refer dispute to an alternative forum).[4]

### 1. The Language Of The Reference Clause Clearly Indicates That The County Did Not Consent To Refer These Claims

The plain language of the Reference Clause clearly establishes that when the County and Deloitte entered into their agreement, they did not consent to refer the types of claims asserted in the Complaint to a judicial reference.

First, the Reference Clause limits judicial reference to disputes between the County and Deloitte "relating to this engagement." (ISA ¶ 17.14.) The "Engagement" is described as the County's engagement of Deloitte "to render all of the services described in this Agreement (the 'Services') and to participate in the preparation of all of the deliverables described in this Agreement (the 'Deliverables')." (ISA ¶ 1.3.) The services described in the agreement all concern Deloitte's SAP implementation for the County.

Notably, the parties never agreed that Deloitte's "Services" under the ISA would include the wrongful conduct that underlies the County's claims against Deloitte here, such as a RICO enterprise between Deloitte and the SAP Defendants to defraud the County (Compl. ¶ 170); predicate acts of mail fraud, wire fraud, bribery and interstate and foreign travel in aid of racketeering enterprise/bribery of an executive officer (Compl. ¶ 173); a RICO conspiracy (Compl. ¶¶ 15-26, 37-152, 178); or silencing an SAP employee and corrupting of a public official (Compl. ¶¶ 23, 26).

Second, the Reference Clause provides for reference of claims pending in California state court, not for reference of claims pending in federal court. That fact is yet further indication that the parties did not consent to refer the claims asserted in this Complaint. ISA Section 17.14(b),

---

[4] In *Bagdasarian*, it appears that the parties did not challenge "consent" to the general reference or raise the constitutional issue, and the court therefore only analyzed the general reference provision in the parties' agreement pursuant to the standard forum-selection clause analysis. *See Bagdasarian Prods., LLC*, 2010 U.S. Dist. LEXIS 135857, at *6-7 (*citing Bremen*, 407 U.S. 1, and *Manetti-Farrow, Inc.*, 858 F.2d 509).

which dictates the logistics for trial by reference, makes clear that the parties contemplated trial by reference only when their dispute is pending in California Superior Court:

> b) The parties agree that a former judicial officer of the State of California shall serve as the referee pursuant to the provisions of CCCP 640 and California Rule of Court 244.1. If the parties are unable to agree to a referee within thirty (30) days of the filing of a Formal Dispute, *each party shall submit to the Superior Court in which such Formal Dispute is pending* up to three nominees for appointment as a referee, *and the Court shall make the appointment* from the nominees in accordance with CCCP Section 640 and subject to CCCP Section 641. The parties shall equally pay in advance the estimated reasonable fees and costs of the referee as may be specified by the referee. *The referee shall issue a written statement of decision that shall be reported to the Superior Court* in accordance with CCCP Section 643 and mailed promptly to the parties.

(ISA ¶ 17.14(b) (emphasis added).) The language could not be less ambiguous: "the Superior Court in which such Formal Dispute is pending" means that the parties contemplated trial by reference only for disputes pending in Superior Court. *See William S. Gray & Co. v. W. Borax Co.*, 99 F.2d 239, 243 (9th Cir. 1938) (a contract should be construed as to effectuate the intentions of the parties).[5]

To construe the Reference Clause to require reference of claims pending in federal court, as Deloitte contends it should be construed, simply will not work. For example, would the term "federal court" be substituted for "Superior Court" such that the parties submit their nominees for referee to the federal court, the federal court makes the appointment, and the referee issues a

---

[5] "[B]ecause enforcement of a forum-selection clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses." *Manetti-Farrow, Inc.*, 858 F.2d at 513. When interpreting a contract under federal law, courts look for guidance "to general principles for interpreting contracts." *Doe 1*, 552 F.3d at 1081. In particular, "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (citation omitted). The "primary rule of interpretation … that the common or normal meaning of language will be given to words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Id.* (citation omitted).

13
OPPOSITION TO DELOITTE'S MOTION TO REASSIGN; No. CV11-0381-SI

written statement of decision to the federal court? Or would the Superior Court receive the nominee names, make the appointment, and receive the written report even though the action against the co-defendants is pending in federal court? The parties did not answer these questions in the ISA precisely because they did not intend to consent to judicial reference for any claims asserted in federal court.

### 2. Other Language In The ISA Also Shows That The County Did Not Consent To Refer These Claims

The fact that the parties did not provide for judicial reference for claims pending in federal court was no oversight. When the parties contemplated litigation in federal court, they knew how to address it. For example, in Section 17.5, which appears just two pages before the Reference Clause, the parties specifically designated the "exclusive forum and venue for all actions or proceedings arising out of, or related to, this Agreement" as "either a state court located in the County of Marin, California *or a federal court located in the Northern District of California, as applicable* ...." (ISA ¶ 17.5 "Governing Law" (emphasis added).) In other words, the parties contemplated that certain disputes might be litigated in federal court (ISA ¶ 17.5), but they did not provide for trial by reference of such claims (ISA ¶ 17.14). *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) (noting that written contracts are read as a whole, and each part is interpreted with reference to the whole).

This makes sense. The parties obviously expected that the claims likely to arise between them would be for breach of contract, and they knew that a breach of contract claim would relate to the Engagement and would be brought in California Superior Court (because a federal court would not have subject-matter jurisdiction). Those claims that they could reasonably anticipate, they agreed to try by reference. But they did not agree to try by reference any other, more remote claims, including any unrelated to the Engagement or brought in federal court, because they did not and could not know, at the time of contracting, what those claims might be.

It is clear from both the language and structure of the ISA that, at the time of entering into the agreement on March 29, 2005, the County did not foresee, and did not consent to, the

14
OPPOSITION TO DELOITTE'S MOTION TO REASSIGN; No. CV11-0381-SI

Reference Clause applying to the claims asserted in this Complaint. Because the County did not consent to refer the claims it has asserted here, the Reference Clause cannot be enforced in this litigation, and any attempt to do so would be unconstitutional under California law.

## **CONCLUSION**

For the foregoing reasons, Deloitte's motion to reassign the action as to Deloitte to a referee should be denied.

DATED: March 4, 2011

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: *[signature]*
Mark P. Ressler
R. Tali Epstein