# EXHIBIT D



LEXSEE 2010 US DIST LEXIS 135857

**BAGDASARIAN PRODUCTIONS, LLC, a California limited liability company, and JANICE KARMAN, an individual, Plaintiffs, vs. TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation, Defendant.**

**Case No. 2:10-cv-02991-JHN-JCGx**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**2010 U.S. Dist. LEXIS 135857**

**August 12, 2010, Decided
August 12, 2010, Filed**

**COUNSEL:** [*1] For Bagdasarian Productions, LLC, a California limited liability company, Janice Karman, an individual, Plaintiffs: Carter Richard Batsell, Steven A Marenberg, Irell & Manella LLP, Los Angeles, CA; Gerard E Harper, PRO HAC VICE, Paul Weiss Rifkind Wharton & Garrison LLP, New York, CA; Lynn B Bayard, Nader R Hasan, PRO HAC VICE, Paul Weiss Rifkind Wharton & Garrison LLP, New York, NY.

For Twentieth Century Fox Film Corporation, a Delaware corporation, Defendant: Louis A Karasik, LEAD ATTORNEY, Casondra K Ruga, Rachel M Capoccia, Alston & Bird LLP, Los Angeles, CA.

**JUDGES:** Honorable Jacqueline H. Nguyen, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Jacqueline H. Nguyen

**OPINION**

**ORDER GRANTING DEFENDANT'S MOTION TO ORDER ALL DISPUTES TO REFERENCE UNDER CAL. CODE CIV. PROC. § 638 AND TO STAY THIS ACTION**

This matter is before the Court on Defendant's Motion to Order All Disputes to Reference under Cal. Code Civ. P. Section 638 and to Stay this Action ("Motion") (Docket No. 13), filed on June 18, 2010. The Court has considered the briefs filed in this matter and has previously deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons herein, the Court GRANTS Defendant's [*2] Motion to Refer and Stay the matter.

**I.**

**BACKGROUND**

This case involves disputes regarding a written agreement between Plaintiffs Bagdasarian Productions, LLC and Janice Karman ("Karman"),[1] and Defendant Twentieth Century Fox Film Corporation ("Defendant" or "Fox"), pertaining to the production of "Alvin and the Chipmunks" ("Alvin") movies. Plaintiff is the owner and licensor of Alvin properties. (Compl. ¶ 2; Mot. 1.) In 2004, Plaintiff entered into a Purchase/Producer agreement ("the Agreement") with Fox, which granted Fox an option for the right to develop, produce and distribute motion pictures based on Alvin properties and engaged Plaintiff to render services in connection with the motion pictures on a "work for hire" basis. (Compl. ¶ 2; Mot. 12--13.) The Agreement, entitled

Case3:11-cv-00381-SI Document55-4 Filed03/04/11 Page3 of 6

Page 2
2010 U.S. Dist. LEXIS 135857, *2

"Purchase/Producer Agreement--Literary Material," grants to Fox,

> the right to develop, produce, distribute, exhibit, exploit, advertise, promote and publicize, throughout the universe, in and by any and all manner, . . . exclusively and in perpetuity, Theatrical Motion Pictures and Home Video Motion Pictures based on the Property, Merchandizing Rights and Commercial Tie-In Rights as rights related thereto . . . in **[*3]** and to the Property[.]

(Karasik Decl. Ex. A ¶ 5.)

1   For purposes of this order, Plaintiffs Bagdasarian and Karman will be collectively referred to as "Plaintiff."

The Agreement also included a forum selection provision stating:

> Any claim or dispute arising out of this Agreement *shall* be submitted to a general, non-jury reference ("Referee") to hear and decide all matters relating to the claim or dispute pursuant to California Code of Civil Procedure Sec. 638 . . . If the parties cannot agree upon a Referee . . . then . . . each side shall exchange its own list of four retired Judges of the California state *or federal* courts that it wishes to nominate as potential Referees.2

(*Id.* at Ex. A, p. 46, ¶ 21(a)(ii)) (emphasis added.)

2   Section 638 of the California Code of Civil Procedure provides for the appointment of a referee "upon the agreement of the parties filed with the . . . judge, or . . . upon the motion of a party to a written contract . . . that provides that any controversy arising therefrom shall be heard by a referee" where the court finds that the parties agreed to have a referee "hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and **[*4]** to report a statement of decision." Cal. Code. Civ. Pro. § 638(a). In addition, although a referee's report is often only advisory, where the parties have agreed to a "consensual general reference," the referee's decision "upon the whole issue must stand as a decision of the court, and upon filing of the statement of decision with the clerk of the court . . . judgment may be entered thereon in the same manner as if the action had been tried by the court." *Id.* at §§ 644(a)--(b). Furthermore, under the Section 638 procedure, the referee's statement of decision is entered by the trial court as a judgment, and the decision "may be excepted to and reviewed in like manner as if made by the court." *Id.* at § 645.

