# EXHIBIT E



LEXSEE 2011 CAL. LEXIS 1354

**TARRANT BELL PROPERTY, LLC et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.  REYNALDO ABAYA et al., Real Parties in Interest. SPANISH RANCH I, L.P., Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent. REYNALDO ABAYA et al., Real Parties in Interest.**

**S179378**

**SUPREME COURT OF CALIFORNIA**

**2011 Cal. LEXIS 1354**

**February 10, 2011, Filed**

**PRIOR HISTORY:  [*1]**

Superior Court of Alameda County, No. HG08418168, George C. Hernandez, Jr., Judge. Court of Appeal, Second Appellate District, Division Four, Nos. A125496, A125714.
*Tarrant Bell Property, LLC v. Superior Court*, 179 Cal. App. 4th 1283 [102 Cal. Rptr. 3d 235, 2009 Cal. App. LEXIS 1929] (Cal. App. 1st Dist., 2009)

**SUMMARY:**

CALIFORNIA OFFICIAL REPORTS SUMMARY

The trial court denied a motion by current and former owners of a mobilehome park to appoint a referee (Code Civ. Proc., § 638) in a dispute involving residents' allegations of substandard living conditions. The lease agreements between the owners and many of the residents contained predispute reference agreements. In opposing the motion, the residents argued that because some of the lease agreements did not provide for reference, the trial court should deny the motion as to all residents in order to avoid the risk of conflicting rulings on common issues of law and fact. The trial court refused to appoint a referee, noting the possibility of inconsistent judgments and reasoning that the purposes of § 638 would not be promoted by a general reference of some claims and not others. (Superior Court of Alameda County, No. HG08418168, George C. Hernandez, Jr., Judge.) The Court of Appeal, Second Dist., Div. Four, Nos. A125496, A125714, denied mandate relief.

The Supreme Court affirmed the judgment of the Court of Appeal. The court held that the trial court had discretion to refuse to enforce the reference provisions, based on its concerns about judicial economy and the possibility of conflicting rulings, and did not abuse its discretion. Section 638 does not require a trial court to appoint a referee simply because the parties have entered into an otherwise valid predispute reference agreement. The use of the word "may" in § 638 indicates that appointment of a referee is discretionary. Moreover, the legislative history makes clear that § 638 gives trial courts discretion not to enforce valid reference agreements. (Opinion by Chin, J., with Cantil-Sakauye, C. J., Kennard, Werdegar, Moreno, Corrigan, JJ., and Simons, J.,[*] concurring.)

[*]   Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## HEADNOTES

CALIFORNIA OFFICIAL REPORTS HEADNOTES

**(1) Statutes § 35--Construction--Language--Words and Phrases--Particular Words--Shall and May.**--Courts ordinarily construe the word "may" as permissive and the word "shall" as mandatory, particularly when a single statute uses both terms. In other words, when the Legislature has used both "shall" and "may" in close proximity in a particular context, a court may fairly infer the Legislature intended mandatory and discretionary meanings, respectively. Nevertheless, in determining whether the Legislature intended a statute to be mandatory or permissive, use in the statute of "may" or "shall" is merely indicative, not dispositive or conclusive. Therefore, a court may properly consider other indicia of legislative intent, including relevant legislative history.

**(2) Referees § 1--Predispute Reference Agreements--Discretionary Enforcement.**--Code Civ. Proc., § 638, does not require a court to appoint a referee simply because the parties have entered into an otherwise valid predispute reference agreement. (Disapproving to the extent inconsistent: *Greenbriar Homes Communities, Inc. v. Superior Court* (2004) 117 Cal.App.4th 337 [11 Cal.Rptr.3d 371] and *Trend Homes, Inc. v. Superior Court* (2005) 131 Cal.App.4th 950 [32 Cal.Rptr.3d 411].)

**(3) Referees § 1--Predispute Reference Agreements--Discretionary Enforcement.**--The trial court, in refusing to enforce predispute reference agreements, did not abuse its discretion under Code Civ. Proc., § 638, in considering the risk of inconsistent rulings and considerations of judicial economy.

