# EXHIBIT 4

MARK P. RESSLER *(pro hac vice)*
R. TALI EPSTEIN *(pro hac vice)*
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
mressler@kasowitz.com
tepstein@kasowitz.com

PATRICK K. FAULKNER (SBN 070801)
County Counsel
SHEILA SHAH LICHTBLAU (SBN 167999)
Deputy County Counsel
3501 Civic Center Drive, Room 275
San Rafael, California 94903
Telephone: (415) 499-6117
Facsimile: (415) 499-3796
pfaulkner@co.marin.ca.us
slichtblau@co.marin.ca.us

Attorneys for Plaintiff
COUNTY OF MARIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF MARIN

| | |
|---|---|
| COUNTY OF MARIN,<br><br>                           Plaintiff,<br><br>             v.<br><br>DELOITTE CONSULTING LLP,<br><br>                           Defendant. | Case No. CIV 1002787<br><br>JAMS Ref. No. 1110013078<br><br>**PLAINTIFF COUNTY OF MARIN'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT DELOITTE CONSULTING LLP'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES** |
| DELOITTE CONSULTING LLP,<br><br>                           Cross-Plaintiff,<br>             v.<br><br>COUNTY OF MARIN and DOES 1-10,<br><br>                           Cross-Defendants. | Referee: Hon. John Herlihy (Ret.)<br><br>Complaint Filed: May 28, 2010 |

---

The County's Amended Responses and Objections to Deloitte's First Set of Specially Prepared Interrogatories;
Case No. CIV 1002787; JAMS Ref. No. 1110013078

| | |
|---|---|
| documentation concerning the SAP system. | discerned. Deloitte also failed to produce "To Be" documentation. Deloitte consultants further failed to tailor their blueprinting to SAP ERP 2005, which Deloitte persuaded the County to implement, instead designing the County's blueprints in accordance with the earlier version of the software. |
| Deloitte breached the parties' contractual agreement by failing to provide the necessary organizational change management services. | Jen Michaud and Kirsten Mecklenburg, the only Deloitte consultants with change management experience were prematurely rolled off of the Project. Deloitte consultants commonly rolled off of the Project without engaging in any knowledge transfer. |
| Deloitte breached the parties' contractual agreement by failing to utilize reasonable testing procedures and adequately test the SAP system. | Deloitte failed to perform a mock year-end close of the County's financial books and records and other standard testing procedures before the Release I go-live. Deloitte deviated from standard testing protocol by failing to test the kind and quantity of data transactions needed to replicate the reality of the County's financial, human resources and payroll operations (i.e., actual business scenarios). Deloitte failed to develop testing scripts that would detect bugs and other design flaws in the SAP system. Deloitte failed to perform stress testing, negative scenario and parallel payroll testing. Deloitte failed to perform, or incompletely or incorrectly performed, critical unit testing concerning the following business processes: year-end close procedures, financial reporting, time reporting, work schedules, handling of concurrent assignments, grants management and project systems. Deloitte failed to perform end-to-end integration testing. The payroll tests that were conducted were insufficient and not representative of the County's operations, and Deloitte completely failed to test the disbursement of retirement benefits. |
| Deloitte breached the parties' contractual agreement by failing to properly utilize the ASAP methodology. | Deloitte consultants failed to tailor their blueprinting to SAP ERP 2005, which Deloitte persuaded the County to implement, instead designing the County's blueprints in accordance with an earlier version of the software. Further, Deloitte failed to map a "To Be" system that accounted for the County's requirements. |
| Deloitte breached the parties' contractual agreement by failing to perform required post-production work. | Deloitte failed to: (1) test and implement an ACO closing; (2) complete the BenCal interface; (3) implement the correct version of BI; (4) redesign and correct the SAP system so that it could perform cash reconciliations; (5) redesign and correct the SAP system to provide required funds management functionality; (6) provide an SAP system that could perform departmental allocations; (7) complete human resources reporting functionality; (8) implement |

7

The County's Amended Responses and Objections to Deloitte's First Set of Specially Prepared Interrogatories; Case No. CIV 1002787; JAMS Ref. No. 1110013078

reporting; (7) implementing the plant maintenance module; (8) implementing the controlling module; and (9) repairing the portal. The work performed under Metz's guidance is reflected in County e-mails exchanged daily during the Project and remediation efforts, and in "Get Well" program plan documentation.

The County paid Metz approximately $312,000 for the remediation, repair and reimplementation work he performed and incurred approximately $4 million in additional consulting fees paid to independent contractors and other vendors involved in the remediation effort. The County also expended approximately $9 million in staff salaries which were paid to the County employees who worked with Metz on the Get Well projects.

Consultant Metz and County employees Heather Burton, David Hill, Rwena Holiday and Angie Hisanaga are persons with knowledge of the work performed by or under the supervision of Metz.

The information provided above comprises the facts as currently understood by, and known to, the County based on the County's investigation to date. The County has not completed its discovery relating to this action, and therefore reserves its right to make modifications to its response.

DATED: April 7, 2011

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/
Mark P. Ressler
R. Tali Epstein

*Attorneys for Plaintiff County of Marin*

# **VERIFICATION**

I, Heather Burton, declare:

I am an ERP Senior System Analyst for the County of Marin and am authorized to make this verification on behalf of plaintiff. I have read the COUNTY OF MARIN'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT DELOITTE CONSULTING LLP'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES and know its contents. I am informed and believe that the matters stated therein are true and verify that the responses are correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 5th day of April, 2011 at San Rafael, California.

*[signature]*
Heather Burton

---

Verification of Heather Burton of the County's Amended Responses and Objections to Deloitte's First Set of Specially Prepared Interrogatories; Case No. CIV 1002787; JAMS Ref. No. 1110013078