1   Thomas B. Mayhew (State Bar No. 183539)
    tmayhew@fbm.com
2   Christina Hollander (State Bar No. 267292)
    chollander@fbm.com
3   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Attorneys for Defendant
    ERNEST W. CULVER
7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  COUNTY OF MARIN,                     Case No.  3:11-cv-00381-SI

13              Plaintiff,               **DEFENDANT ERNEST W. CULVER'S**
                                         **MOTION TO DISMISS THE AMENDED**
14       vs.                             **COMPLAINT (FRCP 9(b) AND 12(b)(6))**

15  DELOITTE CONSULTING LLP, SAP         Judge:          Honorable Susan Illston
    AMERICA, INC., SAP PUBLIC            Hearing Date:   August 5, 2011
16  SERVICES, INC. and ERNEST W.         Time:           9:00 am
    CULVER,                              Courtroom:      10, 19th Floor
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

II.    STATEMENT OF ISSUES TO BE DECIDED ............................................................ 2

III.   ARGUMENT ............................................................................................................ 2

    A.     CULVER IS STATUTORILY IMMUNE FROM LIABILITY FOR THE
        ACTS UNDERLYING THE COUNTY'S CLAIMS AGAINST HIM. ................. 2

    B.     ALTERNATIVELY, THE FRAUD AND BREACH OF FIDUCIARY
        DUTY CLAIMS FAIL FOR LACK OF PARTICULARITY UNDER
        RULE 9(B). ........................................................................................................ 8

        1.     The "Project Deliverable Approval Forms" ........................................ 9

        2.     "Oral misrepresentations" ................................................................ 13

        3.     Change Orders and Contracts .......................................................... 13

        4.     "Concealed Material Facts" ............................................................. 14

    C.     ALTERNATIVELY, THE SECTION 1090 ALLEGATIONS AGAINST
        CULVER FAIL BECAUSE THEY DO NOT IDENTIFY A
        CONTEMPORANEOUS FINANCIAL INTEREST, AND BECAUSE
        THEY SEEK NO RECOVERY FROM CULVER. ........................................... 15

        1.     The Eighth Claim Fails To State A Claim For Relief Against
        Culver ............................................................................................... 15

        2.     The Ninth Claim Fails To State A Claim For Relief Against Culver ....... 16

        3.     The Complaint Does Not Allege That Culver Was Financially
        Interested In Any Contracts At The Time They Were Made ................... 16

IV.    CONCLUSION ...................................................................................................... 18

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)                - i -

26482\2619400.1

1

## TABLE OF AUTHORITIES

Page

2

## FEDERAL CASES

3

*Abarca v. Merck & Co.*,
    No. 1:07-CV-00388, 2010 U.S. Dist. LEXIS 26423 (E.D. Cal. Mar. 16, 2010) ................... 11

4

*Ackerman v. Northwestern Mut. Life Ins. Co.*,
    172 F.3d 467 (7th Cir. 1999).................................................................................................. 8

5

6

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................................................ 16

7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 16

8

9

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994)................................................................................................... 9

10

*Chih Cheng Tsao v. County of Los Angeles*,
    No. 09-01268 DDP, 2009 U.S. Dist. LEXIS 112478, *17 (C.D. Cal. Dec. 3, 2009) .............. 4

11

12

*In re Facebook PPC Adver. Litig.*,
    No. 5:09-cv-03043, 2010 U.S. Dist. LEXIS 136505 (N.D. Cal. Dec. 15, 2010)..................... 9

13

*Galbraith v. County of Santa Clara*,
    307 F.3d 1119 (9th Cir. 2002)............................................................................................... 9

14

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994)........................................................................................... 8, 13

15

16

*Gregoire v. Biddle*,
    177 F.2d 579 (2d Cir. 1949).................................................................................................. 3

17

18

*Marksman Partners, L.P. v. Chantal Pharm. Corp.*,
    927 F. Supp. 1297 (C.D. Cal. 1996)...................................................................................... 8

19

*Moore v. Kayport Package Express Inc.*,
    885 F.2d 531 (9th Cir. 1989).......................................................................................... 8, 11

20

21

*Ronconi v. Larkin*,
    253 F.3d 423 (9th Cir. 2001)............................................................................................... 13

22

*Rubke v. Capitol Bancorp LTD*,
    551 F.3d 1156 (9th Cir. 2009).................................................................................... 10-11, 14

23

24

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)............................................................................................... 8

25

*Wessa v. Watermark Paddlesports, Inc.*,
    No. C06-5156, 2006 U.S. Dist. LEXIS 32412 (W.D. Wash. May 22, 2006)........................ 15

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT (Case No.: 3:11-cv-00381-SI)     - ii -

26482\2619400.1

1

**STATE CASES**

*Brown v. City of Los Angeles,*
    267 Cal. App. 2d 849 (1968)................................................................................. 5, 6

*City of Oakland v. California Const. Co.,*
    15 Cal. 2d 573 (1940) ......................................................................................... 17

*Curcini v. County of Alameda,*
    164 Cal. App. 4th 629 (2008) ............................................................................ 4, 7

*Lipman v. Brisbane Elementary Sch. Dist.,*
    55 Cal. 2d 224 (1961) ........................................................................................... 3

*Los Angeles Police Protective League v. City of Los Angeles,*
    27 Cal. App. 4th 168 (1994) ................................................................................. 3

*Ramirez v. City of Redondo,*
    185 Cal. App. 3d (1986) ....................................................................................... 3

*Rubino v. Lolli,*
    10 Cal. App. 3d 1059 (1970) ................................................................................ 4

*Sonoma AG Art, LLC, v. Dept. of Food and Agric.,*
    125 Cal. App. 4th 122 (2004) ............................................................................... 5

*Thomson v. Call,*
    38 Cal. 3d 633 (1985) ......................................................................................... 16

