MATTHEW A. TAYLOR (*pro hac vice*)
PATRICK J. LOFTUS (*pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1000
Facsimile: 215.979.1020
E-mail: mataylor@duanemorris.com

STEPHEN H. SUTRO (SBN 172168)
JENNIFER BRIGGS FISHER (SBN 241321)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:    shsutro@duanemorris.com

Attorneys for Defendants
SAP AMERICA, INC. and SAP PUBLIC SERVICES, INC.

THOMAS B. MAYHEW (SBN 183539)
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
E-Mail: tmayhew@fbm.com

Attorneys for Defendant
ERNEST W. CULVER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN,<br><br>          Plaintiffs,<br><br>     vs.<br><br>DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC., and ERNEST W. CULVER,<br><br>          Defendants. | Case No.:  C-11-00381-SI<br><br>**DEFENDANTS SAP AMERICA, INC., SAP PUBLIC SERVICES, INC.'S, AND ERNEST CULVER'S STATEMENT OF NONOPPOSITION TO MOTION FOR STAY (LR 7-3)**<br><br>**Date:   July 15, 2011**<br>**Time:   9:00 a.m.**<br>**Dept.:  Courtroom 10, 19th Floor** |

Pursuant to Northern District Local Rule 7-3(b), Defendants SAP America, Inc. and SAP Public Services, Inc. (collectively "SAP"), and Defendant Ernest Culver ("Culver"), hereby submit this Statement of Nonopposition in response to Defendant Deloitte Consulting LLP's ("Deloitte") Motion to Stay ("Motion") this action pending the resolution of an earlier filed action entitled *County of Marin v. Deloitte Consulting LLP*, CIV1002787, currently proceeding in California Superior Court for the County of Marin (the "State Court Action").

Defendants SAP and Culver do not oppose and support Deloitte's Motion for Stay. A stay pending the outcome of the State Court Action will conserve the parties' resources and promote judicial economy.

First, as demonstrated by Deloitte's moving papers, a stay of discovery in this case will allow the State Court Action to run its course and thereby focus, narrow the scope of, and potentially end this burdensome litigation, while preserving the parties' and the Court's resources.

As discussed extensively in the Motion, both lawsuits filed by Plaintiff County of Marin ("the County") concern alleged problems with Deloitte's installation of a replacement computer system for the County. If Deloitte is correct that it is not responsible for whatever, if anything, might be wrong with the County's computer system, and Judge Herlihy so rules in the State Court Action, then that determination should end this case. That is because, as explained at length in the Motion, the gravamen of the County's Amended Complaint in this case is that the Defendants conspired to hide Deloitte's lack of qualifications in order to induce the County to enter into an implementation agreement with Deloitte and then conspired to cover up Deloitte's mistakes during the project implementation.

Thus, if and when Judge Herlihy determines in the State Court Action that Deloitte did not fraudulently induce the County to enter into the agreement and that Deloitte did not subsequently breach its agreement, the County will be precluded from arguing the existence of the conspiracy in this proceeding, thereby mooting the claims against SAP and Culver.

Second, not only will judicial economy be achieved, but a stay will avoid expensive, time-consuming, and unnecessary proceedings.

To be sure, the SAP Defendants and Defendant Culver very much want their day in Court and the opportunity to defeat the County's ridiculous allegations, which were accompanied by inaccurate public statements and much fanfare. But, as Deloitte notes, the State Court Action is well underway. Motion, p. 6. SAP and Culver take comfort in the fact that the brisk pace of the State Court Action will continue under Judge Herlihy's active management. Thus, we do not believe that the stay will be necessary for an extended period of time and, when balancing the opportunity to conserve resources with the desire for resolution, we believe that a stay makes sense in light of the likelihood that it will render this litigation unnecessary.

<u>Third</u>, the stay will allow time for a determination of whether the County may state a claim against Defendants, as well as the best course for discovery should it ever occur. The SAP Defendants and Culver have both filed Motions to Dismiss the County's Amended Complaint that will be heard in August, 2011. We believe that there are serious defects with the County's allegations, as reflected in the motions. A stay of proceedings will allow the Court to determine the adequacy of the Amended Complaint before expensive and potentially misdirected discovery is undertaken.

<u>Finally</u>, a stay will not prejudice the County. The County, like the Court and Defendants, will benefit from the efficiencies of allowing the State Court Action to resolve before diving headlong into this action. In the unlikely event that Judge Herlihy rules in favor of the County and against Deloitte, the parties may then litigate the claims raised in this proceeding. (The SAP Defendants and Culver will not be bound by any rulings made or facts established in the State Court Action since they are not parties to that proceeding and since they have not agreed to be bound by those proceedings. *E.g., Taylor v. Sturgell,* 553 U.S. 880 , 888 (2008) ("a litigant is not bound by a judgment to which she was not a party"); Wright & Miller, *Federal Practice & Procedure*, § 4449, Parties Bound-Basic Principles (2011) ("[t]he basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound"). Only after the State Court Action resolves, however, will the parties be assured that this litigation will not be a costly, unnecessary endeavor.

/ / /

/ / /

In sum, a stay of proceedings should be entered pending the outcome of the State Court Action. Once the stay has expired, and assuming that the pleadings are at issue, the Court may evaluate this matter and, as appropriate, set a schedule for discovery.

DUANE MORRIS LLP

Dated: May 27, 2011         By:        /s/ Stephen H. Sutro
                                       Matthew A. Taylor
                                       Patrick J. Loftus
                                       Stephen H. Sutro
                                       **Attorneys for Defendants SAP America, Inc. and SAP Public Services, Inc.**

FARELLA BRAUN + MARTEL LLP

Dated: May 27, 2011         By:        /s/ Thomas B. Mayhew
                                       Thomas B. Mayhew
                                       **Attorneys for Defendant Ernest Culver**

Attestation: The filer of this document attests that the concurrence of the other signatories thereto has been obtained.