MARK P. RESSLER *(pro hac vice)*
R. TALI EPSTEIN *(pro hac vice)*
MICHAEL A. HANIN *(pro hac vice)*
RONALD R. ROSSI *(pro hac vice)*
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:    (212) 506-1700
Facsimile:    (212) 506-1800
mressler@kasowitz.com
tepstein@kasowitz.com

PATRICK K. FAULKNER (SBN 070801)
County Counsel
SHEILA SHAH LICHTBLAU (SBN 167999)
Deputy County Counsel
3501 Civic Center Drive, Room 275
San Rafael, California 94903
Telephone:    (415) 499-6117
Facsimile:    (415) 499-3796
pfaulkner@co.marin.ca.us
slichtblau@co.marin.ca.us

Attorneys for Plaintiff
COUNTY OF MARIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN, | No. CV11-0381-SI |
| Plaintiff, | PLAINTIFF COUNTY OF MARIN'S OPPOSITION TO DEFENDANT SAP's SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE |
| v. | |
| DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC. and ERNEST W. CULVER, | Date:  September 9, 2011<br>Time:  9:00 a.m.<br>Place: Courtroom 10, 19th Floor, 450 Golden Gate Avenue, |
| Defendants. | Judge: Hon. Susan Illston |

## **OPPOSITION TO SAP'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

Plaintiff County of Marin (the "County") hereby submits this opposition to the

supplemental request of defendants SAP America, Inc. and SAP Public Services, Inc.

OPPOSITION TO DEFENDANT SAP's SUPPLEMENTAL REQUEST FOR JUDICIAL
NOTICE

1  (collectively, "SAP") for judicial notice of documents annexed to SAP's request and available on
2  the County's website (the "Supplemental Documents").  For the reasons set forth herein, the
3  County respectfully requests that the Court take notice of only the undisputed facts in the
4  Supplemental Documents, and deny SAP's baseless and improper request to draw inferences and
5  conclusions from those facts in connection with SAP's motion to dismiss the County's complaint
6  ("SAP's Motion").

## I. ARGUMENT

8        On July 29, 2011, SAP – contemporaneous with filing its reply brief in support of its
9  motion to dismiss the complaint – requested, for the first time, that this Court take judicial notice
10 of the Supplemental Documents in connection with SAP's Motion.  Although the Supplemental
11 Documents are public records of which the Court may take judicial notice, SAP further asks the
12 Court to draw inferences in SAP's favor from neutral facts contained within the Supplemental
13 Documents.  This is categorically impermissible.
14       Simply stated, courts may not draw conclusions from judicially noticed facts on disputed
15 issues.  *Darensburg v. Metro. Transp. Comm'n*, 2006 U.S. Dist. LEXIS 97900, at *7 (N.D. Cal.
16 Jan. 20, 2006) ("To the extent that these documents are public records or records of a public entity
17 that contain undisputed facts, they are judicially noticeable.  The Court, however, declines
18 Defendant's invitation to take judicial notice of the complex *inferences* that Defendant would have
19 it draw from the facts contained in those documents – inferences which Plaintiffs vigorously
20 dispute") (emphasis in original); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974
21 (E.D. Cal. 2004) (holding that a court "may take judicial notice of the existence of certain matters
22 of public record," but "may not take judicial notice of one party's opinion of how a matter of
23 public record should be interpreted").  Here, SAP asks the Court to conclude that SAP could not
24 have conspired with Deloitte to defraud the County from the fact (posted on the County's website)
25 that software implementers other than Deloitte made presentations to the County to implement
26 SAP software.  *See* SAP Reply Br. at 1-2.  The speculative, self-serving inference that SAP seeks
27 to draw from this fact is completely wrong, as the County will demonstrate at the appropriate time:

2
OPPOSITION TO DEFENDANT SAP's SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

discovery and trial.[1]  Relevant here, however, is that SAP's speculative inference is not a matter for judicial notice.  SAP cannot make factual arguments, under the guise of judicial notice, to refute the County's well-pleaded allegations.  *See Del Puerto Water Dist. v. United States Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("To the extent [judicially noticed documents'] contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice").

Tellingly, SAP argued in its opening brief that a Court may not draw inferences from judicially noticed facts and relied on *Menjivar v. Trophy Props. IV DE, LLC*, 2006 U.S. Dist. LEXIS 76245, at * 29 (N.D. Cal. Oct. 6, 2006), which held that "[t]he Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.  But a court may not take judicial notice of a fact that is subject to reasonable dispute" (internal citations omitted).  (*See* SAP Op. Br. at 15.)[2]

---

[1] The Complaint alleges that SAP and Deloitte engaged in an Enterprise designed to defraud the County and other public sector clients by, among other things, jointly touting their respective capabilities to the County. (*See, e.g.*, Compl. ¶¶ 1-7.) This included SAP touting Deloitte as the "go to" SAP partner with "excellent capabilities" and a "significant industry edge in industry, functional, and geographic market knowledge, experience, and competency" to implement SAP software. SAP also endorsed Deloitte as a Global SAP Partner and routinely bestows upon Deloitte awards and accolades, including the "SAP Services Partner Award of Excellence." (Compl. ¶ 26.) The false inference that SAP seeks from the fact that other software implementers sought to implement SAP software for the County ignores that none of the other software implementers listed on the County's website (Siemens, EA Consulting, and Ariston & EPI-USE) was touted by SAP in a manner that remotely approximated SAP's false representations regarding Deloitte. This is because, as discovery will demonstrate, Deloitte deliberately favored Deloitte over other vendors precisely because SAP and Deloitte were engaged in the Enterprise to defraud public sector clients.

[2] The County distinguished *Menjivar* on its facts in its opposition. (See County Opp'n at 19 n. 20.)

3
OPPOSITION TO DEFENDANT SAP's SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

## II. CONCLUSION

For the foregoing reasons, to the extent the Court takes judicial notice of the Supplemental Documents, the County respectfully requests that the Court reject SAP's motion to draw inferences from the undisputed – and unquestionably neutral – facts contained within those Supplemental Documents.

DATED: August 26, 2011                    KASOWITZ, BENSON, TORRES
                                          & FRIEDMAN LLP


                                          By:   /s/ Mark P. Ressler
                                                Mark P. Ressler
                                                Michael A. Hanin


                                          *Attorneys for Plaintiff County of Marin*