1  KASOWITZ, BENSON, TORRES &
   FRIEDMAN LLP
2  Mark P. Ressler (*pro hac vice*)
   mressler@kasowitz.com
3  R. Tali Epstein (*pro hac vice*)
   tepstein@kasowitz.com
4  Michael A. Hanin (*pro hac vice*)
   mhanin@kasowitz.com
5  1633 Broadway
   New York, NY  10019
6  Telephone:  212.506.1700
   Facsimile:  212.506.1800
7
   Attorneys for Plaintiff
8  County of Marin

9
   DUANE MORRIS LLP
10 Matthew A. Taylor (*pro hac vice*)
   mataylor@duanemorris.com
11 Patrick J. Loftus (*pro hac vice*)
   Stephen H. Sutro (SBN 172168)
12 shsutro@duanemorris.com
   Jennifer Briggs Fisher (SBN 241321)
13 One Market, Spear Tower, Suite 2200
   San Francisco, CA  94105-1104
14 Telephone:  415.957.3000
   Facsimile:  415.957.3001
15
   Attorneys for Defendants
16 SAP America, Inc. and SAP Public Services,
   Inc.

17

18

19

20

21

22

23

24

25

26

27

28

BINGHAM MCCUTCHEN LLP
Donn P. Pickett (SBN 72257)
donn.pickett@bingham.com
Robert A. Lewis (SBN 83630)
robert.lewis@bingham.com
Geoffrey T. Holtz (SBN 191370)
g.holtz@bingham.com
David C. Beach (SBN 226972)
duff.beach@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendant
Deloitte Consulting LLP

FARELLA BRAUN + MARTEL LLP
Thomas B. Mayhew (SBN 183539)
tmayhew@fbm.com
Christina Hollander (SBN 267292)
chollander@fbm.com
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  415.954.4400
Facsimile:  415.954.4480

Attorneys for Defendant
Ernest W. Culver

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| County of Marin,<br><br>      Plaintiff,<br><br>    v.<br><br>Deloitte Consulting LLP, SAP America, Inc.,<br>SAP Public Services, Inc., and Ernest W. Culver,<br><br>      Defendants. | No. CV-11-381-SI<br><br>JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT<br><br>Date:      September 9, 2011<br>Time:     2:30 p.m.<br>Place:    Courtroom 10, 19th Floor<br>Judge:   The Honorable Susan Illston |

A/74500774.6/2011543-0000341735

### 1.  Jurisdiction and Service

This court has subject matter jurisdiction over the County of Marin's ("the County" or "Marin") Racketeer Influenced and Corrupt Organizations Act (RICO) claims pursuant to 18 U.S.C. § 1964 and 28 U.S.C. § 1331, and has supplemental jurisdiction over Marin's state law causes of action pursuant to 28 U.S.C. § 1367.  No known issues exist regarding personal jurisdiction, and each party has been served.  With respect to venue, Deloitte Consulting has moved to reassign the claims against it to a referee pursuant to its contract with Marin.  Marin has opposed Deloitte's motion to reassign on, among other grounds, the ground that this Court has discretion to hear these claims to, among other things, avoid the likelihood of inconsistent results; especially in light of the fact that Deloitte is alleged to be a member of a RICO enterprise consisting of two other members who are indisputably before this Court.

### 2.  Facts

In April 2004, the County of Marin issued a Request for Proposal ("RFP") seeking bids to install Enterprise Resource Planning ("ERP") software.  On June 7, 2004, Deloitte Consulting LLP, along with 13 other bidders, submitted a bid with SAP to assist with the installation of SAP ERP software for Marin.  In September, the potential software providers, including SAP, Oracle and PeopleSoft, and the competing consulting vendors gave oral presentations to Marin.  In December 2004, Marin notified SAP of its selection as software provider and Deloitte Consulting of its selection as vendor for Marin's ERP installation.

Marin contends that, at the time Deloitte and the SAP Defendants jointly bid to assist in the implementation of SAP ERP software, Deloitte and the SAP Defendants were engaged in an illegal scheme to defraud governmental entities (such as Marin) by falsely represented that Deloitte, by virtue of its "alliance" with the SAP Defendants, was uniquely qualified to properly implement SAP ERP software. Marin further contends that, as part of their scheme, Deloitte and the SAP Defendants targeted Marin by misrepresenting Deloitte's SAP ERP skills and experience and that, as a result of these misrepresentations, obtained a highly lucrative public sector implementation contract for Deloitte, and licensing, maintenance and support contracts for the SAP Defendants.  Defendants dispute these contentions.

On March 29, 2005, Marin signed an Implementation Services Agreement ("ISA") with Deloitte Consulting and a Software License Agreement ("SLA") with SAP Public Services, Inc. The ERP installation began in May 2005.  The implementation included two "go-lives" or "releases" — "Release I" on July 3, 2006 and "Release II" on January 3, 2007.  Deloitte Consulting completed its work for Marin in November 2007.  In July 2007, after consent had been obtained from the County of Marin, SAP hired the County's former project director, Defendant Ernest Culver ("Culver"), to work for SAP Public Services, Inc.

