**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN, | No. C 11-00381 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STAY AND GRANTING DEFENDANT'S MOTION TO REASSIGN THE CLAIMS TO A REFEREE** |
| v. | |
| DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBIC SERVICES, INC., and ERNEST W. CULVER, | |
| Defendants. | |

The Court heard argument on defendant Deloitte Consulting LLP's ("Deloitte") motion for a stay pursuant to the *Colorado River* Doctrine and, in the alternative, motion to assign the claims asserted against it to a referee pursuant to California Code of Civil Procedure section 638. Having considered the papers submitted and arguments made, the Court DENIES Deloitte's motion for a stay and GRANTS Deloitte's motion to reassign the claims asserted in this case against it to a referee.

**BACKGROUND**

In May 2010, Marin County filed suit in Marin County Superior Court against Deloitte Consulting LLP ("first action"). That complaint asserted causes of action against Deloitte for breach of contract as well as various torts related to the formation and performance of the parties' Implementation Services Agreement ("ISA"). The parties entered into the ISA in 2005 based on the County's desire to implement enterprise resource planning software produced by SAP America, Inc. ("SAP") to support the County's financial and human resources management. ISA, Declaration of Gregory T. Holtz, Ex. A § 1.1. In its state court complaint against Deloitte, the County alleged that

Deloitte made misrepresentations to induce Marin to enter the ISA, failed to properly implement the SAP system, and covered up its failures. Pursuant to a provision in the ISA requiring all disputes "relating to this engagement" to be submitted to a referee under California Code of Civil Procedure section 640, the parties stipulated to a referral to former California Superior Court Judge John F. Herlihy.[1]

On December 16, 2010, Marin County filed a second action in Superior Court, alleging causes of action for violation and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Deloitte and SAP; fraud against Ernest Culver, a former Marin County official who worked with Deloitte and SAP on the ISA; aiding and abetting fraud, against Deloitte and SAP; breach of fiduciary duty, against Culver; aiding and abetting breach of fiduciary duty, against Deloitte and SAP; common law civil conspiracy, against Deloitte and SAP; violation of California Government Code section 1090, against Culver; and return of monies in violation of Government Code section 1090, against all three defendants. On January 26, 2011, defendants removed the second action to this Court and on April 6, 2011, plaintiff filed a First Amended Complaint. Plaintiff admits that the factual allegations underlying the operative complaints in both the first and second actions are similar. Marin's Opposition to Motion to Stay at 7, fn. 1.

Deloitte now moves to stay this second action under the *Colorado River* doctrine. In the alternative, Deloitte moves to have the claims asserted against it reassigned to a referee pursuant to the parties' agreement in the ISA. Marin opposes both motions.

**DISCUSSION**

**I.  Motion to Stay**

Deloitte argues that this action should be stayed pending resolution of the proceedings before Judge Herlihy because the actions are substantially similar and the *Colorado River* factors weigh in

---

[1] Significant proceedings have occurred in the first action, including a demurrer and motion to strike the initial complaint, the filing of a first and then a second amended complaint, and a demurrer -- which was sustained in part and denied in part -- to the second amended complaint. Holtz Decl., Ex. C. Motions to compel discovery responses have also been heard. *Id.*

2

favor of a stay.[2] Generally, considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may counsel granting a stay when there are concurrent state proceedings involving the same matter as in the federal district court. *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The threshold for applying the *Colorado River* doctrine is whether the two cases are substantially similar. Substantial similarity does not mean that the cases must be identical. *Nakash v. Marciano*, 882 F. 2d 1411, 1416 (9th Cir. 1989).

However, "[o]nly exceptional circumstances justify such a stay, and whether these circumstances exist is determined by weighing a complex of factors." *Intel Corp. v. Advanced Micro Devices*, 12 F.3d 908, 912 (9th Cir. 1993). The Ninth Circuit has held that the existence of a substantial doubt as to whether the state proceedings will resolve the federal action is a dispositive factor against a stay or dismissal under the *Colorado River* analysis. *See Intel Corp.*, 12 F.3d at 913; *see also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983). The non-dispositive factors enumerated in *Colorado River* and subsequent Ninth Circuit cases are: (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping. *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).

Here, Deloitte's motion founders because there is substantial doubt that the state proceedings will resolve the federal action. In this action, there are two additional defendants, including one against whom separate causes of action are alleged. As these defendants lack privity with Deloitte, they would not be bound by any determinations made by Judge Herlihy in the first action. Moreover, although the factual allegations underlying both actions are quite similar, the Court has substantial doubts that Judge Herlihy's resolution of the claims in the first action would resolve the significantly different legal claims asserted against the three defendants in this action. As an example, even if Judge Herlihy determines

---

[2] Defendants SAP and Culver filed a statement of nonopposition to Deloitte's motion for a stay. Docket No. 82.

that the alleged lavish dinners provided to Culver by Deloitte and Deloitte's role in Culver's securing a job with SAP were *not* breaches of the ISA's conflict of interest provision by Deloitte,[3] that determination would not necessarily resolve whether Culver violated Government Code section 1090 – which prohibits municipal officers from being financially interested in any contract made by them in their official capacity. Nor would it resolve the common law fraud claim asserted against Culver in this action. Therefore, even if Deloitte were to prevail before Judge Herlihy, those state court rulings would not resolve all of the claims raised in this case. Even more significantly, as noted above, if Deloitte loses the claims before Judge Herlihy, those rulings could not bind defendants SAP and Culver as to the claims against them in this action because Culver and SAP are not in privity with Deloitte for purposes of collateral estoppel.[4]

In these circumstances, the Court must DENY the motion to stay. *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (declining stay under *Colorado River* where court had substantial doubts whether state court action would resolve federal action).

