MATTHEW A. TAYLOR (*pro hac vice*)
PATRICK J. LOFTUS (*pro hac vice*)
STEPHEN H. SUTRO (SBN 172168)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail: shsutro@duanemorris.com
mataylor@duanemorris.com
loftus@duanemorris.com

Attorneys for Defendants
SAP AMERICA, INC. and SAP PUBLIC
SERVICES, INC.

MARK P. RESSLER (pro hac vice)
R. TALI EPSTEIN (pro hac vice)
**KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP**
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
Facsimile: 212.506.1800
E-Mail: mressler@kasowitz.com
tepstein@kasowitz.com
mhanin@kasowitz.com

Attorneys for Plaintiff
COUNTY OF MARIN

THOMAS B. MAYHEW (SBN 183539)
CHRISTINA HOLLANDER (SBN 267292)
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415.954.4400
Facsimile: 415.954.4480
E-Mail: tmayhew@fbm.com
chollander@fbm.com

Attorneys for Defendant
ERNEST W. CULVER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN,<br><br>Plaintiff,<br><br>vs.<br><br>DELOITTE CONSULTING LLP, SAP AMERICA, INC., SAP PUBLIC SERVICES, INC., and ERNEST W. CULVER,<br><br>Defendants. | Case No.: 11-CV-00381-SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: December 16, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 19th Floor<br>Judge: The Honorable Susan Illston |

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Plaintiff and Defendants submit this joint statement in advance of the December 16, 2011 case management conference.

**I.  Procedural Status.**

Currently pending before this Court are the SAP Defendants and Defendant Culver's Motions to Dismiss, heard by this Court on September 9, 2011. At the hearing, the Court indicated that it planned to grant the motions with leave for Plaintiff County of Marin ("the County") to file a Second Amended Complaint. The Court further indicated at the hearing that because "there certainly are claims that could be stated here . . . discovery should start." The matter was fully submitted and the parties are awaiting an order from the Court on the Motions.

On September 6, 2011, this Court granted Deloitte Consulting's motion to reassign the claims against Deloitte Consulting to a former judicial officer pursuant to California Code of Civil Procedure section 638(a) and the reference provision in the parties' contract.

**II.  Discovery Issues.**

On September 23, 2011, pursuant to the Court's guidance at the September 9, 2011 hearing, the parties filed a Report Regarding Discovery and Coordination with Related Matters. Dkt. No. 116. As set forth therein, the parties agreed to coordinate discovery with a related action pending before the Honorable John F. Herlihy (ret.) at JAMS.[1]

SAP, Culver, and Marin have met and conferred regarding the categories of documents for collection and custodians whose files should be searched for documents. The parties also served document demands and responses.

SAP, Culver, and the County have agreed on the form of production of ESI. In addition, SAP, Culver and the County have agreed on the terms of a Stipulated Protective Order and anticipate submitting it to the Court prior to December 16, 2011.

The County provided the Defendants with its document production from the related case. The parties are conferring regarding the scope of that production. The County believes that its

---

[1] *County of Marin v. Deloitte Consulting LLP*, case number CIV 1002787. The SAP Defendants and Defendant Culver are not parties to that proceeding. Discovery is under way in that matter.

production of responsive documents is almost entirely complete, and will be complete before the January 15, 2012 target date agreed upon by the parties in the Joint Status Report.

With regard to the production by SAP, the parties have agreed upon custodians and electronic search terms used for identifying potentially relevant documents.

SAP and Culver have started their production of documents. SAP and Culver are endeavoring in good faith to complete the rolling production of such documents by January 15, 2012.

Plaintiff the County and the SAP Defendants continue to confer regarding the scope of the SAP Defendants' production. The parties expect that they will be assisted in these discussions by the Court's forthcoming order on the Motions to Dismiss, the filing of a Second Amended Complaint, and the resolution of further motions addressing the Second Amended Complaint, as appropriate.

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be served by the County, the SAP Defendants, and Culver two weeks after Marin's Second Amended Complaint is filed.

## III. Further Scheduling.

The parties agree that it is premature to schedule dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference or trial. We suggest a further case management conference to address scheduling once the case is at issue.

## IV. Status of Referral to Referee.

Deloitte Consulting and County of Marin stipulated to the appointment of former California Superior Court Judge John Herlihy, now with JAMS, to serve as the designated referee, as Judge Herlihy had been serving as the referee for the related lawsuit commenced in Marin County Superior Court in May 2010. This Court signed the stipulation and order on November 3, 2011. The parties entered into a separate stipulation, signed by Judge Herlihy on November 4, 2011, setting forth the scope of the referee's powers and certain procedural matters. That second stipulation and order was filed with this Court on November 11, 2011. The referred matter is JAMS Reference No. 1110014372.

During a telephonic case management conference on November 11, 2011, Judge Herlihy

requested that the parties inquire of this Court as to the nature and scope of the documentation that Judge Herlihy should file, or direct the parties to file, with this Court regarding the proceeding before him. Deloitte Consulting and County of Marin propose that all rulings or orders on substantive matters by Judge Herlihy be filed with the Court, but that orders on routine scheduling, case management, or administrative matters need not be filed. The parties request this Court's guidance on this issue, which they will then relate to Judge Herlihy.

## V. Parties' Positions on ADR.

Pursuant to LR 16-10(d), the County is amenable to any of the following forms of Alternative Dispute Resolution: 1) Early Neutral Evaluation; 2) Mediation; 3) Settlement Conference.

The defendants believe that ADR is premature prior to the resolution of the current pending motions.