The first film produced under the Agreement, *Alvin and the Chipmunks*, was released in 2007 and achieved significant box office success. (Compl. ¶ 2; Mot. 1.) Following the success of the first film, Fox produced a second, equally successful movie, *Alvin and the Chipmunks, The Squeakquel* ("*The Squeakquel*"), released in 2009. (Compl. ¶ 3; Mot. 1.) Plaintiff contends that Karman rendered numerous writing services in connection with the development of the second film, including a number **[*5]** of original treatments, screenplays, scenes, and dialogue that became "critical and significant portions" of the final screenplay for *The Squeakquel*. (Compl. ¶ 3; Opp'n 1.) Plaintiff also contends that Karman contributed graphic design services in connection with certain key characters for the second film. (*Id.* at ¶ 4.) Plaintiff claims that Karman's writing and graphic design services were not covered by the Agreement, and that Fox improperly refused to recognize Karman as co-owner of *The Squeakquel* screenplay or compensate her for her writing and design services rendered in connection with the second film. (Compl. ¶ 4.)

On April 21, 2010, Plaintiff filed a Complaint in this Court stating five causes of action: (1) a declaration that *The Squeakquel* screenplay constitutes a "joint work" within the meaning of 17 U.S.C. § 101, and that, pursuant to 17 U.S.C. § 201(a), Karman and Fox are co-owners of the copyright in *The Squeakquel* screenplay and for an accounting of profits with respect to the second film; (2) in the alternative, copyright infringement of Karman's screenplay writings in violation of 17 U.S.C. § 106; (3) unjust enrichment through exploitation of Karman's screenwriting **[*6]** services; (4) unjust enrichment through exploitation of Karman's graphic design services; (5) breach of contract. (Compl. ¶¶ 55-79.) On June 18, 2010, Defendant filed the instant Motion, asking the court

to order the dispute to reference under California Code of Civil Procedure Section 638 and to stay the action. (Docket No. 13.) Plaintiff filed an Opposition ("Opp'n"), and Defendant filed a Reply ("Reply"). (Docket Nos. 17, 18.)

## II.

### LEGAL STANDARD

Forum-selection clauses are presumed valid and will be enforced unless the resisting party demonstrates it would be unreasonable or unjust to do so under the circumstances. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 18, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) (holding that it is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512 (9th Cir. 1988). Enforcement is unreasonable where it would "contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial [*7] decision." *The Bremen*, 407 U.S. at 15; *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1997).

## III.

### DISCUSSION

Plaintiff's opposition to the Motion focuses primarily on two arguments. First, Plaintiff argues that its copyright and unjust enrichment claims do not "arise out of" the Agreement and consequently, are not subject to the forum selection clause. (Opp'n 2--3.) Second, Plaintiff argues that its claims under the Copyright Act are subject to the exclusive jurisdiction of the federal courts under 28 U.S.C. § 1338(a), and cannot be decided by a "state court referee." (Opp'n 16--18.) Plaintiff concedes that its state law breach of contract claim arises out of the Agreement and would be subject to the forum selection clause, but contends that enforcement of the clause with respect to this claim alone would cause unreasonably "duplicative and divided litigation." (Opp'n 3--4.) For the following reasons, the Court finds Plaintiff's arguments unpersuasive.

### A. Plaintiff's Claims "Arise Out Of" the Agreement

Plaintiff argues that its copyright and unjust enrichment claims do not "arise out of" the Agreement, and consequently, are not subject to the forum selection clause. [*8] (Opp'n 2--3; 11--16.) In *Manetti-Farrow, Inc. v. Gucci America, Inc.*, the Ninth Circuit held that "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims *relates to interpretation of the contract*." 858 F.2d 509, 514 (9th Cir. 1988) (emphasis added). In *Graham Technology Solution, Inc. v. Thinking Pictures, Inc.*, the District Court applied the *Manetti-Farrow* test in the copyright context, holding that a copyright dispute arises out of a contract when it is necessary to interpret the contract to resolve the dispute. 949 F. Supp. 1427, 1433 (N.D. Cal. 1997). The Seventh Circuit applied the standard set forth in *Manetti-Farrow in Omron Healthcare, Inc. v. MacLaren Exports, Ltd.*, 28 F.3d 600 (7th Cir. 1994), and subsequent cases have noted that *Omron* is in line with the Ninth Circuit approach. *See Graham*, 949 F. Supp. at 1433--34; *Lumascape USA, Inc. v. Vertex Lighting, Inc.*, 2006 U.S. Dist. LEXIS 25093, 2006 WL 825411 at *1 (N.D. Cal., Mar. 29, 2006).