[Cal. Forms of Pleading and Practice (2010) ch. 38, Reference, § 38.15; 2 Kiesel et al., Matthew Bender Practice Guide: Cal. Pretrial Civil Procedure (2010) § 25.05.]

**COUNSEL:** Hart King & Coldren, Robert S. Coldren, Robert G. Williamson, Jr., Daniel T. Rudderow; Carlson Calladine & Peterson and Asim Kishore Desai for Petitioners Tarrant Bell Property, LLC, and Monterey Coast, LP.

Gray, Duffy, John J. Duffy and Frank J. Ozello, Jr., for Petitioner Spanish Ranch I, L.P.

No appearance for Respondent.

Endeman, Lincoln, Turek & Heater, James Allen, Henry E. Heater and Linda B. Reich for Real Parties in Interest.

Milstein, Adelman & Kreger, Mark A. Milstein, Fred M. Adelman and Mayo L. Makarczyk for Consumer Attorneys of California as Amicus Curiae on behalf of Real Parties in Interest.

June Babiracki Barlow and Neil Kalin for California Association of Realtors as Amicus Curiae on behalf of Real Parties in Interest.

**JUDGES:** Opinion by Chin, J., with Cantil-Sakauye, C. J., Kennard, Werdegar, Moreno, Corrigan, JJ., and Simons, J.,[*] concurring.

> [*] Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**OPINION BY:** Chin

**OPINION**

**CHIN, [\*2] J.**--We granted review in this case to decide whether, under Code of Civil Procedure section 638, [1] a trial court has discretion to refuse to enforce a predispute agreement providing that, in the event of dispute, a referee may hear and decide certain contested issues. The Court of Appeal held that a trial court has such discretion and that the trial court here properly exercised that discretion on the facts of this case. We agree with the Court of Appeal's holding and affirm its judgment.

> 1 All further unlabeled statutory references are to the Code of Civil Procedure.

**FACTUAL BACKGROUND**

In October 2008, 120 current and former lessees and residents of a mobilehome park in California (real parties in interest) sued the park's current and former owners (defendants) for failing properly to maintain the park's common areas and facilities and for otherwise subjecting park residents to substandard living conditions. The lease agreements between defendants and about 100 of the real parties in interest provide: (1) the parties will submit to arbitration any tenancy dispute (with certain exceptions

for actions by the owner), including claims regarding maintenance, condition, nature, or extent **[\*3]** of the facilities, improvements, services, and utilities provided to the space, park, or common areas of the park; and (2) "[i]f these arbitration provisions are held unenforceable for any reason ... all arbitrable issues in any judicial proceeding will be subject to and referred on motion by any party or the court for hearing and decision by a referee (a retired judge or other person appointed by the court) as provided by California law, including" section 638. [2]

> 2  The parties disagree as to the number of real parties in interest whose lease agreements contain these provisions. The precise number is not material here.

In December 2008, defendants moved to compel arbitration under section 1281.2 or, in the alternative, for appointment of a referee to hear the dispute under section 638, which provides in relevant part: "A referee may be appointed ... upon the motion of a party to a written contract ... that provides that any controversy arising therefrom shall be heard by a referee if the court finds a reference agreement exists between the parties: [¶] (a) To hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement **[\*4]** of decision. [¶] (b) To ascertain a fact necessary to enable the court to determine an action or proceeding." Real parties in interest opposed the motion, arguing that the arbitration provision was unenforceable for various reasons and that, because some of their lease agreements did not provide for arbitration or reference, the court should deny defendants' motion as to all real parties in interest in order to avoid the risk of conflicting rulings on common issues of law and fact.