**FEDERAL STATUTES**

Federal Rule of Civil Procedure
    8(a)(2)................................................................................................................. 16

Federal Rule of Evidence
    201(b) ................................................................................................................. 11
    201(d) ................................................................................................................. 11

**STATE STATUTES**

California Government Code
    § 820.2.......................................................................................................... *passim*
    § 821.2....................................................................................................... 5, 6, 7, 8
    § 1090.......................................................................................................... *passim*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT (Case No.: 3:11-cv-00381-SI)

- iii -

26482\2619400.1

1

## NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on August 5, 2011 at 9:00 a.m. or as soon thereafter as the

4

matter may be heard in Courtroom 10 of the Honorable Susan Illston, located at 450 Golden Gate

5

Avenue, San Francisco CA, 94012, Defendant Ernest W. Culver will move, and hereby does

6

move, for an order pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure,

7

dismissing all claims against him in the Amended Complaint by Plaintiff, County of Marin.  This

8

Motion is made on the grounds that: (1) Culver is statutorily immune from liability for the actions

9

underlying the County's claims against him; or (2) Alternatively, the County's claims fail because

10

the fraud and breach of fiduciary duty claims are grounded in fraud that is not alleged with the

11

requisite particularity; and the County fails to adequately allege a cause of action under California

12

Government Code section 1090 because it does not allege that Culver had a cognizable financial

13

interest in any contract at the time it was executed, and does not state what relief, if any, Culver

14

can provide.

15

This Motion is based on this Notice of Motion, the following Memorandum of Points and

16

Authorities in Support of the Motion, the Declaration of Thomas B. Mayhew in support, the other

17

Defendants' Motions to Dismiss and related filings, and such other matters and arguments as may

18

come before the Court, including the reply briefing and oral argument on Defendants' Motions.

19

Dated: May 20, 2011                                FARELLA BRAUN + MARTEL LLP

20

21

By:___/s/ Thomas B. Mayhew_____
                                                                 Thomas B. Mayhew

22

23

Attorneys for Defendant
                                                                 ERNEST W. CULVER

24

25

26

27

28

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

26482\2619400.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION AND SUMMARY OF ARGUMENT

In 2004, the County of Marin (the "County") decided to replace its financial management, payroll, and HR systems with a software system from SAP Public Services, Inc. ("SAP Public Services"), to be installed and implemented by Deloitte Consulting Services, Inc. ("Deloitte"). Amended Complaint ("Am. Compl.") ¶¶ 44, 58.  The County alleges that the system does not work very well, because Deloitte failed to implement it properly.  *Id.* ¶ 13.

The County sued Deloitte in state court, and that case is still pending.  The case alleged fraud and misrepresentation by Deloitte.  Deloitte's initial demurrer to the complaint was granted, and portions of a demurrer to the amended complaint were granted as well to all tort claims other than fraudulent inducement to enter into the contract.

In this related case, the County sues Deloitte, SAP Public Services, SAP America, Inc., and Ernest Culver ("Culver").  Culver was the Assistant Auditor-Controller for the County until July 2007, and was Project Director until March 2007.  *Id.* ¶ 19.  The County claims that Culver signed off on project documents and entered into new contracts with Deloitte and SAP, and asserts that these acts were wrongful and fraudulent, and that Culver did them because Deloitte employees took him to dinner at nice restaurants and discussed potential employment opportunities with him.  *Id.* ¶ 114.  The County filed the current Amended Complaint on April 6, 2011, and alleges four claims against Culver:  fraud, breach of fiduciary duty, and two duplicative causes of action for violation of California Government Code section 1090.[1]

The claims against Culver should each be dismissed because, under the Government Code, public employees are immune from liability for claims based on their discretionary decision-making and their signing of approval or authorization documents.  Each claim against Culver is based on this protected behavior, and therefore must be dismissed.

Alternatively, the claims each fail on other grounds.  The fraud claim and breach of fiduciary duty claim (to the extent it is based on fraud) fail because they are not pleaded with the

---

[1] All future code references are to California code sections.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

- 1 -

26482\2619400.1

1  required Rule 9(b) particularity.  Specifically, the particular statements made are never alleged,

2  the recipient or listener is never identified, and the County never explains what it contends

3  renders Culver's statements false.  Additionally, the Government Code section 1090 claims fail to

4  state a claim for relief against Culver because they are claims for rescission – and Culver was not

5  a party to the contracts so rescission against him has no legal effect – and because the alleged

6  "financial interest" (if going to a nice dinner or considering, as opposed to having, a job can be

7  considered the requisite financial interest) did not exist at the time the contracts were formed.

8  ## II.   STATEMENT OF ISSUES TO BE DECIDED

9        1.       Whether the claims against Culver are barred by statutory immunity under the

10  Government Code.

11       2.       Whether the County adequately alleges a fraud claim against Culver with

12  particularity.

13       3.       Whether the County has a valid Government Code section 1090 claim where it

14  does not identify any financial interest Culver had in any County contracts with Deloitte and SAP

15  Public Service at the time they were made, and does not allege any relief available from Culver.

16  ## III.  ARGUMENT

17  ### A.    CULVER IS STATUTORILY IMMUNE FROM LIABILITY FOR THE
       ACTS UNDERLYING THE COUNTY'S CLAIMS AGAINST HIM.