Marin contends that at the time that Deloitte Consulting purportedly "completed its work" and SAP obtained the "consent" of Marin to hire Culver, Marin was not aware of the alleged efforts of Deloitte and the SAP Defendants to corruptly influence Culver in the conduct of his official duties for Marin.  Marin alleges these efforts included, among other things, holding out to Culver the promise of lucrative private sector employment and repeatedly entertaining him with lavish meals at the same time that Culver was responsible for approving Deloitte's work and ensuring that Deloitte and the SAP Defendants got paid.

Four years after the initial go-live of the SAP system, and after paying Deloitte more than $11 million in consulting fees, and the SAP Defendants more than $4 million in licensing and other fees, Marin contends the County concluded that the SAP system needed to be replaced because Marin contends it could not perform its basic financial, payroll and human resources functions.

Although the pleadings are not yet settled, factual disputes currently anticipated include:

- whether the SAP Defendants and Deloitte Consulting were an associated-in-fact "enterprise" from April 2004 through November 2007;
- whether the SAP Defendants or Deloitte Consulting misrepresented Deloitte Consulting's skills and experience as an SAP integrator;
- whether Deloitte Consulting breached its contract with Marin;
- whether Deloitte Consulting and/or the SAP Defendants concealed problems with the ERP implementation;
- whether Deloitte Consulting and/or the SAP Defendants offered bribes to Ernest

Culver with the intent to influence him in respect to the discharge of certain acts, decisions and opinions and other proceedings, in violation of laws of the State of California;

- whether Deloitte Consulting and/or the SAP Defendants traveled in interstate commerce with the intent to commit or otherwise promote the commission of bribery, as proscribed by the laws of the State of California at Cal. Penal Code § 67, and thereafter committed bribery, or otherwise by overt act promoted such unlawful activity, in violation of 18 U.S.C. § 1952;

- whether Ernest Culver breached his fiduciary duty and duty of loyalty to Marin;

- whether Deloitte Consulting and/or the SAP Defendants aided and abetted Culver's alleged breaches of his fiduciary duty and duty of loyalty to Marin;

- whether Ernest Culver knowingly made false representations to Marin regarding the status of the work Deloitte Consulting performed for the County;

- whether Deloitte Consulting and/or the SAP Defendants aided and abetted Culver's alleged fraud against Marin;

- whether, pursuant to California Government Code § 1090, et seq., any contracts at issue are irrevocably null, void, and of no effect based on Culver's conflicted status;

- whether Deloitte Consulting and the SAP Defendants conspired regarding Ernest Culver's employment with SAP

### 3. Legal Issues

As this matter is at the pleadings stage, the current legal issues relate to the pending motions addressed below.

### 4. Motions

Currently pending before this Court are Deloitte Consulting's Motion for Stay Pursuant to *Colorado River* Abstention Doctrine and, in the alternative, Deloitte Consulting's Motion to Reassign Action to Referee. The Court heard argument on these motions on July 15, 2011. In addition, the SAP Defendants and Culver filed motions to dismiss that are set for hearing on September 9, 2011 at 9 a.m. If the Court does not stay this action, Deloitte Consulting

JOINT CASE MANAGEMENT CONFERENCE STATEMENT CV-11-381-SI

anticipates filing a motion to dismiss, and the forum for that motion will depend on the outcome of the Motion to Reassign.

### 5.      Amendment of Pleadings

The original complaint in this action was filed on December 16, 2010.  After the SAP Defendants and Culver filed motions to dismiss, and in lieu of filing briefs opposing those motions, on April 6, 2011 Marin filed an Amended Complaint.

### 6.      Evidence Preservation

Pursuant to the ISA, Marin was the custodian of all implementation project records, including documents created by Deloitte Consulting.

Upon learning of the potential for litigation regarding the ERP installation for Marin, Deloitte Consulting issued a litigation hold to all then-current personnel who had participated in the implementation project.  Deloitte Consulting collected project-related documents, if any, from all such personnel, as well as documents relating to risk management for the implementation.

Upon learning of the litigation filed by Marin, the SAP defendants issued a litigation hold to all then-current personnel who were involved with the project.

Marin timely has taken steps to preserve evidence related to the events at issue.

### 7.      Disclosures

Pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"), each defendant has objected to initial disclosures as premature prior to resolution of the currently pending motions.  Marin contacted defendants to meet-and-confer regarding the scope of and timing for initial disclosures. Defendants advised Marin of their intended objections that such disclosures are premature pending the outcome of the pending motions.  Marin contends defendants have ignored their obligations under Rule 26 and as a result Marin has not provided any disclosures of its own. Defendants contend their objections stated in the Proposed Discovery Plan filed herewith fulfill their obligations under Rule 26.

### 8.      Discovery

Discovery has not yet begun in this action.  The defendants agree that prior to resolution

JOINT CASE MANAGEMENT CONFERENCE STATEMENT CV-11-381-SI

1    of the currently pending motions, it is premature to conduct discovery or set a discovery plan.