## II. Motion to Reassign

In the alternative to its motion to stay, Deloitte moves to have the claims asserted against it in this action reassigned to a referee for all purposes pursuant to California Code of Civil Procedure section

---

[3] The ISA conflict of interest provision prohibits Deloitte from acquiring an interest that conflicts with its duties or creates the appearance of impropriety with respect to its performance under the ISA. *See* ISA, § 9.8.

[4] The cases Deloitte relies on in support of its motion are readily distinguishable or inapposite. *See, e.g., Attwood v. Mendocino Coast Dist. Hospital*, 886 F.2d 241, 245 (9th Cir. 1989) (holding that a stay rather than a dismissal was appropriate under *Colorado River* where there was a "possibility" that the state suit would not be an adequate vehicle for complete resolution of the issues between the parties and a "possibility" that the statute of limitations would run in meantime, but also noting that it "may be that the state proceedings will provide complete resolution of" plaintiff's claims "and it will be unnecessary to proceed further in federal court."); *Nakash v. Marciano*, 882 F.2d 1411, 1416-17 (9th Cir. 1989) (affirming *Colorado River* stay where federal court parties were identical to subset of parties in state court case and state court had concurrent jurisdiction over RICO claims); *Del Conte v. San Francisco Police Dep't*, 2007 U.S. Dist. LEXIS 31712 (N.D. Cal. Apr. 16, 2007) (entering *Colorado River* stay where pro se plaintiff's federal court claims regarding his eviction were "substantially similar" to those raised in state court and two actions involved "substantially the same" parties); *Doukas v. County of San Mateo*, 2008 U.S. Dist. LEXIS 93473 (N.D. Cal. Nov. 10, 2008) (entering *Colorado River* stay where parties in federal court were also in state court proceeding and state court's factual determination could have preclusive effect plaintiff's 42 U.S.C. § 1983 claim asserted only in federal complaint).

4

1  638.[5] Deloitte asserts that under the broad terms of the ISA's referral provision, each of the claims
2  asserted against it in this case must be reassigned. Marin argues that the RICO claims in this case fall
3  outside the scope of the ISA referral provision, and it would be unreasonable to enforce the reference
4  provision because that result would be duplicative, inefficient litigation in two forums.

The parties' ISA provides:

> a) THE PARTIES HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ALL RIGHTS TO A TRIAL BY JURY, IN ANY ACTION, PROCEEDING OR COUNTERCLAIM INVOLVING DISPUTES OR FACT OR LAW RELATING TO THIS ENGAGEMENT (EACH A "FORMAL DISPUTE'). FURTHER, THE PARTIES HEREBY AGREE TO SUBMIT ANY AND ALL FORMAL DISPUTES TO A TRIAL BY GENERAL REFERENCE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 638(A).

ISA, § 17.14.

Both sides agree that a Section 638(a) reference should be analyzed as a forum selection clause. *See also Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, 2010 U.S. Dist. LEXIS 135857 (C.D. Cal. Aug. 12, 2010) (analyzing Section 638 reference as a forum selection clause). The question here is whether the claims asserted against Deloitte in this action – civil RICO, conspiracy, aiding and abetting tortious conduct, and return of monies under Government Code 1090 – fall with the scope of the reference clause in the ISA. Marin, relying on *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988), contends that only claims which relate to the interpretation of a contract containing a forum selection clause can be included within its scope. The Court in *Manetti-Farrow*, after recognizing that forum selection clauses are equally applicable to tort and contractual claims, interpreted a forum selection clause that applied only to claims regarding "interpretation" or "fulfillment" of the contract. The forum selection clause here, however, is far broader and applies to "all disputes" "relating to this engagement." Marin does not dispute that the claims at issue in this case all "relate" to the entering into and the performance or non-performance of the ISA.

Nevertheless, even assuming that Marin's narrow interpretation of *Manetti-Farrow* is correct, the Court finds that the claims Marin asserts in this action involve the interpretation of the ISA and,

---

[5] Defendants SAP and Culver did not file an opposition, nonopposition or other response to Deloitte's motion to refer. At the hearing, SAP and Culver stated that they would not agree to refer the claims asserted against them to a referee pursuant to Section 638.