## VI. Other Issues.

<u>The County's Position Regarding Culver's Appropriation of County Property</u>:

The County recently learned that before Culver left the County's employ, he appropriated approximately 30 gigabytes of County electronic data, including the social security numbers of thousands of County employees and retirees. Specifically, Culver's counsel provided the County with a hard drive containing such data on November 8, 2011, and explained in an accompanying letter that, shortly before he left the County's employ, Culver had made a copy of the County's data, including potentially privileged information. Upon receiving the hard drive, the County immediately notified law enforcement of Culver's conduct, and was directed to turn the Culver hard drive over to the Marin County Sheriff's Office. The County is now in the process of determining the data that Culver appropriated, including the extent of employee and retiree personal information; notifying the thousands of County employees and retirees of the computer security breach caused by Culver's conduct; and taking the appropriate steps to secure the return of the data, including efforts to ascertain the extent to which Culver has used or disseminated such data. In that regard, last week the County served Culver with a deposition notice concerning his appropriation of data. In a phone call, the County provided Culver's counsel with advance notice of the deposition notice, and advised

Culver's counsel that, once Culver's counsel had considered the notice, the County was amenable to discussing the date and scope of the deposition. Thereafter, Culver's counsel advised in a letter that he would not produce Culver for deposition.

After the Culver deposition notice was served, SAP's counsel sent the County a letter, dated December 8, 2011, advising the County for the first time that SAP's counsel also has a copy of the County data that Culver appropriated. The County intends to serve a deposition notice on SAP concerning the appropriation of County data by Culver, an SAP employee.

The County intends to continue to meet and confer with Culver's counsel, and to meet and confer with SAP's counsel, to obtain their agreement concerning: (i) an appropriate order, to be presented to the Court at the December 16th Case Management Conference, requiring Culver and SAP's counsel to return all copies of County data that Culver took from the County, and to identify any persons to whom such data was provided or disseminated, or any manner in which such data was used or accessed; and (ii) depositions on the issue of the County data that Culver appropriated.

<u>Culver's Response Re Electronic Data Provided to the County</u>:

In response to the County's document requests, Culver informed the County that he had on his computer a copy of a project "shared drive." Because Culver's attorneys were informed that there might be attorney-client privilege documents on the drive, Culver's counsel asked Culver to copy the project "shared drive" from his computer and then sent the copy directly to the County without keeping a copy for themselves, and asked that the County produce the information back to all of the parties in the case after reviewing/redacting for privilege. The information is project-related and so responsive to requests that have been served on the County. The County has not produced a copy of the shared drive to Culver's counsel.

On Wednesday December 7, the County sent a deposition notice to Culver's counsel, asking that he agree to appear for two depositions: the first would be a limited deposition only on the topic of his possession of a copy of the shared drive, and the second would take place later in the case. Culver's counsel has informed the County (1) that the County should comply with the local rule requiring a party to meet and confer about deposition dates before serving a deposition notice, and that Culver is scheduled to be out of town on the date the County unilaterally selected, (2) Culver

does not see why the County needs to depart from the usual "one deposition" rule in this situation, and (3) to represent and prepare Culver for any deposition, Culver's counsel should be given access to a copy of the materials on Culver's computer before any deposition concerning those materials takes place. Culver invited the County to discuss the issue. Instead, the County sent the paragraph above as an insert to the joint case management conference statement, asking to raise the issue with the court, all without conferring with Culver's counsel.

Culver contends that the court should refuse to permit discovery issues to be raised in this haphazard and ambush manner. If the County wants approval to take two depositions of Culver, it should file a motion for leave under Federal Rule of Civil Procedure 30. If the County wants to examine Culver about his copy of the shared drive, it should produce a copy to Culver's counsel. If the County wants to schedule a deposition, it should contact the other parties and propose dates, instead of unilaterally serving a deposition notice without regard to the convenience of other parties and the witness. If there is an open law enforcement investigation, as the County asserts, that is reason why a deposition should not go forward at this time, not a reason why it should. And if the County wants to raise a discovery issue with the court, it should first satisfy its obligation to meet and confer.

SAP's Response:

Counsel for SAP informed the County that, after this litigation had commenced, counsel learned that Mr. Culver had a drive at his home containing documents from his work at the County of Marin. As a result, in order to safeguard the information, counsel for SAP retained a third-party firm to make a forensic image. *Cf. In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. 07-md-01827-SI, Pretrial Order No. 1, Master Docket No. 180, at 4, ¶ 10 (N. D. Cal. July 3, 2007) ("All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action . . . Until the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information

potentially relevant to the subject matter of this litigation").

The image has not been reviewed, copied, distributed, or otherwise accessed by SAP or its counsel. Now that Mr. Culver's information is in the County's possession, SAP counsel has asked whether the County would like counsel to continue to retain the image, to provide it to the County, or to destroy it. The County has not responded to this inquiry.

SAP does not believe a deposition on this issue is warranted but is willing to confer with the County regarding the claimed need for a deposition.

**DUANE MORRIS LLP**

Dated: December 12, 2011  By:  _____/s/_____
Stephen H. Sutro
**Attorneys for Defendants SAP America, Inc. and SAP Public Services, Inc.**

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**

Dated: December 12, 2011  By:  _____/s/_____
Mark Ressler
**Attorneys for Plaintiff County of Marin**

**FARELLA BRAUN & MARTEL LLP**

Dated: December 12, 2011  By:  _____/s/_____
Thomas B. Mayhew
**Attorneys for Defendant Ernest Culver**

Attestation: The filer of this document attests that the concurrence of the other signatories thereto has been obtained.