Plaintiff attempts to avoid *Manetti-Farrow* by limiting its holding to the specific forum selection clause at issue in that case. (Opp'n 15.) However, as Defendant correctly points out, nothing in the decision suggests that the [*9] Ninth Circuit intended to so limit its ruling. (Reply 6.) Moreover, a host of subsequent decisions have applied the *Manetti-Farrow* test to a variety of forum selection clauses. *See e.g., Multimin USA, Inc. v. Walco International, Inc. et al.*, 2006 U.S. Dist. LEXIS 33624, 2006 WL 1046964 (E.D. Cal., Apr. 11, 2006) (applying *Manetti-Farrow* test to "disputes arising under" the contract); *Modius, Inc. v. Psinaptic, Inc.*, 2006 U.S. Dist. LEXIS 28862, 2006 WL 1156390 at *7 (N.D. Cal., May 2, 2006) (applying *Manetti-Farrow* test to forum selection clause for "disputes under" the contract). In addition, Plaintiff criticizes *Graham* as having misapplied *Manetti-Farrow*'s narrow holding. (Opp'n 15.) The Court is not only unconvinced that *Manetti-Farrow*'s holding is so limited, but also notes that *Graham* remains good law and has been cited with approval by other district courts within this circuit. *See Lumascape*, 2006 U.S. Dist. LEXIS 25093, 2006 WL 825411 at *10; *Multimin*, 2006 U.S. Dist. LEXIS 33624, 2006 WL 1046964 at *7.

The Court finds ample Ninth Circuit authority for the proposition that, for purposes of a forum selection clause, a claim arises out of a contract when it is necessary to interpret the contract to resolve the dispute.[3] For the

following reasons, the Court finds that all of Plaintiff's claims [*10] "arise out of" the Agreement.

> 3    Part and parcel with Plaintiff's attempt to distinguish *Manetti-Farrow, Graham*, and *Omron* is its reliance on *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) to supply the test for whether a claim "arises out of" a contract for forum selection purposes. (Opp'n 14.) In that case, the Second Circuit held that a copyright dispute does not arise under a contract if "[plaintiff] denies that the contract has any role or relevance whatever with respect to his copyright claims," and the contract is "only relevant as a defense in [the] suit." *Phillips*, 494 F.3d at 391. However, that decision relied upon *Corcovado Music Corp v. Hollis Music. Inc.*, 981 F.2d 679 (2d Cir. 1993), a prior Second Circuit decision that the court rejected in *Graham* as inconsistent with "the Ninth Circuit approach adopted in *Manetti-Farrow* . . . which upholds the forum selection clause where the claims alleged in the complaint *relate to* the interpretation of the contract." *Graham*, 949 F. Supp. at 1433 (emphasis in original). At any rate, the Court cannot ignore relevant Ninth Circuit authority in favor of a different standard set out by the Second Circuit.

Plaintiff's co-ownership [*11] claim is predicated on its assertion that the Agreement's definition of "property" does not encompass screenplays and treatments. (Opp'n 5.) In order for Plaintiff to prove co-ownership of the *Squeakquel* screenplay, it necessarily must prove that the rights to the screenplay were not transferred to Fox under the Agreement's broad grant of rights.[4] Moreover, Plaintiff's unjust enrichment argument hinges on its contention that Karman's screenwriting and graphic design services fall "outside the scope" of the Agreement. (Opp'n 9.) Logically, examination of the Agreement is necessary to determine the extent of Karman's obligations under the Agreement. The Court finds that resolution of each of Plaintiff's claims requires interpretation of the Agreement. Therefore, the entire matter is subject to the Section 638 reference procedure stipulated to by the parties in the Agreement.

> 4    The Agreement's definition of "property" to be granted to Fox is expansive, including not only "certain pre-existing property" relating to Alvin, but also to "any and all characters . . . now or hereafter created . . . and any and all other plots, themes, titles, story lines, names related thereto, and any and all [*12] other elements relating to any of the foregoing, now existing or created hereafter." (Karasik Decl. Ex. A ¶ 1(a).)

**B. Jurisdiction**

Plaintiff contends that, even if the Court finds the claims subject to the forum selection clause, jurisdictional issues prevent proper invocation of the Section 638 Reference procedures in this case. Plaintiff argues that a 638 Reference can only be initiated in state court and that the exclusive federal jurisdiction for claims under the Copyright Act precludes enforcement of the 638 Reference because the "state court referee" appointed to oversee the case would lack jurisdiction to hear the copyright claims. (Opp'n 16--20.) The Court finds Plaintiff's jurisdictional objections to be factually and legally unsupported.