The trial court agreed with real parties in interest and refused to compel arbitration or appoint a referee under section 638. Regarding the latter determination, it first noted the possibility of "inconsistent judgments" were it to order reference only as to real parties in interest who had signed a predispute reference agreement, but, citing *Greenbriar Homes Communities, Inc. v. Superior Court* (2004) 117 Cal.App.4th 337 [11 Cal. Rptr. 3d 371] (*Greenbriar*), found that that circumstance was "not a proper basis for denying a motion for general reference." Nevertheless, as a matter of discretion, the court refused to appoint a referee, reasoning: "[I]n this case the purposes of section 638 would not be promoted by a

general Reference **[\*5]** of some claims and not others. [¶] Ordering two groups of real parties in interest to try their cases in separate but parallel proceedings would not reduce the burdens on this court or the parties, result in any cost savings, streamline the proceedings, or achieve efficiencies of any kind. The parties would be required to conduct the same discovery, litigate[,] and ultimately try the same issues in separate but parallel forums. A general reference would thus result in a duplication of effort, increased costs, and, potentially, delays in resolution. Moreover, it would not reduce any burden on this Court, which would almost certainly have to hear, and decide, all of the same issues."

Defendants petitioned for a writ of mandate seeking to vacate the denial of their motion to appoint a referee. [3] The Court of Appeal denied relief, finding that the trial court had discretion to refuse to enforce the reference provisions because of the "possibility of conflicting rulings on a common issue of law or fact" and "other circumstances related to considerations of judicial economy," specifically, "the duplication of efforts, increased costs, potential delays in resolution, and an unmitigated burden **[\*6]** on the superior court."

> 3  Defendants separately appealed from the denial of their motion to compel arbitration. (§ 1294, subd. (a).) The Court of Appeal recently affirmed the trial court's decision. (*Abaya v. Spanish Ranch I, L.P.* (2010) 189 Cal.App.4th 1490 [118 Cal. Rptr. 3d 345].)

We then granted defendants' petition for review.

### DISCUSSION

As they did in the Court of Appeal, defendants argue here that, under section 638, where the moving party shows the existence of a valid reference agreement, a trial court has no discretion to deny a reference motion based on concerns about judicial economy or the possibility of conflicting rulings on a common issue of law or fact. For reasons explained below, we disagree.

**(1)** The starting point for determining this issue of statutory interpretation--"the statutory language" (*People v. Cole* (2006) 38 Cal.4th 964, 975 [44 Cal. Rptr. 3d 261, 135 P.3d 669])--does not support defendants' argument. As set forth above, section 638 provides that a referee "*may* be appointed" if, upon motion, a court finds that a reference agreement exists between the parties "that

provides that any controversy arising therefrom *shall* be heard by a referee." (Italics added.) Under "well-settled principle[s] of statutory construction," **[*7]** we "ordinarily" construe the word "may" as permissive and the word "shall" as mandatory, "particularly" when a single statute uses both terms. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal. Rptr. 574, 777 P.2d 610].) In other words, "[w]hen the Legislature has, as here, used both 'shall' and 'may' in close proximity in a particular context, we may fairly infer the Legislature intended mandatory and discretionary meanings, respectively." (*In re Richard E.* (1978) 21 Cal.3d 349, 353-354.) Thus, the statutory language does not support defendants' view that section 638 *required* the trial court here to grant their motion and appoint a referee.

Nevertheless, as we have explained, in determining whether the Legislature intended a statute to be mandatory or permissive, use in the statute of "may" or "shall" is merely indicative, not dispositive or conclusive. (*Jones v. Tracy School Dist.* (1980) 27 Cal.3d 99, 118 [165 Cal. Rptr. 100, 611 P.2d 441].) Therefore, we may properly consider other indicia of legislative intent, including relevant legislative history. (*Ibid*; *People v. Ledesma* (1997) 16 Cal.4th 90, 95 [65 Cal. Rptr. 2d 610, 939 P.2d 1310].)