18

19       The County's claims against Culver should be dismissed because Culver is statutorily

20  immune from liability arising from his discretionary decisions and signing of approval forms, and

21  these immunized decisions form the basis of every allegation against him.  The core allegation

22  against Culver is that he was unlawfully influenced in exercising his judgment about whether

23  Deloitte was satisfactorily completing the project.  Paragraph 131 states the County's core theory:

24       131.   On the County's Project (as on all public sector SAP projects), the
       integrity of the sign-off process necessarily depended on the objective, good-faith
25       assessment by the County project manager, Culver, that the integrator, Deloitte,
       had in fact performed the work it purported to perform and for which it was
26       seeking fees. **This is because the County had delegated to Culver the
       responsibility of exercising conflict-free judgment in evaluating and
27       determining whether it was appropriate to approve Deloitte's work by
       signing off on the Deliverables.**  Once Culver executed the Deliverable sign-off,
28       the accounting department would, as a ministerial matter, tender payment to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)                - 2 -

26482\2619400.1

1    Deloitte. **Here, far from exercising such conflict-free judgment, Culver was**
     **being feted by Deloitte at the same time that he was signing the below**
2    **Deliverables, and was approving work by Deloitte that he knew, or was**
     **reckless in not knowing, was defective or, at a minimum, did not comply with**
3    **the requirements of the ISA.**

4    Am. Compl. ¶ 131 (emphasis added). The claims against Culver fail precisely because of this

5    allegation: as a matter of law, Culver cannot be sued for "signing-off" on paperwork during his

6    employment as a County official, and he cannot be sued for mis-exercising discretion or judgment

7    that was delegated to him in his position.

8          Public employees make decisions every day that could affect people's lives or finances.

9    Because permitting public employees to be sued for their decisions could chill their ability to

10   perform their functions, the common law and the Government Code provide public employees

11   immunity from liability for discretionary decision making. Cal. Gov't Code § 820.2 ("a public

12   employee is not liable for an injury resulting from his act or omission where the act or omission

13   was the result of the exercise of the discretion vested in him, whether or not such discretion be

14   abused."). "The subjection of officials, the innocent as well as the guilty, to the burden of a trial

15   and to the danger of its outcome would impair their zeal in the performance of their functions,

16   and it is better to leave the injury unredressed than to subject honest officials to the constant dread

17   of retaliation." *Lipman v. Brisbane Elementary Sch. Dist.*, 55 Cal. 2d 224, 229 (1961)

18   (superseded by statute on other grounds as stated in *Los Angeles Police Protective League v. City*

19   *of Los Angeles,* 27 Cal. App. 4th 168 (1994)[2]); *see also Ramirez v. City of Redondo,* 185 Cal.

20   _____
     [2] The original quote traces back to Judge Learned Hand's decision in *Gregoire v. Biddle*, 177
21   F.2d 579 (2d Cir. 1949). The full passage reflects the policy judgment behind granting immunity
     from suit to public officials based on their exercise of discretion:
22   "It does indeed go without saying that an official, who is in fact guilty of using his powers to vent
     his spleen upon others, or for any other personal motive not connected with the public good,
23   should not escape liability for the injuries he may so cause; and, if it were possible in practice to
     confine such complaints to the guilty, it would be monstrous to deny recovery. The justification
24   for doing so is that it is impossible to know whether the claim is well founded until the case has
     been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a
25   trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most
     resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again
26   the public interest calls for action which may turn out to be founded on a mistake, in the face of
     which an official may later find himself hard put to it to satisfy a jury of his good faith. There
27   must indeed be means of punishing public officers who have been truant to their duties; but that is

28

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT (Case No.: 3:11-cv-00381-SI)          - 3 -                                26482\2619400.1

App. 3d (1986).

A discretionary act is one which requires choice or the exercise of judgment.  *Chih Cheng Tsao v. County of Los Angeles,* No. 09-01268 DDP, 2009 U.S. Dist. LEXIS 112478, *17 (C.D. Cal. Dec. 3, 2009).  The decision to enter into a public contract has been deemed discretionary. *Curcini v. County of Alameda,* 164 Cal. App. 4th 629, 648 (2008).  In *Curcini v. County of Alameda*, the plaintiffs, former chaplains at the Alameda County Jail, brought suit against the Alameda County Sheriff's Office.  The plaintiffs had responded to a request for proposals for chaplain services issued by the Sheriff's Office, but it was alleged that the Sheriff's Office actually planned to accept the bid of a rival chaplain services group regardless of who was better qualified.  When the Sheriff's Office accepted the rival bid and eventually declined to award the contract at all, the plaintiffs brought suit, alleging that the Sheriff's Office intentionally misrepresented that they would fairly evaluate the bid the chaplains submitted in response to the request for proposals.  The court found that under Government Code section 820.2, the County of Alameda's liability could not be based on the decision to award the contract to the rival group, or the ultimate choice not to award the contract at all.  The court explained, "[b]ecause the award of a public contract involves the exercise of discretion, the government employees and entities involved are immune from liability." *Id.* at 648; *see also Rubino v. Lolli*, 10 Cal. App. 3d 1059,

---

*Footnote Continued*

quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors.  As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative.  In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.  Judged as res nova, we should not hesitate to follow the path laid down in the books.

The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds.  A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine.  What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him.  For the foregoing reasons it was proper to dismiss the first count." *Id.* at 581.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

- 4 -

26482\2619400.1

1064 (1970) ("Hence the statutory immunities provided by sections 815.2 and 820.2 preclude any liability on respondents' part even if, as alleged, the director abused his discretion when he awarded the contract to plaintiffs' competitor.").