2           Plaintiff notes that discovery is not stayed in this action and contends that the Defendants

3    should be ordered immediately to meet-and-confer with plaintiff on a discovery plan and

4    thereafter engage in discovery in accordance with a Court-ordered discovery schedule and their

5    respective obligations under the Federal Rules of Civil Procedure.

6                    **9.      Class Actions**

7           This is not a class action.

8                    **10.     Related Cases**

9           *County of Marin v. Deloitte Consulting LLP*, case number CIV 1002787, is currently

10   pending in the California Superior Court for the County of Marin.  That action was filed on May

11   28, 2010.  By agreement between Marin and Deloitte Consulting, the Honorable John F. Herlihy,

12   Ret., was appointed as referee to decide the case pursuant to California Code of Civil Procedure

13   § 638 and § 17.14 of the ISA.  Judge Herlihy sustained Deloitte Consulting's demurrers to

14   Marin's fraud in the performance, professional negligence and negligent misrepresentation

15   causes of action, leaving at issue Marin's fraud in the inducement and contract claims against

16   Deloitte Consulting.  Discovery is under way in that matter.

17                   **11.     Relief**

18          Plaintiff seeks statutory treble actual, economic, consequential and compensatory

19   damages of no less than $90 million, or in the alternative, actual, economic, consequential, and

20   compensatory damages of no less than $30 million.  Plaintiff also seeks rescission of all contracts

21   made in violation of California Government Code § 1090 *et seq.*  Plaintiff also seeks punitive

22   and/or exemplary damages, pre-judgment and post-judgment interest and reasonable attorneys'

23   fees.

24                   **12.     Settlement and ADR**

25          Marin and Deloitte Consulting participated in an unsuccessful mediation before mediator

26   Eugene Lynch prior to the County's filing of the *County of Marin v. Deloitte Consulting LLP*

27   lawsuit in Marin Superior Court.  The defendants believe that ADR is premature prior to the

28   resolution of the current pending motions.  The defendants have complied with ADR L.R. 3-5.

Plaintiff is willing to engage in ADR.

### 13.    Consent to Magistrate Judge For All Purposes

The parties did not unanimously consent to proceed before a magistrate judge.

### 14.    Other References

As discussed above, Deloitte Consulting's alternative motion to reassign the claims against it to Judge Herlihy pursuant to the reference provision in the ISA is currently pending before this Court.

### 15.    Narrowing of Issues

Prior to resolution of the pending motions, the parties agree that it is premature to further discuss narrowing issues.

### 16.    Expedited Schedule

Prior to resolution of the pending motions, the defendants agree that it is premature to discuss further scheduling.  Plaintiff believes that the parties should be ordered to submit a discovery plan.

### 17.    Scheduling

Prior to resolution of the currently pending motions, the defendants agree that it is premature to schedule dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference or trial.  Plaintiff believes that the parties should be ordered to submit a discovery plan that sets dates certain for the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

### 18.    Trial

Marin seeks a jury trial in this action.  Deloitte Consulting contends it is entitled to a bench trial pursuant to section 17.14 of the ISA.

### 19.    Disclosure of Non-party Interested Entities or Persons

Each party has filed the Certification of Interested Entities of Persons required by Civil Local Rule 3-16.

Defendant Deloitte Consulting LLP is a subsidiary of Deloitte LLP.  Deloitte LLP does not have a parent corporation.  Deloitte Consulting LLP and Deloitte LLP are not corporations.

No publicly held corporation owns ten percent or more of Deloitte Consulting LLP or Deloitte LLP.

Defendant SAP Public Services, Inc., is a wholly owned subsidiary of SAP America, Inc. Defendant SAP America, Inc. is a wholly owned subsidiary of SAP AG, a corporation formed under the laws of Germany.  No other publicly held company owns ten percent (10%) or more of SAP America, Inc.'s stock.

Defendant Culver knows of no other persons or associations that have a financial interest or any kind of interest in the outcome of the litigation.

Plaintiff County of Marin is a political subdivision of the State of California.

### 20.    Other Matters

Prior to resolution of the currently pending motions, the parties have not identified any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

DATED:  September 2, 2011

Kasowitz, Benson, Torres & Friedman LLP


By:_____/s/ *Mark P. Ressler*_____
        Mark P. Ressler
        Attorneys for Plaintiff
        County of Marin

DATED:  September 2, 2011

Bingham McCutchen LLP


By:_____/s/ *Robert A. Lewis*_____
        Robert A. Lewis
        Attorneys for Defendant
        Deloitte Consulting LLP

A/74500774.6/2011543-0000341735

7

JOINT CASE MANAGEMENT CONFERENCE STATEMENT CV-11-381-SI

DATED:  September 2, 2011

Duane Morris LLP


By:_____/s/ *Stephen H. Sutro*_____
Stephen H. Sutro
Attorneys for Defendants
SAP America, Inc. and SAP Public Services, Inc.

DATED:  September 2, 2011

Farella Braun + Martel LLP


By:_____/s/ *Thomas B. Mayhew*_____
Thomas B. Mayhew
Attorneys for Defendant
Ernest W. Culver

Pursuant to General Order 45.X.B., the filer hereby attests that concurrence in the filing of the document has been obtained from the signatories.