5

therefore, fall within the forum selection clause. The allegations underlying the RICO claims are that Deloitte and SAP had a coordinated enterprise to defraud Marin, but that fraud could only have occurred if defendants misrepresented their qualifications and experience – as defined in and required by the ISA – and failed to perform their duties under the ISA. Interpretation of the representations made in the ISA and performance requirements mandated by the ISA, therefore, will be required to determine whether Marin has a RICO cause of action.[6] Similarly, the aiding and abetting claims against Deloitte rest on allegations that Deloitte used Culver to cover-up the "true status of the Project" and the quality of Deloitte's work on the project – benchmarks that are controlled and defined by the ISA. Finally the common law civil conspiracy and Government Code claims rest upon allegations that the County was fraudulently induced to implement various stages of the Project and pay Deloitte for work on the project, issues affected by the interpretation of the "Project" and "Price and Payment" sections of the ISA.[7]

The Court next considers whether enforcement of the clause would be unreasonable. A forum selection clause is unreasonable if: "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, []; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court,' []; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. Ariz. 1996) (internal citations omitted) ; *see also Tarrant Bell Property, LLC v. Superior Court*, 51 Cal. 4th 538, 542 (2011) (under Section 638 courts have "discretion to deny a reference motion based on concerns about judicial economy or the possibility of conflicting rulings on a common issue of law or fact."). Here, given the posture of this case, the Court finds it would not be unreasonable to require Marin to litigate the claims

---

[6] This conclusion is supported by many of the predicate RICO acts identified in Marin's FAC. *See* FAC, ¶ 220(b) (identifying as predicate acts a conference concerning "unauthorized design changes to the County's SAP system;" and multiple requests to "sign-off on Project deliverables.").

[7] The main case Marin relies on to argue that the claims in this suit should not be covered by the reference clause is *General Envtl. Science Corp. v. Horsfall*, 753 F. Supp. 664, 667 (N.D. Ohio 1990). However, in that case the RICO claim rested on a course of ongoing business conduct, of which the contract containing the forum-selection clause was merely one of the final manifestations. That is not the case here where the relationship at issue was wholly controlled by and co-extensive with the ISA.

6

asserted against Deloitte in this action before a referee. As an initial matter, Marin is a sophisticated party which entered into a multi-million dollar contract with Deloitte to develop, test and implement a very complex financial and HR system. Marin chose to enter into the ISA with a clear understanding that it was waiving its right to jury trial and agreeing to a broad provision committing "all disputes" related to that agreement to a referee pursuant to Section 638.

Moreover, while having the claims asserted against Deloitte separated from the related claims alleged against SAP and Culver does create a risk of judicial inefficiencies and conflicting rulings, that situation was created in the first instance by Marin's choice to file a second lawsuit based on the same facts as its first. Marin could have included the current claims and parties in its first action or, at the very least, sought to amend the complaint in the first action to include the claims and parties in this action.[8] If the added defendants, SAP and Culver, refused to proceed in front of the referee the Superior Court retaining jurisdiction over the first matter would, presumably, have addressed the situation.

Finally, Marin argues that enforcement of the reference provision would be "unconstitutional" under California law because "at the time it entered the ISA," the County did not consent to refer the types of claims at issue in this case and it cannot be forced to abandon its right to trial by jury. However, as the Court noted above, the ISA broadly covers all disputes "related to" the engagement and the claims at issue here all relate to the ISA. Moreover, the ISA also contained a broad and explicit waiver of Marin's right to a jury trial for all disputes "related to" the engagement. ISA, § 17.14. If Marin wanted to carve out tort or other claims from the scope of Section 17.14 of the ISA – as Marin carved out intentional misconduct from the limitations of liability provisions, *see* ISA § 12 – it could have.

Marin also argues that because Section 17.5 of the ISA provides that the "exclusive forum and venue for all actions or proceedings arising out of, or related to, this Agreement shall be in either a state court located in the County of Marin, California or a federal court located in the Northern District of California," Marin clearly contemplated that disagreements related to the broader "Agreement" as

---

[8] Marin repeatedly argues that it filed this second action after discovering unspecified "new facts" reflecting that the County was not the only victim of Deloitte's misconduct. As Deloitte points out, all of the facts regarding the other entities relied on by Marin were known to the public by 2009 at the latest. *See* FAC, ¶¶192, 193, 200, 201, 204, 207-210.

opposed to the narrower "Engagement" covered by Section 17.14 could be tried in Court. *See* Opposition to Motion to Reassign at 20-21. There is no support for Marin's argument. A case must be filed in a court before it can be referred pursuant to Section 638. Section 17.5 simply recognizes that a dispute could be initiated in either the Marin Superior or the Northern District Courts, but it does not limit the scope of claims subject to referral under Section 17.14.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Deloitte's motion to stay but GRANTS the motion to reassign the claims against Deloitte to a former judicial officer pursuant to California Civil Code 638(a) and Sections 17.14(a) & (b) of the parties' ISA. The parties shall address how to best and most efficiently proceed with the claims remaining in this Court at the Initial Case Management Case Conference on September 9, 2011.

**IT IS SO ORDERED.**

Dated: September 6, 2011

SUSAN ILLSTON
United States District Judge