Defendant directs the Court's attention to the fact that neither the Agreement nor Section 638 dictates appointment of a "state court referee." (Reply 18.) Under the Agreement, the parties are to mutually agree upon a referee, or if a consensus is not reached, a *retired judge* "of the California state *or federal courts*" will be selected to adjudicate the dispute from a list supplied by each of the parties. (Karasik Decl. Ex. A, p. 46, ¶ 21(a)(ii).) [*13] Furthermore, Plaintiff erroneously relies on *Housing Grp. et al., v. United Nat. Insur. Co.*, 90 Cal. App. 4th 1106, 109 Cal. Rptr. 2d 497 (Cal. Ct. App. 2001), for the proposition that any Section 638 Reference must originate in the California Superior Court and that California state courts must have jurisdiction over claims referred to a Section 638 Referee. (*See* Opp'n 18 (quoting *Housing Group* for the assertion that "the circumstances allowing reference under [S]ection 638 are statutorily defined, and require an action or proceeding over which the [California Superior Court] has jurisdiction.") In *Housing Group.*, the California Court of Appeal held that parties who proceeded directly to private dispute resolution, *without ever filing an action in any court*, could not ask the court to appoint a Section 638 referee to facilitate entry of an enforceable settlement. *Housing Grp.*, 90 Cal. App. 4th at 1108. The decision does not purport to limit Section 638 application to cases pending in California Superior Court. Furthermore, as Defendant correctly notes, Plaintiff's insertion of the parenthetical

"California Superior Court" in the decision fundamentally modifies the language of the case. The actual quote [*14] states only that a 638 Reference requires "an action or proceeding over which *the court* has jurisdiction." *Housing Grp.*, 90 Cal. App. 4th at 1115 (emphasis added). As such, the California Court of Appeal did not limit the application of the statute to cases brought in California Superior Court.

In short, the Court can find no persuasive authority stating that a Section 638 referee lacks jurisdiction to hear federal claims. Moreover, "the Supreme Court has established a strong policy in favor of enforcement of forum selection clauses." *E. & J. Gallo Winery v. Andina Licores, S.A.*, 446 F.3d 984, 992 (9th Cir. 2006). By signing on to the Agreement, Plaintiff consented to the provision that all disputes arising out of the Agreement would be decided by a Section 638 Referee. The Court does not find that Plaintiff has raised a "compelling and countervailing reason" for the Court to refrain from enforcement of the negotiated forum selection clause in the parties' Agreement. *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972).

Finally, in a case clearly analogous to this one, where Fox sought to enforce an identical forum selection clause, the late Judge Cooper upheld the parties' agreement, [*15] ordering the case to reference and staying the federal action pending the referee's decision.[5] *See Quarles v. Twentieth Century Fox Film Corp.*, No. CV 05-8843 (C.D. Cal. May 5, 2006). Plaintiff criticizes Judge Cooper's decision, arguing that the unpublished decision is "wrongly decided" and "unpersuasive," and that Judge Cooper "misunderstood fundamentally" the nature of a 638 Reference. (Opp'n 3, 20, 21.) However, the Court finds no reason to disapprove of *Quarles*, and notes that the case was affirmed on appeal by the Ninth Circuit, without opinion. *See Quarles v. Twentieth Century Fox Film Corp.*, 180 Fed. Appx. 686 (9th Cir. 2006).

> 5   Defendant has requested that the Court take judicial notice of the Court's order and the pleadings in *Quarles*. (Mot. 19.) Plaintiff has not opposed Defendant's request and does not dispute the accuracy of these documents. The Court finds that the information in these documents constitutes matter appropriate for judicial notice, as it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Accordingly, the Court GRANTS Defendant's request for judicial notice.

In conclusion, [*16] the Court finds no jurisdictional bar to enforcement of the parties' agreement to refer their disputes to a Section 638 Referee. Because resolution of Plaintiff's claims depends upon interpretation of the Agreement, the entire case is subject to the forum selection clause. This Court has broad discretion to stay cases when it is "efficient for its own docket and the fairest course for the parties." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979). As all of the claims in the dispute will be determined by a Section 638 Referee, a stay is appropriate.

IV.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Refer and to Stay (Docket No. 13). The Court stays this action in its entirety pending the completion of the reference proceedings.

The parties are ordered to participate in the reference proceedings pursuant to the procedures set forth in the Agreement, and to file the referee's statement of decision with the Court. **The Court expects the parties to move expeditiously to ensure that the reference proceedings are completed in a timely manner.**

Defendant is ordered to file a status report with this Court by **no later than December 13, 2010**, [*17] and every three (3) months thereafter, concerning the status of the case.

IT IS SO ORDERED.

Dated: August 12, 2010

/s/ Jacqueline H. Nguyen

Honorable Jacqueline H. Nguyen

UNITED STATES DISTRICT COURT