As the Court of Appeal concluded, the legislative history of section 638 unmistakably shows a legislative intent to give trial **[*8]** courts discretion not to enforce valid reference agreements. Before 1982, section 638 provided in relevant part that "[a] reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket." (Stats. 1951, ch. 1737, § 93, p. 4117.) This provision was understood to authorize judicial enforcement only of postdispute reference agreements, i.e., those the parties enter into *after* the onset of litigation. (Legis. Counsel's Dig., Assem. Bill No. 3657, 6 Stats. 1982 (1981-1982 Sess.) Summary Dig., p. 152.) In 1982, to address enforcement of predispute reference agreements, an amendment to section 638 was proposed in the Legislature that would have added a new subdivision providing: "Parties to a written contract or lease may provide that any controversy arising therefrom will be heard by a reference and any party to such an agreement may move the court to compel the reference. If the court finds a reference agreement existing between the parties, the reference *shall be ordered*." (Assem. Bill

No. 3657 (1981-1982 Reg. Sess.) (Assem. Bill No. 3657), as introduced Mar. 18, 1982, italics added.) A legislative analysis of this proposed **[*9]** amendment explained that, under "[e]xisting law," a court "may" appoint a referee "upon agreement of the parties to civil litigation," and that the proposed amendment "would require a court to compel a reference if there is a pre-dispute agreement to refer." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 3657, as introduced, p. 1.) In a "Staff Comments" section, the analysis then posed these questions: "Should not the court *have the discretion* to decide that, despite the existence of the pre-dispute agreement, *the issues would be more properly or efficiently decided by the judge*? Therefore, should not this bill create a presumption that a court should compel a reference when parties have contractually agreed to one, *thereby permitting the court to determine that such a reference would be inappropriate*?" (*Id.*, pp. 1-2, italics added.)

(2) A few weeks later, the proposed new subdivision was deleted; in its place, after the then-existing introductory language--"[a] reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket"--the Legislature added the clause, "or upon the motion of a party to a written contract **[*10]** or lease which provides that any controversy arising therefrom shall be heard by a reference if the court finds a reference agreement exists between the parties." (Assem. Amend. to Assem. Bill No. 3657, May 10, 1982.) A legislative analysis of the amended bill, after noting that under "[e]xisting law," a court "may" appoint a referee "upon consent of the parties to civil litigation," explained: "This bill would provide that the court *could* also order a reference upon the motion of a party to a written contract or lease that provided that any controversy arising from its terms would be heard by reference. [¶] The purpose of this bill is *to aid courts* in enforcing reference agreements." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3657, as amended May 10, 1982, pp. 1-2, italics added.) The analysis also explained that, in the view of the amendment's "source," courts "should be *empowered* to compel a reference if one party unilaterally decides not to abide by a prior reference agreement." (*Id.* at p. 2, italics added.) This legislative history shows that the Legislature, in amending section 638 in 1982, consciously rejected language that would have imposed on courts a mandatory **[*11]** duty to enforce predispute reference agreements, and instead consciously chose

permissive language--which is, in relevant part, substantively identical to the language of the current statute--that would give courts discretion to refuse to enforce such agreements. [4] It therefore confirms the conclusion the statutory language suggests: section 638 does not *require* a court to appoint a referee simply because the parties have entered into an otherwise valid predispute reference agreement.

> 4 Revisions to the Legislative Counsel's Digest for the 1982 amendment further reflect the Legislature's conscious decision to make judicial enforcement of predispute reference agreements permissive rather than mandatory. The digest of the amending bill as introduced stated that, under the proposed amendment, "if the court finds a reference agreement existing between the parties, the reference *shall be ordered*." (Legis. Counsel's Dig. of Assem. Bill No. 3657 (1981-1982 Reg. Sess.) as introduced Mar. 18, 1982, italics added.) The digest for the bill as passed explained that, under the amended statute, a court "may order ... a reference" pursuant to a valid predispute reference agreement. (Legis. Counsel's [*12] Dig., Assem. Bill No. 3657, 6 Stats. 1982 (1981-1982 Sess.) Summary Dig., p. 152.)