In addition, public employees must often decide which forms or authorizations to sign or not sign, with high stakes for those affected by their decisions.  The Government Code thus immunizes public employees from the consequences of an allegedly bad sign-off decision.  Cal. Gov't Code § 821.2 ("A public employee is not liable for an injury caused by his issuance of . . . any permit, license, certificate, *approval*, order, *or similar authorization* where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked.") (emphasis added); *see Sonoma AG Art, LLC, v. Dept. of Food and Agric.,* 125 Cal. App. 4th 122, 126 (2004) (holding that issuance of a certificate erroneously stating that plaintiff's grapevines were diseased was a discretionary decision for which the state was immune from liability).  Under this provision, government employees are immune from liability for their decisions to issue approvals and certifications even where the plaintiff alleges that the employee willfully made false statements.  In *Brown v. City of Los Angeles*, 267 Cal. App. 2d 849, 849 (1968), the plaintiff sought damages from the City of Los Angeles, claiming that its Department of Building and Safety had "willfully, wrongfully and negligently" erroneously notified her that she had to shut down her business because it was located in an area zoned for residential use only.  Although the plaintiff alleged that the City willfully issued the erroneous notification, the court indicated that the City of Los Angeles was completely immune from liability for their actions because "[w]hether the act in question be deemed a 'misrepresentation' (*§ 818.8*), the 'issuance . . . of an order' (*§§ 818.4, 821.2*), the 'revocation of . . . authorization' (*§§ 818.4, 821.2*), an act 'under the apparent authority of an enactment that is . . . inapplicable' (*§ 820.6*), or the institution of a 'judicial or administrative proceeding' (*§ 821.6*), it is apparent that the Legislature intended it to remain exempt from liability."  *Id.* at 851.

Culver is thus immune from liability for signing Deliverables and inducing the County to pay for improperly performed work, enter into additional contracts, and to proceed with the Release II go-live because the decisions underlying those actions were made in Culver's

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

- 5 -

26482\2619400.1

discretion.  Culver was the Assistant Auditor-Controller and "Project Director."  Am. Compl. ¶ 248.  Culver was not a low-level employee merely carrying out the orders of his supervisors in a ministerial fashion.  On the contrary, the County had specifically delegated to Culver the responsibility of exercising his judgment in evaluating and approving Deloitte's work by signing off on the Deliverables.  *Id.* ¶ 131.  Indeed, the foundation of the fiduciary duty claim is that Culver's job was to make decisions and act independently:  "Culver supervised the work of others, exercised discretion and worked independently in many of his job assignments and duties."  *Id.* ¶ 248.  He even had the authority to act as an agent of the County when dealing with third parties.  *Id.*  The County charged Culver with the obligation to approve Deloitte's work and make related discretionary decisions about the course and direction of the project.  As a result, his decisions to enter into additional contracts, issue approvals, and take other discretionary actions, are protected.

The County may not use hindsight to second-guess the judgment of Culver who was delegated the responsibility and authority to manage the project and had to make decisions based on the information available to him at the time.  Under *Brown v. City of Los Angeles*, this is true even despite the allegations that he willfully issued erroneous approvals of Deloitte's or SAP Public Services' work.  Culver's decision to sign documents indicating his approval (or "acceptance") of the work, his alleged decision that additional contracts would be necessary (though as stated above, the Amended Complaint is vague about what "additional contracts" were signed, if any), and that the Release II go-live should go forward as planned, are each protected exercises of discretion under section 820.2, and are also each approvals or authorizations protected by section 821.2.  Even if those decisions could be judged in hindsight to be the wrong choice, Culver is immune from the claim.

These two immunities – for discretionary actions, and for approvals, authorizations, and similar conduct – apply with particular force to the claim for breach of fiduciary duty.  In the claim for "Breach of Fiduciary Duty/Duty of Loyalty," the Amended Complaint alleges:

> 248. Culver was the Assistant Auditor-Controller at the County and Project Director, held a position of trust and confidence with the County. Culver supervised the work of others, exercised discretion and worked independently in

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

- 6 -

26482\2619400.1

many of his job assignments and duties. Culver also represented the County in its dealings with third parties and was an agent of the County. Culver thus owed the County a fiduciary duty and duty of loyalty that included, but was not limited to, an obligation not to take any action that would be contrary to the County's best interests or that would deprive the County of any opportunities, profit or advantage.

249. Culver breached his fiduciary duty and duty of loyalty to the County by inducing the County to pay Deloitte for work that Culver knew had not been properly performed (or not performed at all), to enter into additional contracts with Deloitte and the SAP Defendants and to proceed with Release II go-live.

Am. Compl. ¶¶ 248-49. These allegations make clear that the basis of the claim is Culver's exercise of discretion. A claim based on alleged misuse of that discretion is barred by Government Code sections 820.2 and 821.2.

The Government Code section 1090 claims also fail in light of the immunities provided by sections 820.2 and 821.2 because these sections protect the very actions underlying the County's section 1090 claims. Section 821.2 immunizes public employees from liability for signing approval or authorization forms, and section 820.2 immunizes public employees for liability for their discretionary decisions, including the decision to enter into contracts. Cal. Gov't Code §§ 820.2, 821.2; *see also Curcini,* 164 Cal. App. 4th at 648. The County alleges that Culver approved change orders, approved contracts to retain SAP fund management and inventory consultants, and edited a letter upon which the Board of Supervisors based its decision to enlarge the project budget. Am. Compl. ¶¶ 142, 146, 151, 161. As discussed in detail below, the County fails to show that these are new contracts with Deloitte or SAP Public Services and that Culver was interested in them at the time they were made. Thus, the Amended Complaint on its face does not overcome the immunities imposed by sections 820.2 and 821.2 that protect his decisions to sign approvals, enter into contracts, or use his discretion to edit a letter. As a result, the Government Code section 1090 claims must fail.

Public employees would have much to fear if, after they leave public employment, their successors could make a political decision that their predecessor's decisions were "contrary to the County's best interests" or the predecessor was wrong or biased in his "judgment in evaluating and determining whether it was appropriate to approve" work on government projects. Am.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT (Case No.: 3:11-cv-00381-SI)

- 7 -

26482\2619400.1

Compl. ¶¶ 131, 248.  Because the County's claims are based on Culver's approval of documents, and other discretionary choices he made as a government employee within the scope of his delegated powers, they are barred by Government Code sections 820.2 and 821.2.  Accordingly, all claims against Culver should be dismissed.