**(3)** This legislative history also confirms the Court of Appeal's conclusion that the trial court, in refusing to enforce the predispute reference agreements, did not abuse its discretion in considering the risk of inconsistent rulings and considerations of judicial economy. As explained above, the legislative history shows that in revising the language of section 638's 1982 amendment to make appointment of a referee under section 638 permissive rather than mandatory, the Legislature was responding to the suggestion that courts should "have the discretion to decide that, despite the existence of the pre-dispute agreement, the issues would be more properly or efficiently decided by the judge." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 3657, *supra*, pp. 1-2.) The legislative history also shows that the Legislature amended the statute to relieve "court congestion" by "empower[ing]" courts "to compel a reference if one party unilaterally decides not to abide by a [predispute] reference agreement." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3657, *supra*, p. 2; see also *Treo @ Kettner Homeowners Assn. v. Superior Court* (2008) 166 Cal.App.4th 1055, 1066 [83 Cal. Rptr. 3d 318] [*13] [1982 amendment "was an attempt to

lessen judicial delays that were at the time a serious problem"].) Given these circumstances, the trial court acted well within its discretion in basing its refusal to appoint a referee on the risk of inconsistent rulings and considerations of judicial economy.

In arguing otherwise, defendants rely on *Greenbriar*, *supra*, 117 Cal.App.4th 337, and *Trend Homes, Inc. v. Superior Court* (2005) 131 Cal.App.4th 950 [32 Cal. Rptr. 3d 411] (*Trend Homes*). In the former, because only 43 of 69 plaintiffs had signed predispute reference agreements, the trial court denied the defendant's motion to appoint a referee, explaining that granting the motion " 'would cause [a] multiplicity of lawsuits.' " (*Greenbriar*, *supra*, at pp. 341-342.) The Court of Appeal reversed, finding no "statutory authorization" for refusing to enforce a predispute reference agreement because "of other pending or multiple actions." (*Id.* at p. 348.) Similarly, in *Trend Homes*, where only 11 of 50 plaintiffs had signed predispute reference agreements, the Court of Appeal held that "the risk of multiple actions proceeding in different forums" was not a basis for denying the defendant's motion to appoint a referee. (*Trend Homes*, *supra*, at p. 964.)

Neither [*14] decision is persuasive. In finding no "statutory authorization" for refusing to enforce a predispute reference agreement because "of other pending or multiple actions" (*Greenbriar*, *supra*, 117 Cal.App.4th at p. 348), the court in *Greenbriar* failed to consider either the language or legislative history of section 638. This omission perhaps resulted from the plaintiffs' apparent failure in *Greenbriar* to rely on these considerations; as far as appears from the *Greenbriar* opinion, the plaintiffs there argued only that a court's discretion to refuse to enforce a predispute reference agreement "derive[s] from analogous statutory authority given courts under ... section 1281.2 to refuse to enforce *arbitration* agreements pending a court action between a party to the arbitration agreement and a third party." (*Greenbriar*, *supra*, at p. 346, italics added.) Whatever its cause, this failure to consider section 638's language and legislative history renders *Greenbriar* of little assistance. *Trend Homes* is even less helpful; there, in finding that courts lack discretion to refuse to enforce predispute reference agreements based on the risk of multiple actions, the court simply quoted *Greenbriar* and [*15] noted the plaintiffs' failure to cite any supporting authority. (*Trend Homes*, *supra*, 131 Cal.App.4th at p. 964.) For these reasons, defendants' reliance on these

decisions fails. [5]

> [5] We disapprove *Greenbriar Homes Communities, Inc. v. Superior Court, supra*, 117 Cal.App.4th 337, and *Trend Homes, Inc. v. Superior Court, supra*, 131 Cal.App.4th 950, to the extent they are inconsistent with our conclusion.

**DISPOSITION**

For the reasons explained above, we affirm the Court of Appeal's judgment.

Cantil-Sakauye, C. J., Kennard, J., Werdegar, J., Moreno, J., Corrigan, J., Simons, J.,[*] concurred.

> [*] Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.