### B.   ALTERNATIVELY, THE FRAUD AND BREACH OF FIDUCIARY DUTY CLAIMS FAIL FOR LACK OF PARTICULARITY UNDER RULE 9(B).

Immunities aside, both the fraud and the breach of fiduciary duty claims (to the extent it is based on fraud) should be dismissed based on Rule 9(b).  Rule 9(b) requires that fraud be pleaded with particularity: for each allegedly fraudulent statement, the complaint must plead the precise statement constituting the misrepresentation, who said it, who it was said to, whether it was oral or written, where the statement took place, when the statement took place, and what about the statement was false when made.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994) (superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996)); *Moore v. Kayport Package Express Inc.,* 885 F.2d 531, 540 (9th Cir. 1989) (finding that plaintiffs' claims were not plead with particularity because, *inter alia*, "[t]he complaint does not specify which plaintiff received which prospectus, or which plaintiff(s) made purchases through the stockbroker defendants, or which securities the investors allegedly purchased.").  If these elements are not each alleged, the pleading lacks particularity and should be dismissed (though on the first time, certainly with leave to amend).  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003) ("When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim.").  Requiring particularity provides an increased measure of protection for a defendant's reputation, in part by forcing plaintiffs to conduct a precomplaint investigation in sufficient depth "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).  The Amended Complaint here in both the Third Cause of Action (for fraud) and the Fifth Cause of Action (for breach of fiduciary duty, to the extent that this claim is based on

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)        - 8 -

26482\2619400.1

1    allegations of fraud) fails the test for particularity.  Each category of alleged misrepresentations is

2    discussed below.

3                        1.        The "Project Deliverable Approval Forms"

4            The County alleges that Culver made three different types of misrepresentations in signing

5    the Project Deliverable Approval Forms: (1) that the work was properly completed; (2) that the

6    Deliverables were accompanied by the required documentation; and (3) that he was authorized to

7    sign the Deliverables.[3]  None of these categories of misrepresentations are pleaded with the

8    requisite specificity.

9            The first and principal set of alleged misrepresentations is that Culver signed Deliverables

10   knowing the work he approved was defective.[4]  However, the Amended Complaint does not

11   explain how the 20 identified approval forms are false, and it does not state what representations

12   in the forms were false, why the representations were false or to whom the false representations

13   were made.

14           Take DED12, for example.  *See* Declaration of Thomas B. Mayhew in Support of

15   Defendant Ernest Culver's Motion to Dismiss the Amended Complaint ("Mayhew Decl."), Exh.

16   A (attaching copy of DED12).[5]  Culver does not appear to make any affirmative statement in the

17   document, other than signing under a heading "acceptance of deliverable."  The allegation in the

18   Amended Complaint is apparently that this deliverable was "defective."  Am. Compl. ¶¶ 131-32.

19   But the Amended Complaint does not explain what was defective about the deliverable, and the

20   ─────────────────────

[3] There is overlap between these categories because in some cases the Complaint alleges both that
21   Culver approved defective work and misrepresented his authority to approve such work.  *See e.g.*
     Complaint ¶ 166.
22   [4] Complaint ¶ 132 (DED12, DED13, DED19, DED22, DED24, DED26, DED33, DED35,
     DED36, DED38, DED41), ¶ 149 (DED29, DED37, DED45, DED51), ¶ 166 (DED01, DED40,
23   DED50), ¶ 174 (obtained Culver's approval on behalf of the County for additional Deliverables
     "purportedly completed by Deloitte," including DED30 (Lessons Learned Assessment).), ¶ 177
24   (signed the Project's last remaining Deliverable(s), including "DED47 (Completed Systems
     Testing), which encompassed the defective Deloitte testing that Yeager had refused to approve.").
25   [5] *See In re Facebook PPC Adver. Litig.*, No. 5:09-cv-03043, 2010 U.S. Dist. LEXIS 136505, *9
     (N.D. Cal. Dec. 15, 2010) ("under the 'incorporation by reference' doctrine, the Court also may
26   consider documents which are referenced extensively in the complaint and which are accepted by
     all parties as authentic"); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled
27   on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)                    - 9 -

26482\2619400.1

1   defect is not readily apparent.  The allegations as to the other DED documents are similarly

2   unspecific.  None of them identify what Culver allegedly misrepresented within the document.

3   None of them say what was false, other than in the broadest terms.

4       The Amended Complaint arguably reaches its most specific at paragraph 130, but this

5   paragraph fails to meet the test because it does not identify any actual representations made by

6   Culver, or explain how those representations are false.  In paragraph 130, the Amended

7   Complaint alleges, with regards to the first batch of DEDs signed by Culver, that:

8       With the signature of each Deliverable, Culver represented to the County and the
9       public, as stated in the ISA, that: "(i) such Deliverable contains no material errors
        or defects; (ii) such Deliverable meets or fulfills, in all material aspects, the
10      Acceptance Criteria, and (iii) all training and other Services required by this
        Agreement in connection with the provision of such Deliverable have been
11      completed in all material aspects. . . ."

12  Am. Compl. ¶ 130.  This allegation is insufficient.

13      First, it does not say what statement Culver made that the County claims represented that

14  the work "contains no material errors or defects," "fulfills . . . the Acceptance Criteria," and "all

15  training and other Services . . . have been completed."  Those words do not appear on the actual

16  DEDs.[6]  Plaintiff should identify which words precisely Plaintiff contends comprise the false

17  statement.

18      Second, it does not say what rendered the statement false.  *Rubke v. Capitol Bancorp LTD,*

19  _____

20  [6]  The ISA does contain the language that is apparently quoted in paragraph 130, under a section
    about the County's right to review and test each material Deliverable "that is not a Software
21  Component or portion thereof," at subparagraph 13.3.  *See* Decl. of Geoffrey Holtz in support of
    Mot. to Reassign Action to Referee, January 26, 2011, Dkt. No. 9, Exh. A at § 13.3.
22  Significantly, subparagraph 13.3 also says that if the County has not accepted or rejected within
    10 days, "the County shall be deemed to have issued its Acceptance of such Deliverable . . . ."
23  Given that the Amended Complaint alleges that "Much of the work described in these
    Deliverables had been purportedly completed by Deloitte for more than one year," the County's
24  acceptance period under this particular provision would have been long expired, and any
    "Acceptance" documents would be of no contractual significance at all.  If the County is alleging
25  that Culver's signature constituted the County's "Acceptance" under subparagraph 13.3, and that
    deemed Acceptance under 13.3 had not occurred, it should so allege.  But Culver should not have
26  to guess whether the County is referring to subparagraph 13.3 when the County never so alleges,
    and when its complaints in the case appear to be about software components (*see, e.g.,* Am.
27  Compl. ¶¶ 105-110) – which means section 13.3 would not apply.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)          - 10 -

26482\2619400.1

551 F.3d 1156, 1161 (9th Cir. 2009) ("the complaint must 'set forth what is false or misleading about a statement, and why it is false.'").  Moreover, it is insufficient to broadly refer to a group of forms and say that the work was "defective," "sub-standard," "delinquent," "deficient," or "incomplete"; even if some work on the project was defective, delinquent, etc., that would not render each of the forms a fraudulent statement.  More particularity is required.

Third, the allegation does not identify the recipient of the fraudulent statement.  Was this a document that Culver simply handed back to Deloitte for its files?  If so, there was no fraud. Particularity in fraud pleading requires identifying who heard or was the recipient of the allegedly false statement.  *Moore,* 885 F.2d at 540; *Abarca v. Merck & Co.,* No. 1:07-CV-00388, 2010 U.S. Dist. LEXIS 26423, *35 (E.D. Cal. Mar. 16, 2010) (requiring the plaintiff to specify the recipient of each allegedly fraudulent statement).[7]  "[T]o the County and the public" (Am. Compl. ¶ 130) is not specific.

The Amended Complaint next alleges that Culver approved certain Deliverables that did not meet the requirements set out in the Implementation Services Agreement between the County and Deloitte  ("ISA") because they lacked sufficient documentation.[8]  But, it is not clear how Culver misrepresented the documentation provided with the Deliverables simply by signing the

---

[7]  In the related case filed earlier in state court, the Superior Court found that the claims against Deloitte were not pleaded with the required specificity, and specifically noted the failure to plead who at the County allegedly heard and relied on the alleged misrepresentations.  *See* Mayhew Decl., Exh. B (Order re Deloitte's Demurrer To And Motion To Strike Portions Of The Complaint, dated October 11, 2010) at p. 14 ("again fails to allege who made the representation to whom"); pp. 16-17 ("the complaint does not adequately allege *to whom* [emphasis in original] specific statements were made."); ("none of the allegations identifies any specific individual who relied on the representations at issue, and the allegations likewise fail to identify specific individuals to whom the representations at issue were made. . . . In sum, the Complaint does not adequately plead who at the County relied on Deloitte's misrepresentations."); *see also* FED. R. EVID. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information."); FED. R. EVID. 201(b) (a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" may be judicially noticed).  The County's failure to plead this information after already having lost a motion on this precise issue in what is essentially the same case – and after amending in response to an earlier motion to dismiss by Culver – suggests that the County is unable to so plead, because their fraud claim is meritless.

[8]  Complaint ¶¶ 133-34 (DED07, DED09, DED28).

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)            - 11 -

1   Deliverables. Taking DED07 for example, there are no affirmative statements on the face of the

2   document regarding the documentation provided with the Deliverable. Mayhew Decl., Exh. C

3   (attaching copy of DED07). As with the allegedly defective Deliverables, the County does not

4   identify the statement alleged to constitute the misrepresentation, identify the recipient of the

5   statement, or explain how it is false.

6          Finally, the County alleges that Culver misrepresented he had authority to approve

7   Deliverables that he signed after March 1, 2007,[9] but again fails to allege the specific statement

8   underlying the misrepresentation, explain why the statement was false, or identify the recipient of

9   the statement. For example, the County alleges that in signing DED01 Culver misrepresented

10  that he had the authority to approve the Deliverable. Am. Compl. ¶ 166. However, no

11  affirmative statement regarding Culver's authority appears on the face of DED01 and there is no

12  indication otherwise detailing the specifics of the alleged fraud. Mayhew Decl., Exh. D

13  (attaching copy of DED01). And again, to whom was the misrepresentation made? The County

14  knew what Culver's position was and could not have been fooled, if the claim is that Culver was

15  fooling anyone about his job authority.

16         To further complicate matters, the County indicates by using words like "included" that its

17  allegations that Culver made misrepresentations in signing several Deliverables are not

18  necessarily limited to those Deliverables specifically identified in the Amended Complaint,

19  rendering their allegations more vague and unspecific. *See e.g.* Am. Compl. ¶ 127

20  ("Mecklenburg obtained Culver's 'sign-off' approval for various work . . ."), ¶ 132 ("Such

21  Deliverables included . . . "), ¶ 166 ("The unauthorized Deliverables that Culver signed and

22  thereby misrepresented he had the authority to approve included . . ."), ¶ 177 ("Included in this

23  batch of sign-off documents was DED47 . . ."). The County's fraud and breach of fiduciary duty

24  claims against Culver should be dismissed under Rule 9(b) for failure to allege with specificity

25  each of the fraudulent statements in each Deliverable.

26

27

28  [9] Complaint ¶ 166 (DED01, DED40, DED50), ¶ 169 (DED23, DED46, DED49), ¶ 174 (DED30).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT (Case No.: 3:11-cv-00381-SI)          - 12 -

26482\2619400.1

## 2.     "Oral misrepresentations"

The Amended Complaint next alleges that Culver "also made oral misrepresentations to County officials concerning the status of the Project, to induce the County to proceed with the Release II go-live," but it gives only a single example of such conduct. Am. Compl. ¶ 135.  The general statement (i.e., everything other than the specific example) is improperly pleaded because it does not identify the statements made, dates, places, and participants in the conversation. *In re GlenFed,* 42 F.3d at 1547 n.7.  As to the single example – a December 29, 2006 conversation where Culver said to Matthew Hymel "that generally things were going well" – the Amended Complaint alleges that this is false because Culver described his day on the Project as "hell." Am. Compl. ¶ 135.  The Amended Complaint seems to imply that what Culver said was false, though it does not explain why the fact that Culver had a bad day meant that things were not "generally . . . going well."  Nor does it provide particulars like where the conversation took place, or the time of day.  If Culver told Hymel that things were "generally" going well on the project in the morning, and then subsequently had a bad day, then the statement was not false when made – even if a single bad day could mean that things "generally" were not going well. *See Ronconi v. Larkin*, 253 F.3d 423, 433 (9th Cir. 2001) (the court found inadequate the plaintiffs' allegations that the defendant falsely alleged that "sales growth was accelerating" because the plaintiffs failed to show the statement was false by describing what sales actually did or identifying documents or facts showing the defendants actually knew growth was not accelerating).  The requirement of particularity winnows out cases of false innuendo and requires the details, so that those details can be examined to see if they state a claim for fraud at all. Neither the vague reference to oral misrepresentations generally, or Culver's general statement about the project at some point on the same day that he was having a hard day, meet the Rule 9(b) standard.

## 3.     Change Orders and Contracts

The Amended Complaint next identifies Culver as having approved, signed, or encouraged others to execute a handful of contract documents.  Paragraphs 146 and 153 each state that Culver signed a Change Order, but neither allege that there was anything false or

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

- 13 -

26482\2619400.1

misleading about each Change Order, much less specify what was false and why it was false. Paragraph 151 states that Culver "approved contracts on behalf of the County to retain SAP fund management and inventory consultants," but does not identify any falsity. The Amended Complaint does not say whether the Change Order or contracts contained false statements, or what was false about the statements, and so this allegation does not support the fraud or breach of fiduciary duty claims.

Paragraph 160 says that Culver "deceived" Matthew Hymel, Richard Arrow, and John Hill "into seeking BOS approval to enlarge the Project budget . . . for services that Culver knew had been improperly performed, would be improperly performed or not performed at all." The Amended Complaint says that Hymel didn't want to provide the funding, but "finally relented" after being induced "by Culver's intentional misrepresentations concerning Deloitte's and the SAP Defendants' past performance on the Project." Am. Compl. ¶ 160. In paragraph 161 the County alleges that Culver made edits to a letter to the BOS to minimize Deloitte's shortcomings. But again, the Amended Complaint does not identify what Culver said that was allegedly false, why it was false, when it was said, who was present, where the statement took place, and so on. Particularity is lacking, so this allegation cannot support the fraud claim.

Finally, in paragraph 178, the County alleges that Culver approved "numerous Project invoices." The Amended Complaint does not identify these as false statements, identify which invoices are allegedly false or identify and explain what about them is false.

### 4.    "Concealed Material Facts"

The fraud claim is also based on the general allegation that Culver "concealed material facts (that he was obligated as a County officer to disclose) from[] County officials . . . ." Am. Compl. ¶ 232. Although the Amended Complaint identifies that the concealment is based on Culver's failure to report that he was having dinner with Deloitte employees, it does not explain who Culver concealed these dinners from, what he did to conceal them, how the concealment was misleading, or how the concealed facts made his representations misleading. Am. Compl. ¶¶ 122, 145. Where a plaintiff alleges fraudulent concealment by the defendant, he must plead the facts omitted and the way in which the facts made the representation misleading. *Rubke,* 551 F.3d at

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)                - 14 -                                    26482\2619400.1

1162 (under 9(b), "[a] securities fraud complaint based on a purportedly misleading omission must 'specify the reason or reasons why the statements made by [the defendant] were misleading or untrue, not simply why the statements were incomplete.'"); *Wessa v. Watermark Paddlesports, Inc.,* No. C06-5156, 2006 U.S. Dist. LEXIS 32412, *10-11 (W.D. Wash. May 22, 2006) ("To the extent the Plaintiffs allege an omission (failure to disclose intent to change business location) as a fraudulent inducement or negligent misrepresentation, *Rule 9(b)* mandates the pleading set forth the type of facts omitted and the way in which the facts made the representations misleading."). The County fails to allege how Culver's failure to notify it about his dinners with Deloitte made any representations misleading.[10]  The concealment allegation thus fails the Rule 9(b) test.

C.  **ALTERNATIVELY, THE SECTION 1090 ALLEGATIONS AGAINST CULVER FAIL BECAUSE THEY DO NOT IDENTIFY A CONTEMPORANEOUS FINANCIAL INTEREST, AND BECAUSE THEY SEEK NO RECOVERY FROM CULVER.**

The Eighth and Ninth Claims are against Culver individually, and then "All Defendants," for alleged violations of Government Code section 1090.  Even if these claims are not barred by the immunities protecting public employees, they must be dismissed because (1) the Eighth Claim fails to identify any relief (for example, damages or rescission) it seeks from Culver, and thus fails to state a claim upon which relief can be granted, (2) the Ninth Claim alleges that the County is entitled to the return of monies from Deloitte and/or the SAP Defendants, but does not identify any relief from Culver, and thus fails to state a claim upon which relief can be granted against him individually, and (3) both claims lack merit as a matter of law because Government Code section 1090 does not apply unless the alleged financial interest existed at the time of contracting.

1.  **The Eighth Claim Fails To State A Claim For Relief Against Culver.**

The Eighth Claim alleges that the contracts between the County and Deloitte, and the County and the SAP Defendants, should be declared "irrevocably null, void, and of no effect." Am. Compl. ¶ 271.  But Culver was not a party to the County-SAP contracts, or the County-Deloitte contracts.  Voiding those contracts will not change his life or legal status vis-à-vis the

---

[10]  The County alleges only in a conclusory fashion that Culver had a duty to disclose his dinners. The factual basis for the claim that he was required to disclose his meals is never articulated.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)

- 15 -

26482\2619400.1

1   County in any way.  Because it fails to plead a claim for relief that Culver can provide, the Eighth

2   Claim fails to state a claim for relief against Culver.  Fed. R. Civ. P. 8(a)(2) ("a short and plain

3   statement of the claim *showing that the pleader is entitled to relief*") (emphasis added); Fed. R.

4   Civ. P. (a)(3) ("a demand for the relief sought.").

5           **2.     The Ninth Claim Fails To State A Claim For Relief Against Culver.**

6           The Ninth Claim is captioned as being "Against All Defendants," which would

7   presumably include Culver.  (Though given the fact that Culver is individually named in the

8   Eighth Claim, which is based on the same alleged conduct and statute, this may be in error.)  But

9   the claim fails to state a claim for relief against Culver.  The claim alleges that the County is

10  entitled "to the immediate return of all monies from Deloitte and/or the SAP Defendants received

11  from the County pursuant to all contracts void by virtue of Culver's violation of California

12  Government Code Section 1090, in an amount to be determined at trial."  Am. Compl. ¶ 276.  But

13  Culver received no money from the County pursuant to those contracts, and voiding those

14  contracts has no effect on him individually.  "To survive a motion to dismiss, a complaint must

15  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

16  face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

17  U.S. 544, 570 (2007) (quotations omitted).  A claim has facial plausibility when it contains facts

18  that allow the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged.  *Id*.  The Ninth Claim fails to state a plausible claim against Culver because it

20  only seeks the disgorgement of money from Deloitte and/or the SAP Defendants.  This claim thus

21  fails to state a claim for relief against Culver and should be dismissed.

22          **3.     The Complaint Does Not Allege That Culver Was Financially
               Interested In Any Contracts At The Time They Were Made.**
23

24          To state a claim for a violation of Government Code section 1090 the complaint must

25  allege that Culver had a cognizable financial interest in a contract at the time it was made.

26  Section 1090 generally prohibits public officers and employees from entering into contracts in

27  which they are financially interested.  However, the California Supreme Court has "recognized an

28  exception to this rule where the conflict arose after the award of the contract."  *Thomson v. Call*,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)          - 16 -

26482\2619400.1

1  38 Cal. 3d 633, 645 (1985) (citing *City of Oakland v. California Const. Co*., 15 Cal. 2d 573, 577

2  (1940)).  In *City of Oakland,* the court dismissed the plaintiff's cause of action alleging a

3  violation of section 1090 because the councilman involved accepted employment with the

4  defendant **after** the council awarded the contract to the defendant.  *City of Oakland,* 15 Cal. 2d at

5  577.  Because the councilman had no interest in the contract at the time it was awarded, there was

6  no violation.  *Id.*

7    The only contracts specifically identified in the Amended Complaint are the

8  Implementation Services Agreement ("ISA") with Deloitte, and the Software License Agreement

9  ("SLA") with SAP Public Services.  Am. Compl. ¶ 58.  These agreements were executed on or

10  about March 29, 2005.  *Id.*  According to the Amended Complaint, Culver was not "recruited" by

11  SAP Public Services and Deloitte until the fall of 2006, and did not begin discussions with

12  Deloitte and SAP Public Services about potential employment opportunities until December 2006

13  and April 2007, respectively.  *Id.*  ¶¶ 116, 125, 158.  He did not accept employment from SAP

14  Public Services until approximately May 2007.  *Id.*  ¶ 179.  Thus, under the facts of the Amended

15  Complaint, Culver was not interested in the SLA or ISA at the time they were made.

16    The Amended Complaint states that Culver obtained financial benefits from Deloitte and

17  SAP Public Services from November 2006 through July 2007 when he "made and/or

18  participated" in the execution of various contracts with Deloitte and SAP Public Services.  Am.

19  Compl. ¶¶ 269-70.  However, as explained above, the Amended Complaint does not specifically

20  identify any additional contracts, apart from a vague reference to approving contracts to retain

21  "SAP fund management and inventory consultants" in January 2007.  *Id.*  ¶ 151.  There is no

22  indication that these were new contracts or that they were with SAP Public Services or Deloitte.

23  This unspecific reference does not support the allegation that Culver had a cognizable, financial

24  interest in any contract with SAP Public Services or Deloitte at the time it was made.

25    Furthermore, even if the reference demonstrated that an additional contract was entered

26  into between the County and SAP Public Services in January 2007, Culver did not begin

27  discussions with SAP Public Services about potential employment opportunities until April 2007.

28  *Id.* ¶ 158.  Under *City of Oakland,* his actions would not violate section 1090 because the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)      - 17 -

26482\2619400.1

1  employment discussions occurred after the contract was executed.  As a result, the claims alleging

2  that Culver violated section 1090 must be dismissed.

3  **IV.    <u>CONCLUSION</u>**

4      For the foregoing reasons, the Court should dismiss each of the claims against Ernest

5  Culver.

6  Dated: May 20, 2011                    FARELLA BRAUN + MARTEL LLP

7

8                                      By:    /s/ Thomas B. Mayhew
                                            Thomas B. Mayhew
9
                                        Attorneys for Defendant
10                                      ERNEST W. CULVER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CULVER'S MOTION TO DISMISS AMENDED
COMPLAINT  (Case No.: 3:11-cv-00381-SI)          - 18 -

26482\2619400.1